**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **VERNON HORN,** | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | **Case No. 3:18-cv-01502** |
| **v.** | : | |
| | : | |
| **CITY OF NEW HAVEN,** *et al*, | : | |
| | : | **September 14, 2018** |
| *Defendants*. | : | |

## PLAINTIFF'S NOTICE OF RELATED CASE

Vernon Horn was exonerated in April 2018 after spending 17 years in prison for a murder he did not commit. This is a civil action against the City of New Haven, three New Haven detectives, and a state firearms examiner, all of whose actions or omissions caused that wrongful imprisonment. Among other wrongful conduct, the New Haven Police Department (NHPD) hid 137 pages of exculpatory phone records in a detective's home basement, failed to investigate evidence that would have proven Mr. Horn's innocence, and coerced witnesses against him. Mr. Horn previously filed a case related to this one, *Horn v. Commissioner of Correction*, No. 3:17-cv-1064 (JAM). (This was the habeas corpus case that led to his eventual exoneration and release; it is now closed.) The two cases share common parties, witnesses, and documentary evidence. They arise out of the same common nucleus of facts and series of transactions. They are therefore highly related. For reasons of judicial economy, they are best adjudicated by the same judge.

## I. BACKGROUND

On September 7, 2018, Vernon Horn, who was exonerated in April 2018 after spending 17 years in prison for a murder he did not commit, filed this civil action against the City of New Haven, three New Haven detectives, and a state firearms examiner. He complied with all statutory notice requirements in doing so.

1

The central gravamen of his complaint is that the New Haven Police Department (NHPD) hid 137 pages of exculpatory phone records in a detective's home basement, failed to investigate evidence that would have proven Mr. Horn's innocence, and coerced witnesses against him. Mr. Horn was eventually convicted of murder for a shooting at the Dixwell Deli in New Haven on January 24, 1999. A cell phone stolen from the murder scene was a key piece of evidence at trial. The state claimed that Mr. Horn had taken the phone to Bridgeport, given it to his accomplice, brought it back to New Haven the next day, and lent it to a friend to make a call.

In fact, the stolen cell phone never left Bridgeport, and Mr. Horn never touched it. Evidence proving as much was readily available to the NHPD all along, but detectives never bothered to ask for it. Phone records showed that every call from the stolen cell phone was linked to the same crew of Bridgeport drug dealers. But instead of turning those records over to Mr. Horn, as the Constitution requires, the NHPD buried them in a basement. As a result, Mr. Horn spent 17 years wrongfully imprisoned in the custody of the Connecticut Department of Corrections.

This and other new evidence was discovered only because the Federal Public Defender for the District of Connecticut doggedly reinvestigated the case. The Federal Public Defender assisted Mr. Horn in filing a petition for habeas corpus in the District of Connecticut, which led to the related case, *Horn v. Commissioner of Correction*, No. 3:17-cv-1064 (JAM). In April 2018, in response to the new evidence uncovered by the investigation, the State's Attorney's Office moved to vacate Mr. Horn's conviction and dismiss the charges. Mr. Horn's co-defendant, Marquis Jackson, was also exonerated and released. On May 24, 2018, *Horn v. Commissioner of Correction*, No. 3:17-cv-1064 (JAM) was ordered closed.

These cases are closely related in that they (1) share common parties, witnesses, and documentary evidence; and (2) arise out of the same common nucleus of facts and series of

transactions. This civil action seeks damages for the wrongful investigation, detention, conviction, and imprisonment Mr. Horn suffered as a result of the defendants' conduct. *Horn v. Commissioner of Correction* was the habeas case that uncovered the facts and series of transactions by those defendants that caused Mr. Horn's wrongful imprisonment, and eventually led to his exoneration and release. In addition to sharing a common nucleus of facts and series of transactions, the cases present similar evidentiary issues. The cases share many witnesses. They share much documentary, testimonial, and other evidence. For efficiency reasons, it is obviously preferable for a judge who oversaw the habeas case that gave rise to this civil action to oversee it as well; the judge is already familiar with the case's facts, evidence, and procedural history.

## II.     TRIAL SCHEDULES

After Mr. Horn's exoneration and release, the related case *Horn v. Commissioner of Correction*, No. 3:17-cv-1064 (JAM) was ordered closed on May 24, 2018. This case, *Horn v. City of New Haven, et al.*, No. 3:18-cv-01502, has not yet been scheduled for trial.

Respectfully submitted,

*/s/ Sean K. McElligott*
Sean K. McElligott, ct27030
Matthew S. Blumenthal, ct30448
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604

Tel: 203-336-4421
Fax: 203-368-3244
Email: smcelligott@koskoff.com
mblumenthal@koskoff.com

**ATTORNEYS FOR THE PLAINTIFFS**

**CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically and served by mail or other means as required by law on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail

to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

/s/ Sean K. McElligott
Sean K. McElligott
