UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

VERNON HORN,                          :
                                      :
              *Plaintiff,*            :          CASE NO. 3:18-CV-1502 (JAM)
                                      :
              v.                      :
                                      :
CITY OF NEW HAVEN, *et al.*,          :
                                      :
              *Defendants.*           :          MAY 23, 2019

ORDER ON DISCOVERY DISPUTE

Defendant City of New Haven ("City") and the plaintiff, Vernon Horn, have sought the

Court's assistance in resolving a discovery dispute.[1] The undersigned ordered the parties to submit

letter briefs outlining the dispute (*see* Doc. No. 75), which they filed on May 17, 2019 (*see* Doc.

Nos. 78 and 79). The City objects to six of the plaintiff's production requests, which seek

investigation files from six homicide investigations that the City's Police Department conducted

in the years 1990, 1991, 1994, 2005, and 2006.[2] (*See* Doc. No. 78 at 1–2; Doc. No. 79 at 2–3).

---

[1] United States District Judge Jeffrey A. Meyer referred the parties to this Magistrate Judge to address the discovery dispute. (Doc. Nos. 74 and 75).

[2] Specifically, the City objects to the following requests:

> Production Request #12: All police reports, witness statement transcripts, witness interview recordings, and witness interview notes concerning the May 8, 1990 homicide of Terrence Gamble, of which Maceo Streater was later convicted[;]
> Production Request #13: All police reports, witness statement transcripts, witness interview recordings, and witness interview notes concerning the October 11, 1990 homicide of Ricardo Turner and Lamont Fields, of which Scott Lewis was later convicted[;]
> Production Request #14: All police reports, witness statement transcripts, witness interview recordings, and witness interview notes concerning the September 21, 1991 homicide of Andrew Paisley and Hury Poole, of which Daryl Valentine was later convicted[;]
> Production Request #15: All police reports, witness statement transcripts, witness interview recordings, and witness interview notes concerning the February 3, 1994 homicide of Daniel Taft, of which Adam Carmon was later convicted[;]
> Production Request #16: All police reports, witness statement transcripts, witness interview recordings, and witness interview notes concerning the June 23, 2005 homicide of Kevin Wright, of which J'Veil Outing was later convicted[; and]

The undersigned held a discovery dispute teleconference on May 22, 2019, during which the parties provided the Court with further argument. (*See* Doc. No. 80).

The City's objections to request numbers 12, 13, 14, 16, and 17 are overruled. This Magistrate Judge concludes that production of the documents sought in these requests could lead to the discovery of evidence that is relevant to the plaintiff's claim under *Monell v. Dep't Soc. Servs.*, 463 U.S. 658, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978). *See* FED. R. CIV. P. 26(b)(1). In his Complaint, the plaintiff establishes a good faith belief that conduct similar to that which he alleges here occurred in the homicide investigations noted in request numbers 12, 13, 14, 16, and 17. (*See* Compl. ¶¶ 86–96). The parties disputed whether conduct subsequent to the conduct at issue here could be used to establish the City's liability under *Monell*. (*See* Doc. No. 78 at 3–4; Doc. No. 79 at 4). The undersigned concludes that, when considered together with the alleged preceding conduct, the subsequent conduct could provide relevant circumstantial evidence of the City's liability under *Monell*. *See Chepilko v. City of New York*, No. 06-CV-5491 (ARR)(LB), 2012 WL 398700, at *15 n.11 (E.D.N.Y. Feb. 6, 2012) (citing *Dejesus v. Vill. of Pelham Manor*, 282 F. Supp. 2d 162, 175–76 (S.D.N.Y. 2002)).

The undersigned sustains the City's objection to request number 15. The homicide investigation noted in this request is not detailed in the plaintiff's Complaint or elsewhere. Moreover, the brief description of this case that the plaintiff provides in his letter brief does not compel the Court to conclude that production of this file will likely lead to the discovery of evidence relevant to the plaintiff's *Monell* claim.

---

Production Request #17: All police reports, witness statement transcripts, witness interview recordings, and witness interview notes concerning the August 1, 2006 homicide of Herbert Fields, of which Bobby Johnson was later convicted.

(Doc. No. 78 at 1–2).

To the extent that the City seeks greater protection than that offered by the Standing Protective Order that was entered in this case (*see* Doc. No. 5), it may move for a protective order pursuant to Fed. R. Civ. P. 26(c).  Furthermore, any claim that the discovery produced is subject to a state statutory privilege shall be made on a document-by-document basis and accompanied by a privilege log.  *See* D. Conn. L. Civ. R. 26(e); *see also Johnson v. New Haven*, No. 3:17-CV-1479 (JAM), 2018 WL 4253162, at *1 (D. Conn. Sept. 6, 2018) (noting that "[a]ny document-by-document claim of privilege should be made in good faith accounting for the time elapsed since the events and investigations at issue in this case, and must be accompanied by a privilege log.").

<u>CONCLUSION</u>

For the reasons stated above, the City's objections to request numbers 12, 13, 14, 16, and 17 are OVERRULED, and its objection to request number 15 is SUSTAINED.

This is not a Recommended Ruling.  This is an order regarding discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon timely made objection.

Dated at New Haven, Connecticut, this 23rd day of May 2019.

<u>/s/ *Robert M. Spector*</u>, USMJ
Robert M. Spector
United States Magistrate Judge