UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON HORN,<br>*Plaintiff*, | : CIVIL NO. 3:18-CV-1502(JAM)<br>:<br>: |
| v. | :<br>: |
| CITY OF NEW HAVEN, *et al.*,<br>*Defendants*. | : AUGUST 22, 2019 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY**

The defendant, James Stephenson hereby requests a stay, pursuant to Fed. R. Civ. P. 62 (c), Fed. Rule App. Proc. 8(a), and local Rule 7(a) (6), until a decision has been rendered by the Second Circuit on the defendant's appeal of the Court's decision at Doc. 87. See Horn v. City of New Haven, et al., 19-2418 (2d Cir.). Pursuant to Fed. R. Civ. P. 62(c) and Fed. Rule App. Proc. 8(a), the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. Hilton v. Braunskill, 481 U.S. 770, 776 (1987); see Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir. 1996).

1. **Defendant James Stephenson, former State Firearm Examiner is entitled to the defenses raised in his motion to dismiss at Doc. 40, to include qualified immunity, and has a strong likelihood of success on appeal.**

The allegations against defendant Stephenson are quite limited and do not involve the other defendants in this case. They relate to forensic testing of shell casings and bullet fragments in Stephenson's role as a firearms examiner and tool-mark technician. As argued in the defendant's motion to dismiss at Doc. 40, qualified immunity shields government officials from

1

civil damages liability unless the official 1) violated a statutory or constitutional right that, 2) was clearly established at the time of the challenged conduct. Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015)(citing Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012)). The qualified immunity defense is a "forgiving" and "broad shield that protects 'all but the plainly incompetent or those who knowingly violate the law.'" Grice v. McVeigh, 873 F.3d 162, 167 (2d Cir. 2017)(citation omitted); Kass v. City of New York, 864 F.3d 200, 206 (2d Cir. 2017). It applies regardless of whether the officials' error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Groh v. Ramirez, 540 U.S. 551, 567 (2004)(Kennedy, J., dissenting)(citing Butz v. Economou, 438 U.S. 478 (1978)).

There are no judicial decisions from the undersigned's research that extended *Brady* obligations to firearms examiners at the time of the incidents as alleged by the plaintiff in the above captioned case. There are legal differences between rights and obligations of prosecutors and of police officers, and between those of police officers and of expert evidentiary examiners or laboratory technicians. This is not some meaningless distinction conjured up by lawyers to avoid liability. Courts made this distinction. Jurists drew this line after carefully exercising judgment. See Villisana, 368 F.3d at 978; Mowbray, 274 F.3d 26. It is therefore not 'beyond debate' at all, even in the abstract, let alone for all firearm examiners or evidentiary technicians twenty years ago. Therefore, Stephenson is immune from suit entirely, which includes protection from being cast into the doldrums of disruptive discovery and trial decades after exercising his job functions.

Further, both the Second Circuit and Supreme Court have recently—and repeatedly— reversed denials of qualified immunity when the right is defined too broadly, as Stephenson contends was done in this case. See, e.g., Naumovski v. Norris, No. 18-1556-CV, 2019 WL

2

3770193, at *4 (2d Cir. Aug. 12, 2019). "When analyzing whether the right violated was "clearly established," the Supreme Court has repeatedly (and recently) reminded us that clearly established law must be "particularized" to the facts of the case and must not be defined "at a high level of generality." Id.

Stephenson has a strong likelihood of success on the merits in his appeal, which seeks a reversal of the denial of qualified immunity in this case, and which seeks a ruling similar to those that the Second Circuit and Supreme Court have issued in bunches in recent years and months.

## 2. This defendant will be irreparably injured absent a stay.

### a. An interlocutory appeal has been filed, which deprives this Court of jurisdiction.

On August 7, 2019, James Stephenson filed a notice of appeal (Doc. 93) of the District Court's Order on the defendant's Motion to Dismiss entered on July 9, 2019. Doc. No. 87. The filing of a notice of appeal is significant; it deprives the district court of jurisdiction over those aspects of the case that are on appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal ... divests the district court of its control of jurisdiction to require the appealing defendants to appear for trial"); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 114 (1996); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 835 (2002); Benzemann v. Citibank N.A., 622 Fed. Appx. 16, 18 (2d Cir. 2015), *cert. denied*, 137 S. Ct. 618 (2017). Actions thereafter taken by the district court are taken without jurisdiction. See Weiss v. Hunna, 312 F.2d 711, 713 (2d Cir. 1963)(appeal filed divests district court of power to grant or deny relief except with Court of Appeals permission), *cert. denied*, 374 U.S. 853, 83 S.Ct. 1920, 10 L.Ed.2d 1073 (1963); Phlo Corp. v. Stevens, 62 Fed. Appx. 377, 380 (2d Cir. 2003).

### b. Qualified immunity is lost absent a stay.

Discovery in this case is significant and onerous. Notwithstanding the on-going fact discovery, the plaintiff seeks to depose several witnesses, to include out of state depositions in Georgia and South Carolina. Stephenson, who has appealed the Court's ruling, should not have to partake in burdensome discovery while he challenges the Court's ruling, regarding whether he is immune from those burdens in the first place. The "driving force" behind the doctrine is to ensure that "insubstantial claims against government officials be resolved prior to discovery." Anderson v. Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987). This is also the entire purpose of allowing interlocutory appeals of denials of immunity in the first place. See Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). Because of this, stays are particularly appropriate in appeals that litigate immunity from suit.

### 3. Other Parties are not injured by a Stay.

**All the defendants** to this lawsuit **consent** to the Court's issuance of a stay. The plaintiff objects. The parties are not injured by the issuance of a stay. The plaintiff, no longer incarcerated, seeks money damages. As stated in his complaint "[i]t is time for the people who stole Vernon's life to be held accountable." (Doc. 1, ¶ 6). However, as demonstrated in Stephenson's motion to dismiss and the attachments thereto, Stephenson did not violate the law, nor did he violate any right of the plaintiff. Stephenson is entitled to qualified immunity. A stay does not harm the plaintiff; he chose this forum. However, Stephenson should not be subject to onerous discovery while he seeks appellate review of his right to immunity.

### 4. A Stay is vital for public interest.

The public interest prong is satisfied. It is important that the boundaries of qualified immunity are known to all individuals, not just government officials. Moreover, our case law tells us that qualified immunity should be resolved early in the proceedings.

Notably, the Second Circuit issued a decision reversing the denial of qualified immunity just last week. "[W]e write . . . and to again emphasize the importance of properly applying the doctrine of qualified immunity" Naumovski v. Norris, No. 18-1556-CV, 2019 WL 3770193, at *1 (2d Cir. Aug. 12, 2019) "Qualified immunity shields a public official from suit for damages unless caselaw clearly puts him on notice that his action is unconstitutional. The judge's approach to the qualified-immunity question was far too general." (Id.)

"As the Supreme Court has explained, 'a defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it.'" Estate of Devine v. Fusaro, No. 3:14-CV-01019(JAM), 2016 WL 183472, at *5 (D. Conn. Jan. 14, 2016)(quoting Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014)), aff'd sub nom. Estate of Devine, 676 F. App'x 61 (2d Cir. 2017)(summary order). "A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" Mullenix, 136 S. Ct. at 308 (internal quotation and alteration omitted).

The Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." Mullenix, 136 S. Ct. at 308 (quotation omitted). It did so yet again just in 2017: "In the last five years, this Court has issued a number of opinions reversing federal courts in qualified immunity cases . . . . Today, it is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'"

5

White v. Pauly, 137 S. Ct. 548, 551-52 (2017)(citation omitted); see also Ziglar v. Abbasi, 137 S. Ct. 1843 (2017)(reversing); Mullenix v. Luna, 136 S. Ct. 305 (2015)(reversing); Taylor v. Barkes, 135 S. Ct. 2042 (2015)(reversing); City and County of San Francisco v. Sheehan, 135 S. Ct. 1765, 1774, n.3 (2015)(reversing); Carroll v. Carman, 135 S. Ct. 348 (2014)(reversing); Wood v. Moss, 134 S. Ct. 2056 (2014)(reversing); Plumhoff v. Rickard, 134 S. Ct. 2012 (2014)(reversing); Stanton v. Sims, 134 S. Ct. 3 (2013)(reversing); Reichle v. Howards, 132 S. Ct. 2088 (2012)(reversing); Filarsky v. Delia, 566 U.S. 377 (2012)(reversing); Messerschmidt v. Millender, 565 U.S. 535 (2012)(reversing); Ryburn v. Huff, 132 S. Ct. 987 (2012)(reversing); see also District of Columbia v. Wesby, 138 S. Ct. 577 (2018)(reversing); Kisela v. Hughes, 138 S. Ct. 1148 (2018)(reversing).

"[T]he clearly established law must be 'particularized' to the facts of the case." White, 137 S. Ct. at 552 (quoting Anderson, 483 U.S. at 640). "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established." Mullenix, 136 S. Ct. at 308 (emphasis in original)(quoting al-Kidd, 563 U.S. at 742). "This inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" Mullenix, 136 S. Ct. at 308 (quotation omitted); see also Reichle, Jr., 132 S. Ct. at 2094. "The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct." Doninger v. Niehoff, 642 F.3d 334, 345 (2d Cir. 2011)(quotation omitted).

As is here, defendant Stephenson asserts the Court has chosen to define the right to generally; he has sought appellate review. It is in the public interest for a stay to issue while the immunity issue is addressed by the Second Circuit.

*Respectfully submitted,*

DEFENDANT
James Stephenson

WILLIAM TONG
ATTORNEY GENERAL


BY: /s/ *Edward Wilson, Jr.*
Edward Wilson, Jr.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct29119
E-Mail: e.wilson@ct.gov
Tel: (860) 808-5450
Fax: (860) 808-5591


**CERTIFICATION**

I hereby certify that on August 22, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


/s/ *Edward Wilson, Jr.*
Edward Wilson, Jr.
Assistant Attorney General