UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON HORN,<br><br>                    Plaintiff,<br><br>     -against-<br><br>CITY OF NEW HAVEN; and LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities<br><br>                    Defendants. | Civ. No. 3:18-CV-1502 (JAM)<br><br>August 27, 2019 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE
CITY DEFENDANTS' MOTION TO CONSOLIDATE DISCOVERY**

Plaintiff Vernon Horn submits this memorandum of law in opposition to the motion by

Defendants City of New Haven, Leroy Dease, Petisia Adger, and Daryle Breland (collectively,

the "City Defendants") to consolidate discovery in this action with discovery in *Jackson v. City

of New Haven*, No. 3:19-CV-388 (JAM) (the "Jackson Case").

Whether to consolidate discovery under Federal Rule of Civil Procedure 42(a)(3) is

"entrusted to the trial judge['s] discretion." *Deutsche Bank Nat'l Trust Co. v. WMC Mortg.,

LLC*, No. 3:12-CV-933, 2014 WL 3824333, at *1 (D. Conn. Aug. 4, 2014). The moving party

seeking consolidation bears the burden of proof. *See In re Frontier Commc'ns Corp. Derivative

Litig.*, No. 3:17-CV-1792, 2018 WL 3553332, at *3 (D. Conn. July 23, 2018).

On the facts here, the City Defendants do not meet their burden, and the Court should

exercise its discretion to decline consolidation for two reasons. First, the City Defendants'

unexplained choice to do nothing for five months and only seek consolidation *now*—when

document production in this case is substantially complete and third-party witnesses are under

1

subpoena for deposition in three weeks—will create rather than reduce inefficiencies.  Second,

under the specific circumstances of this case, consolidated proceedings will prejudice Mr. Horn.

## I.      DEFENDANTS' MOTION IS UNTIMELY AND WOULD CREATE RATHER THAN REDUCE INEFFICIENCY AT THIS LATE STAGE

Mr. Horn filed this case on September 7, 2018.  *See* Dkt. #1.  On March 13, 2019,

Marquis Jackson filed the complaint in the Jackson Case, which borrowed substantially (to put it

mildly) from Mr. Horn's pleadings in this case.  The similarities between Mr. Horn's pleadings

and Mr. Jackson's form the primary factual basis for the City Defendants' motion.  *See* Defs.'

Br. (Dkt. #101) at 3.

The City Defendants have known since the day the Jackson Case was filed that both

cases concerned "the same underlying robbery and murder in New Haven, Connecticut in 1999,"

that Mr. Horn and Mr. Jackson pleaded the same causes of action, and that the pleadings

mentioned the same people.  *Id.*  The City Defendants have also known since April 16, 2019 that

this case and the Jackson Case would proceed on the same discovery schedule set by the Court.

Dkt. #28, *Jackson*, No. 3:19-CV-388.  The City Defendants do not suggest that their motion is

prompted by any new information they learned since the early spring.

Inexplicably, the City Defendants waited five-and-a-half months to request consolidation.

There are now less than four months remaining until the December 18, 2019 fact discovery

cutoff, which Mr. Horn intends to honor.  The current state of play in this case is as follows:

- Non-party witnesses are under subpoena or being subpoenaed for depositions in Atlanta on September 17 and in the Charleston, South Carolina area on September 23.

- By email agreement among counsel to this case, the parties have agreed to conduct third-party depositions in Connecticut on September 19, September 20, October 2, October 10, and October 11.  Plaintiff is in the process of serving subpoenas on the relevant non-party witnesses for these dates.

- Mr. Horn has made a *Touhy* request for the testimony of FBI Special Agent Jim Wines, who performed an analysis of cell site data that contributed to Mr. Horn's exoneration.  That request is expected to be approved shortly.

- Plaintiff anticipates taking Defendants' depositions in November.

We do not know whether the Jackson Case is ready for depositions to proceed as scheduled in three weeks.  The City Defendants certainly do not establish as much in their moving papers.  *Cf.* Defs.' Br.  Under no circumstances should the City Defendants be permitted to delay Mr. Horn's diligent efforts to take discovery through consolidation.

By waiting to seek consolidation until now instead of timely requesting it many months ago, the City Defendants create inefficiency rather than reduce it.  The City Defendants propose to require Mr. Horn, Mr. Jackson, and their counsel to integrate the entire documentary record of two separate cases less than three weeks before depositions begin.  That scenario creates a significant logistical burden and a steep learning curve for all involved.

We do not know what documents have been requested or produced in the Jackson Case.  If the cases are consolidated, we will need to compare thousands of pages of production to determine what is duplicative and what is not.  If documents were produced in the Jackson Case but not in this one, we will need to understand whether those documents were responsive to our requests and, if so, why they were not produced here.  We will need to determine how any documents not produced in this case may change our strategy.  We do not know what discovery issues, if any, are in dispute in the Jackson Case.  We do not know what witnesses, if any, Mr. Jackson's counsel wishes to depose.  We do not know what *Monell* discovery is or is not being conducted in the Jackson Case.  Had the City Defendants promptly requested consolidation several months ago, all these issues could have been handled in an orderly manner.  Now, the City Defendants seek to impose a mad scramble to figure it all out in less than three weeks.

The City Defendants' supposition that "dozens of fact witnesses" would have to testify twice absent consolidation is just that—supposition. *Cf. id.* No Defendant has noticed any deposition in this case. Nor do the City Defendants indicate that any depositions have been noticed in the Jackson Case. The record is devoid of any indication of which witnesses would *actually* be deposed in the Jackson Case if the cases remained separate. As far as we know, the only party who has noticed any depositions in either of the two cases is Mr. Horn.

While consolidation may save Defendants the inconvenience of attending some depositions twice, it would impose additional inconvenience upon Mr. Horn and his counsel. Some of the disputed factual and legal issues in the two cases are undeniably the same, but others are not:

Damages. Mr. Horn and Mr. Jackson each had his own unique experience in prison. For instance, Mr. Horn experienced medical issues because he was sent back to prison after suffering serious injuries in a car accident. Mr. Horn has disclosed damages witnesses; we presume Mr. Jackson has done the same. Those issues do not overlap.

Whereabouts. Because Mr. Horn and Mr. Jackson were not together during the entire night of January 23-24, 1999, some non-party witnesses are more central to establishing Mr. Horn's whereabouts (e.g., Zaneta Berryman), while others are more central to establishing Mr. Jackson's (e.g., Tesha Smith). Consolidation may require Mr. Horn's counsel to appear for the deposition of witnesses to Mr. Jackson's whereabouts when he may not have otherwise done so, and vice versa.

Actions of Past Counsel. Mr. Horn and Mr. Jackson were separately represented at the criminal trial and in all habeas proceedings that followed. To the extent Defendants attempt to

4

blame Mr. Horn and Mr. Jackson's past lawyers for their wrongful incarceration, the actions of

Mr. Jackson's prior counsel are largely irrelevant to Mr. Horn.

## II.  CONSOLIDATION WOULD BE UNFAIR TO MR. HORN

In considering whether cases should be consolidated, "[t]he benefits of efficiency can

never be purchased at the cost of fairness." *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350

(2d Cir. 1993).  Here, fairness dictates that Mr. Horn be given the opportunity to stand on his

own to pursue his own claims.

Regrettably, over the course of the past 20 years, Mr. Jackson's past attorneys have at

times suggested that Mr. Horn may be responsible for the crime even though Mr. Jackson was

not.  (The State's theory at trial was that Mr. Horn was the shooter.)  When Mr. Horn was

granted state habeas relief in 2014, Mr. Jackson's trial counsel, Michael Moscowitz, went so far

as to gratuitously tell the *New Haven Register* that he believed Mr. Horn was guilty: "The shame

is that my guy lost his habeas and Horn won.  I believe Horn actually shot him . . . ."[1]

Mr. Horn harbors no ill will toward Mr. Jackson or his current counsel for these past

events.  Nor is there any particular reason to believe at this point that Mr. Horn's and Mr.

Jackson's interests in these civil cases will conflict.  Nonetheless, past events highlight the

inherent potential for conflict under the circumstances of the case.  *See In re Bear Stearns Cos.*

*Secs., Deriv. & ERISA Litig.*, No. 08 MDL No. 1963, 2009 WL 50132, at *5 (S.D.N.Y. Jan. 5,

2009) (potential conflicts among claims in different actions "counsel[s] against consolidation").

Put another way, Mr. Horn and Mr. Jackson have had their fates involuntarily intertwined

for two decades because they happened to go out together one Saturday night when they were

young.  While they suffered similar injustices, each man had his own experience and now has his

---

[1]     Randall Beach, *New Haven Murder Conviction Overturned, Defendant Gets New Trial*, New Haven
Register, June 16, 2014, https://www.nhregister.com/connecticut/article/New-Haven-murder-conviction-overturned-
defendant-11380836.php.

own distinctive goals and his own counsel of choice.  Mr. Horn respectfully requests the

opportunity to stand on his own to pursue his own case as he sees fit.

## III.    IF CONSOLIDATION IS GRANTED, IT SHOULD BE LIMITED TO DISCOVERY ONLY

Defendants only seek to consolidate these actions for purposes of discovery, not for

purposes of trial.  *See* Notice of Mot. (Dkt. #100).  Consolidation for trial raises other

considerations not presently at issue.  If the Court is inclined to grant the motion, any

consolidation should be for discovery purposes only.  *See, e.g.*, *Schreiber Foods Int'l v.*

*Intercargo Napoli S.R.L.*, No. 08-CV-5954, 1999 WL 195108, at *2 (S.D.N.Y. Apr. 7, 1999)

(granting consolidation of discovery while deferring consideration of consolidation for trial);

*Avagliano v. Sumitomo Shoji Am., Inc.*, No. 82-CV-4930, 1983 WL 484, at *2 (S.D.N.Y. Mar.

28, 1983) (same).

Dated:  August 27, 2019
         New York, New York

                                        EMERY CELLI BRINCKERHOFF
                                        & ABADY LLP


                                        _____/s/_____
                                        Ilann M. Maazel
                                        Douglas E. Lieb
                                        600 Fifth Avenue, 10th Floor
                                        New York, New York 10020
                                        (212) 763-5000
                                        imaazel@ecbalaw.com
                                        dlieb@ecbalaw.com

                                        KOSKOFF, KOSKOFF & BIEDER,
                                        P.C.

                                        Sean K. McElligott
                                        Sarah Steinfeld
                                        350 Fairfield Avenue, 5th Floor
                                        Bridgeport, Connecticut 06604
                                        (203) 336-4421
                                        smcelligott@koskoff.com
                                        ssteinfeld@koskoff.com

                                        *Attorneys for Plaintiff*