UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

VERNON HORN,

                Plaintiff,

    -against-

CITY OF NEW HAVEN; and LEROY
DEASE, PETISIA ADGER, DARYLE
BRELAND, and JAMES STEPHENSON, in
their individual capacities

             Defendants.

Civ. No. 3:18-CV-1502 (JAM)

August 30, 2019

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT STEPHENSON'S MOTION TO STAY DISCOVERY PENDING INTERLOCUTORY APPEAL

Plaintiff Vernon Horn submits this memorandum of law in opposition to the motion by Defendant James Stephenson to stay discovery pending his interlocutory appeal from the Court's denial of his motion to dismiss.

Stephenson, through counsel, has participated in discovery until this point in the case. He served initial disclosures, responded to document requests, and agreed to schedule depositions on mutually agreeable dates in September and October. Now, on the eve of those depositions, he seeks to stay *all* discovery—even though the vast majority of the depositions in the case have nothing at all to do with him. If Stephenson really wanted to preserve his immunity from discovery, he should have moved for a stay months ago. That he never did so suggests that his current request is a delay tactic. The Court should decline Stephenson's invitation to derail the progress of this entire case fewer than four months before the close of fact discovery.

1

A stay is particularly unwarranted because Stephenson's appeal is meritless.  In arguing that he is likely to succeed on appeal, Stephenson *does not even cite* the binding Second Circuit precedent on which the Court relied to deny his motion: *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992).  *Walker* held that "the police" must disclose material exculpatory evidence to the prosecutor.  *Id.* at 299.  Stephenson was a member of the Connecticut State Police.  As the Court held, Stephenson had no reasonable grounds to believe himself exempt from the constitutional rule governing "the police" announced in *Walker*.

If the Court does grant any stay, it should be narrow in scope and conditioned upon prompt filings by Stephenson in the Second Circuit.

## FACTUAL AND PROCEDURAL BACKGROUND

As the Court knows, this case arises out of Vernon Horn's 17 years of wrongful incarceration for a crime he did not commit and of which he has been exonerated.  Mr. Horn brings claims against the City of New Haven, three of its former detectives, and Stephenson, a former ballistics examiner for the Connecticut State Police.  *See* Dkt. #1.  Only one of the ten operative claims in the complaint concerns Stephenson.[1]  Most of the disputed factual issues in the case concern the investigation conducted by the New Haven Police Department (NHPD).

Mr. Horn's claim against Stephenson asserts that Stephenson committed a *Brady* violation by not disclosing to the prosecution a written report showing he changed the margin of error on his ballistics analysis to match a cooperating witness's false story that the murder weapon was a Beretta.  On November 13, 2018, Stephenson moved to dismiss the *Brady* claim on the grounds of absolute and qualified immunity.  Dkt. #40 (corrected version).

---

[1]     Mr. Horn voluntarily dismissed his state-law claims against Stephenson.  Dkt. #52.

Meanwhile, the remaining Defendants answered, and the case proceeded to discovery.  In the parties' Rule 26(f) report, Stephenson represented: "Defendant Stephenson has raised absolute and qualified immunity in his motion to dismiss at Dkt. #40, and therefore intends to seek a stay from participation in discovery until said motion to dismiss is ruled upon."  Dkt. #45 at 2.  But Stephenson never did so.  The Court's scheduling order required the parties to complete fact discovery by December 18, 2019, without any carve-out for Stephenson.  Dkt. #66.

Stephenson participated fully in discovery while his motion to dismiss was pending.  On April 25, 2019, Stephenson served initial disclosures, which he supplemented on August 6, 2019. *See* Declaration of Douglas E. Lieb dated August 30, 2019 ("Lieb Decl.") Exs. A, B.  On May 30, 2019, Stephenson responded to document requests and produced 203 pages of responsive documents.  *See* Lieb Decl. Ex. C.

The Court denied Stephenson's motion to dismiss on July 9, 2019.  "MTD Op.", Dkt. #87.  On August 7, 2019, Stephenson filed a notice of appeal.  Dkt. #93.  On August 21, Stephenson requested 91 days—the maximum allowable time under Second Circuit Rule 31.2— to file his opening brief on appeal.  Lieb Decl. Ex. D.  The next day, Stephenson filed this motion for a stay.  "Stay Br.", Dkt. #105.  In seeking a stay, Stephenson relies exclusively on his appeal of the denial of qualified immunity.  He does not say he intends to appeal the Court's denial of absolute prosecutorial immunity or argue that such an appeal would be likely to succeed.  *See id.*

The Court ordered Mr. Horn to "specifically describe the discovery" he will seek from Stephenson in responding to Stephenson's motion.  Dkt. #106.  The only remaining discovery that Mr. Horn seeks from Stephenson is his deposition.  Because Stephenson's discovery responses did not indicate that he was withholding responsive documents, Mr. Horn does not anticipate any further document production by Stephenson.  *Cf.* Fed. R. Civ. P. 34(b)(2)(C).

3

I.     **STEPHENSON WAIVED ANY OBJECTION TO PARTICIPATING IN DISCOVERY BY CHOOSING TO DO SO**

Where a government official is properly entitled to qualified immunity, he is immune from suit, not just liability, and may avoid the burden of pretrial discovery. *See Behrens v. Pelletier*, 516 U.S. 299, 308 (1996). But Stephenson has waived any right not to participate in discovery in this case while seeking qualified immunity. The Court should deny his motion on that basis alone, before even reaching the factors that govern stays pending appeal.

A party can waive immunity from discovery, like any other immunity, by his or her conduct. *See, e.g.*, *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 708-09 (W.D. Tex. 2018) (tribal corporation waived immunity from discovery by incorporating under relevant provision of federal law); *E.I. Dupont de Nemours & Co. v. Kolon Indus., Inc.*, 269 F.R.D. 600, 608 (E.D. Va. 2010) (voluntary disclosure of material waives protection for attorney opinion work product, which is a form of "immunity from discovery").

Without objection or any intervention by the Court, Stephenson made and amended initial disclosures, responded to document requests, and produced documents. *See* Lieb Decl. Exs. A-C. His counsel also provided dates for the parties to schedule depositions by mutual agreement. Stephenson took these actions even though he was free to move the Court for a stay of discovery pending resolution of his motion to dismiss. *See, e.g.*, *Lithgow v. Edelmann*, 237 F.R.D. 61, 62-63 (D. Conn. 2007) (while discovery not automatically stayed pending motion to dismiss, court may do so for good cause, considering strength of dispositive motion, breadth of discovery sought, and prejudice to nonmovant); *ITT Corp. v. Travelers Cas. & Sur. Co.*, No. 3:12-CV-38, 2012 WL 2944357, at *2-4 (D. Conn. July 18, 2012) (same).

By freely participating in discovery, Stephenson waived any immunity from doing so. *See Atkinson v. Goord*, No. 01-CV-761, 2002 WL 31095167, at *1 (S.D.N.Y. Sept. 19, 2002)

4

(defendants "arguably waived any immunity from discovery" by voluntarily complying with discovery requests for "some time" despite qualified immunity defense).

Stephenson was clearly aware that he could have asked the Court to stay discovery while his motion to dismiss was pending.  He represented to the Court that he was going to make such a motion.  *See* Dkt. #40.  But he never did.  His waiver of any entitlement not to participate in discovery until his claim of immunity is decided was knowing and voluntary.

## II.    THE COURT SHOULD DENY A STAY OF DISCOVERY

In deciding whether to stay discovery pending an interlocutory appeal of the denial of qualified immunity, the Court should apply the traditional factors governing a stay of a civil judgment: (1) likelihood of success on the merits of the appeal; (2) irreparable injury to the movant absent a stay; (3) substantial injury from a stay to any other interested party; and (4) the public interest.  *See In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).  Separate and apart from any waiver, those factors warrant denying Stephenson's motion.

### A.    Stephenson Is Unlikely to Succeed in Showing that the Court Erred

An appeal that fails to mention, let alone distinguish, the governing Second Circuit authority on which the Court based its decision is unlikely to succeed.  *Walker v. City of New York* defeats Stephenson's motion for qualified immunity.

In 1992, the Second Circuit held in *Walker* that "the police satisfy their obligations under *Brady* when they turn exculpatory evidence over to the prosecutors."  974 F.2d at 299.  The Second Circuit repeatedly discussed "the police" as a whole in *Walker*.  *See, e.g.*, *id.* ("A rule requiring the police to make separate, often difficult, and perhaps conflicting, disclosure decisions would create unnecessary confusion.");  *id.* ("Since Walker has alleged that the police

shared all exculpatory evidence with the prosecutors, Walker's claim against the police relating to the suppression of exculpatory evidence fails to state a claim . . . .").

At oral argument, Stephenson's counsel conceded that Stephenson was a member of the police:

| THE COURT: | So, Stephenson is a member of the Connecticut State Police, right? |
| --- | --- |
| MR. FINUCANE: | Of the agency, yes. |
| THE COURT: | Okay.  Connecticut State Police. |
| MR. FINUCANE. | Yes. |
| THE COURT: | Even if you look at those rifling reports, you see 'Connecticut State Police' right across it. |
| MR. FINUCANE: | Correct. |

Lieb Decl. Ex. E at 29:4-12; *see Sherman v. Town of Chester*, 339 F. Supp. 3d 346, 353 (S.D.N.Y. 2018) (statements of counsel at oral argument are judicial admissions).

Police have *Brady* obligations under *Walker*.  Stephenson was a member of the police. Stephenson was obligated to disclose material exculpatory evidence to the prosecutor.  That syllogism defeats Stephenson's appeal.

Stephenson's generalized complaint that the Court defined Mr. Horn's *Brady* right too broadly fails to engage with the Court's analysis.  Stay Br. 2.  As an initial matter, Stephenson's argument does not concern the scope of Mr. Horn's *Brady* right at all.  It concerns which government officials the right attaches against.  More important, as the Court put it: "Why should ballistics experts and forensic firearms examiners be free to hide exculpatory evidence from prosecutors while other police officials may not?  Stephenson has no answer to this question that makes any sense."  MTD Op. 11.  Stephenson was a police official charged with "generat[ing] evidence for use in the prosecution of a robbery and murder."  *Id.*  He had no

objectively reasonable basis to believe himself exempt from the obligations that governed his fellow "police" as far back as 1992.  *See Walker*, 974 F.2d at 299.

Stephenson also ignores the problems with the two out-of-circuit cases on which he relies.  *See* Stay Br. 2.  *Villasana v. Wilhoit*, 368 F.3d 976, 978-79 (8th Cir. 2004) is "plainly at odds with the Second Circuit's decision in *Walker*" because it holds that police do not have *Brady* obligations.  MTD Op. 12.  And *Mowbray v. Cameron County*, 274 F.3d 269, 278 (5th Cir. 2001), concerns only direct disclosure to defense counsel.  *See* MTD Op. 12.

Stephenson's failure to engage with the Court's reasoning, or even cite the governing authority, shows that he is very unlikely to persuade the Second Circuit that this Court erred in denying his motion.

**B.      Stephenson's Participation in Discovery Belies His Claim of Prejudice**

Regardless of whether Stephenson's choice to participate in discovery technically waived his immunity from discovery, it disproves his unsubstantiated claim that he will be irreparably injured without a stay.  *Cf.* Stay Br. 3-4.  Stevenson makes no showing of prejudice.

The notion that Stephenson will be irreparably injured because the filing of a notice of appeal divests the Court of jurisdiction to adjudicate the merits of his claims does not make sense.  *Cf.* Stay Br. 3.  To begin, the general rule that the filing of a notice of appeal divests the district court of jurisdiction is a prudential doctrine designed to avoid having two courts address the same issues at the same time.  *United States v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996). That is why the district court only loses jurisdiction over "those aspects of the case involved in the appeal," *id.* (emphasis added), which here are limited to whether Stephenson is entitled to immunity as a matter of law on the facts alleged in the complaint.

More important, if the jurisdictional significance of a notice of appeal were enough to entitle Stephenson to a stay discovery, such stays would be automatic.  But they are not.  To the contrary, courts often deny them.  *See, e.g.*, *Torres v. Faxton St. Lukes Healthcare*, No. 6:16-CV-439, 2017 WL 11317906 (N.D.N.Y Jan. 26, 2017) (denying stay of discovery pending interlocutory appeal of denial of qualified immunity); *V.S. v. Muhammad*, No. 07-CV-213, 2008 WL 5068877 (E.D.N.Y. Nov. 24, 2008) (same).

Nor does Stephenson show that he will suffer any practical harm or inconvenience absent a stay.  Unless Stephenson improperly withheld responsive documents without saying so, his document production obligations appear complete.  *See* Lieb Decl. Ex. C.  The only remaining discovery in which he personally needs to participate is his own deposition.  That obligation alone is hardly "onerous."  Stay Br. 4.  Naturally, other depositions in the case will proceed, and Stephenson's counsel is free to attend and inquire to the extent counsel deems appropriate.  But Stephenson gives no indication that he intends to personally participate in those depositions, and he would have no reason to do so.  Qualified immunity shields *public officials* from intrusive and burdensome litigation, not lawyers in the Attorney General's office from attending depositions.

### C.    Protracted Delay of This Case Will Prejudice Mr. Horn

A stay of discovery would prejudice Mr. Horn.  This case involves a complex set of facts that occurred twenty years ago.  Memories have already faded, and witnesses are dispersed and difficult to locate even at the addresses at which they were most recently contacted in the course of the federal habeas investigation.  At least two potential witnesses—State's Attorney's Office investigator Mel Cartoceti and Mr. Horn's cousin Shalonda Jenkins—are deceased.  The more time passes, the harder it will be for Mr. Horn to obtain all relevant testimony.  *See Torres*, 2017 WL 11317906, at *3; *V.S.*, 2008 WL 5068877, at *2-3 (explaining, in denying stay, that "given

the intensely factual nature of the allegations . . . there is a real concern that a delay in collecting evidence through the discovery process will substantially impair the interests of the plaintiffs or defendants due to fading memories").

That other Defendants consent to stay the proceedings in order to delay Mr. Horn's day in court is as meaningless as it is predictable.  *See* Stay Br. 5.

### D.     The Public Interest Favors Prompt Resolution of Mr. Horn's Claims

The public interest favors the prompt resolution of Mr. Horn's claims alleging serious constitutional violations and misconduct by public officials.  *See Torres*, 2017 WL 11317906, at *4; *V.S.*, 2008 WL 5068877, at *3; *see also Does 1, 2, 3, 4, and 5 v. Enfield Pub. Schs.*, No. 3:10-CV-685, 2010 WL 11658329, at *1 (D. Conn. June 2, 2010) ("[T]he public interest lies in protecting the constitutional rights of citizens, even at the inconvenience of others.").  That is particularly true given the disproportionate number of exonerations arising from NHPD homicide investigations in the 1990s and 2000s.  Of the 23 documented Connecticut exonerations in the National Registry of Exonerations, ten arise from New Haven murder convictions between 1989 and 2007.  *See* Lieb Decl. Ex. F.  It remains to be seen how many more convictions are tainted—and whether the City or the State's Attorney's Office will take any proactive measures to ensure that more innocent people are not currently in prison.  Public scrutiny of the investigation that occurred in this case, and of the municipal policies and customs at issue on Mr. Horn's *Monell* claims, is emphatically in the public interest.  The timely exposure of the relevant facts could potentially lead to additional exonerations.  Every moment that a wrongfully convicted person remains in jail is a wasted moment.

### III.   IF GRANTED, ANY STAY SHOULD BE NARROW IN SCOPE AND CONDITIONED UPON PROMPT APPELLATE FILINGS

No stay is warranted.  To the extent one is granted over objection, however, it should be limited to Stephenson's deposition only, and perhaps that of the one other witness relevant to the *Brady* claim against Stephenson, Assistant State's Attorney Gary Nicholson.[2]

Under no circumstances should Stephenson's appeal be permitted to derail all discovery in the case.  His appeal implicates only one of five Defendants, one of ten operative claims, and a tiny fraction of the depositions to be conducted over the next four months.  There is no reason to believe that Stephenson himself—as opposed to the Attorney General's office—would be involved in or inconvenienced by other depositions, all of which should proceed.

Moreover, if Stephenson is allowed to delay trial in this matter by obtaining any stay at all, the Court should require him to pursue his appeal promptly.  Stephenson's request for the maximum allowable 91 days to file his opening brief in the Second Circuit is concerning and suggests a tactical interest in delay.  *See* Lieb Decl. Ex. D.  No more than several weeks should be necessary to brief an appeal from the denial of a motion to dismiss presenting two discrete legal issues on a limited record.  As a condition of any stay, the Court should order Stephenson to file his opening brief in the Second Circuit within 30 days and his reply brief within 14 days of Mr. Horn's opposition.  *See Sutherland v. Ernst & Young LLP*, 856 F. Supp. 2d 638, 644 (S.D.N.Y. 2012) (conditioning stay pending appeal on request for expedited appeal).

---

[2]      Stephenson changed the margin of error on his report after a conversation with Nicholson about the cooperating witness's anticipated testimony.  *See* MTD Op. 8-9.

Dated: August 30, 2019
       New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

/s/

Ilann M. Maazel
Douglas E. Lieb
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
imaazel@ecbalaw.com
dlieb@ecbalaw.com

KOSKOFF, KOSKOFF & BIEDER,
P.C.

Sean K. McElligott
Sarah Steinfeld
350 Fairfield Avenue, 5th Floor
Bridgeport, Connecticut 06604
(203) 336-4421
smcelligott@koskoff.com
ssteinfeld@koskoff.com

*Attorneys for Plaintiff*