# EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
MARISSA BENAVIDES
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER
VIVAKE PRASAD

January 19, 2021

*Via ECF*

Hon. Robert M. Spector
United States Magistrate Judge
United States District Court
District of Connecticut
141 Church Street
New Haven, Connecticut 06510

*Re: Horn v. City of New Haven, et al.*, No. 18 Civ. 1502

Dear Judge Spector:

We write jointly with Defendant City of New Haven (the "City") to provide the Court with an update on the status of the Parties' attempts to resolve Plaintiff's Motion to Compel, Dkt. 170.

**Plaintiff's position:** Per the Court's instructions during the November 13, 2020 hearing on Plaintiff's motion, Plaintiff served a new set of requests for admission and related interrogatories and documents requests on the City on December 8, 2020. *See* Ex. A (attached). Plaintiffs took the six requests for admission that were the subject of Plaintiff's motion and broke them up into 103 new, targeted requests. On January 7, 2021 the City served on Plaintiff its Responses and Objections to Plaintiffs' new requests. In these new Responses and Objections, the City continues to refuse to directly admit or deny Plaintiffs Requests, and instead provides only lengthy objections and "admissions" to requests Plaintiffs did not make. As a result, the parties' dispute remains unresolved.

**The City's position:** The City has answered as best it can, given the issues of fact that remain in the case involving the Plaintiff and Defendants Dease, Adger and Breland. The City has made its position clear that if Defendant Dease, Breland or Adger is found to have acted outside the scope of duty and training, against policy or with malice, willful or wanton conduct he or she will not be indemnified by the City and the City will not assume liability under CGS 7-465. The City has answered the discovery requests and can't be more specific about its position until threshold determinations are made by the jury. This is the same approach as that seen in

*Edwards v. City of Hartford*. The City of Hartford had taken the position from the outset that if the HPD officer was found have acted with malice then he would not be indemnified. The jury found malice, and the City did not indemnify. The 2d Circuit upheld the City's approach and determination. The City of New Haven, similarly, has answered that if the jury determines that one of the individual defendants acted outside the scope of duty and training, against policy or with malice, willful or wanton conduct he or she will not be indemnified by the City and the City will not assume liability under CGS 7-465.

                                          Respectfully submitted,

                                                /s/

                                          Ilann M. Maazel