UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERNON HORN, | : | CIVIL NO. 3:18-CV-1502(RNC) |
| *Plaintiff*, | : | *consolidated for discovery purposes* |
| | : | *with* 3:19-CV-0388(RNC) |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, *et al.*, | : | MAY 28, 2021 |
| *Defendants.* | | |

| | | |
|---|---|---|
| MARQUIS JACKSON, | : | CIVIL NO. 3:19-CV-388 (RNC) |
| *Plaintiff*, | : | *consolidated for discovery purposes* |
| | : | *with* 3:18-CV-1502(RNC) |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, *et al.*, | : | MAY 28, 2021 |
| *Defendants.* | | |

**EXPEDITED MOTION TO STAY DEFENDANT STEPHENSON'S SUMMARY JUDGMENT DUE DATES, PENDING THE DECISIONS FROM THE COURT OF APPEALS FOR THE SECOND CIRCUIT**

Defendant Stephenson moves for a stay of his June 7, 2021 due dates to file his motions for summary judgment in the above-captioned cases. *See* (*Horn* DC Doc. 28); (*Jackson* DC Doc. 142). The plaintiffs in each case object. Good cause exists to grant this motion. First, this Court lacks jurisdiction over deciding the merits of the claims against Stephenson and his defenses to same, as there is a colorable interlocutory appeal pending in each case. Second such a stay is necessary in order to prevent the wasteful expenditure of time and resources in briefing premature and possibly entirely needless summary judgment motions at this time.

Stephenson currently has two interlocutory appeals pending in the Second Circuit that would dispose of all or much of these cases if he prevails in whole or in part in those appeals. *See* (*Horn* DC Doc. 93); (*Jackson* DC Doc. 46) *Horn v. City of New Haven*, 19-2418 (2d Cir.)(pending); *Jackson v. City of New Haven*, 19-2443 (2d Cir.). Further, even if Stephenson did not prevail in the appeals, the decision will likely affect the rights, defenses, scope of same, arguments, and the motions for summary judgment themselves in these cases. That is, if Stephenson were to file a motion for summary judgment on June 7th, that motion will be either 1) entirely unnecessary if Stephenson prevails in his appeals, or 2) it would be modified in some way or impacted by the Second Circuit's decisions if he does not prevail. Either way, the motions to be filed by June 7th would likely never actually be put to decision without some change, modification, or refiling.

That is perhaps the best example of needless expenditure of briefing, motion practice, and Court and party resources that comes with such motion practice that is so strongly disfavored by the Court.[1] Finally, the parties still need to take the deposition of Stephenson's retained expert, which is scheduled to occur on June 24,

---

[1] This District and this specific Court have a strong preference and mandate for parties to avoid inefficient or needless motion practice, especially at the summary judgment stage. It was this preference that led to the introduction of Local Rule 56(c), to encourage and mandate counsel to avoid needless motions for summary judgment.

Here, it appears the opposite concern of that Local Rule is at issue: the plaintiffs wish to force defendant Stephenson to file motions for summary judgment that will either be entirely unnecessary or that will be later withdrawn, modified, and refiled once the Second Circuit rules. That certainly cannot be in accord with the spirit or purpose of Local Rule 56(c).

2021.[2] That expert and the deposition will likely be used in the briefing concerning Stephenson's summary judgment motions, which further supports staying the summary judgment deadline for Stephenson. The stay sought will not impact any other obligations or briefing schedules of the other, separately represented parties in this case.

Given the current due date is June 7, 2021, Stephenson files this motion seeking expedited relief. *See* D. Conn. L. Civ. R. 7(a)6. Stephenson also files a memorandum of law in support of this motion. *See* D. Conn. L. Civ. R. 7(a)1.

**WHEREFORE**, the Court should grant this motion and stay Defendant Stephenson's summary judgment due date until 60 days from full resolution of the pending interlocutory appeals in the Second Circuit. *See Horn v. City of New Haven,* 19-2418 (2d Cir.)(pending, submitted for decision Sep. 3, 2020)(2d Cir. Doc. 111); *Jackson v. City of New Haven*, 19-2443 (2d Cir.)(pending, submitted for decision Sep. 3, 2020)(2d Cir. Doc. 117).

Alternatively, if the Court denies this motion for want of jurisdiction to hear it in the first place, Stephenson respectfully requests that the Court also clarify in its ruling that because the Court lacks jurisdiction the claims against Stephenson, that he is therefore not bound by the June 7, 2021 due date for summary judgment,

---

[2] The parties have confirmed this date today, after it the original timeframe needed to be moved for various scheduling conflicts, including for health reasons.

and that a new due date will be issued for Stephenson if or when that ever becomes necessary.

        *Respectfully submitted,*

        DEFENDANT
        Stephenson

        WILLIAM TONG
        ATTORNEY GENERAL


BY:__/s/_*Stephen R. Finucane*_____
   Stephen R. Finucane
   Assistant Attorney General
   110 Sherman Street
   Hartford, CT  06105
   Federal Bar #ct30030
   E-Mail:  stephen.finucane@ct.gov
   Tel: (860) 808-5450
   Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that on May 28, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                     __/s/_Stephen R. Finucane_____
                                                   Stephen R. Finucane
                                                   Assistant Attorney General