**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

August 28, 2023

**By ECF**

Hon. Robert N. Chatigny
United States District Judge
District of Connecticut

    Re:    *Horn v. City of New Haven et al.*, No. 3:18-CV-1502 (RNC) –
              Request for Ruling on Pending Motions

Your Honor:

    We write on behalf of Plaintiff Vernon Horn to respectfully request that the Court promptly resolve the parties' pending motions for summary judgment (ECF Nos. 220, 221, 243, 266).

    After being arrested on March 22, 1999, Mr. Horn was wrongfully imprisoned for nearly two decades for a homicide he did not commit. In 2018, the State of Connecticut moved to vacate Mr. Horn's conviction "in the interest of justice and fair play" on the grounds that "[t]he totality of [new] information developed to date has sufficiently undermined the state's confidence in the judgment of conviction that justice is done by setting the judgment aside." Specifically, cell site evidence developed by the Federal Bureau of Investigation established that Mr. Horn did not possess a cell phone stolen from the murder scene, as the State's two principal witnesses falsely claimed he had. On April 25, 2018, the Superior Court granted the State's motion to vacate Mr. Horn's wrongful conviction dismissed all charges with prejudice. In other words, he was exonerated.

    Mr. Horn promptly filed this action on September 7, 2018, seeking justice for violations of his civil rights by New Haven police detectives and a former state firearms examiner that caused his wrongful conviction. The case has now been pending for almost ***five years***. Its progress has been fitful for many reasons, including extensions of time to complete discovery in the later-filed consolidated case of *Jackson v. City of New Haven et al.*, No. 3:19-CV-388 (*see, e.g.*, ECF No. 197), the onset of the COVID-19 pandemic, and an unsuccessful interlocutory appeal by Defendant James Stephenson from the denial of his motion to dismiss. Nonetheless, the parties completed discovery in the summer of 2021.

    Defendant City of New Haven moved for summary judgment on June 7, 2021. ECF No. 220. Defendants Daryle Breland, Leroy Dease, and Petisia Adger so moved on June 14, 2021. ECF No. 221. Mr. Horn cross-moved for partial summary judgment on September 27, 2021. ECF No. 243. After the Second Circuit denied his interlocutory

appeal (ECF No. 230), Defendant James Stephenson moved for summary judgment on November 3, 2021. ECF No. 266. The Court held oral argument on June 9, 2022. Thus, all the motions have been pending for more than a year and a half, and all motions have been fully submitted for well over a year.

   Mr. Horn therefore respectfully requests that the Court decide the motions promptly. We certainly understand the many demands on the Court's time, the voluminous record in this case, and the number of issues raised by the parties' competing motions. However, "[j]ustice delayed is justice denied." *Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir. 1990) (granting writ of mandamus for 14-month delay in adjudicating petition for writ of habeas corpus). More than five years after Mr. Horn's exoneration—and nearly 25 years after the beginning of this nightmare—it is time for Mr. Horn to be able to move forward and for all parties to have their day in court.

Sincerely yours,


/s/ Douglas Lieb

Douglas E. Lieb

EMERY CELLI BRINCKERHOFF
WARD & MAAZEL LLP

Ilann M. Maazel
Nicholas Bourland

BIRCKHEAD LAW LLC

Tamar R. Birckhead

cc.   All counsel of record (by ECF)