```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT


VERNON HORN,

      Plaintiff,

V.                                      No. 3:18-cv-1502(RNC)

CITY OF NEW HAVEN, ET AL.,

      Defendants.
_____ _____

MARQUIS JACKSON,

      Plaintiff,

V.                                      No. 3:19-cv-388(RNC)

CITY OF NEW HAVEN, ET AL.,

      Defendants.
```

## RULING AND ORDER

Plaintiffs Vernon Horn and Marquis Jackson bring these consolidated actions under 42 U.S.C. § 1983 and state law against the City of New Haven, former New Haven Police Department Detectives Leroy Dease, Petisia Adger and Daryle Breland, and State of Connecticut firearms examiner James Stephenson.  The plaintiffs

1

served lengthy terms of imprisonment for a robbery-murder until their convictions were vacated based on newly discovered evidence.  They claim that their convictions and incarceration were caused by violations of their civil rights and negligence on the part of the Detectives as well as the City.  All the defendants have moved for summary judgment on all the claims.  The Detectives' motion for summary judgment has been addressed in prior rulings.  This memorandum addresses the motion filed by the City.

The Amended Complaint contains five counts against the City:

Count 6 is a claim under § 1983 alleging that the City had a policy of unconstitutional investigative techniques, including suppression of exculpatory evidence ("Monell claim");

Count 9 is a claim for indemnification under Conn. Gen. Stat § 7-465, alleging that the City is liable for damages caused by the Detectives' conduct in violation of the plaintiffs' civil rights;

2

Count 10 is a claim against the City under Conn. Gen. Stat. § 52-577n, predicated on the Detectives' breach of a duty owed to the plaintiffs to "exercise reasonable care in the investigation of crimes, to reasonably pursue and disclose exculpatory evidence and to refrain from fabricating evidence";

Count 12 is an indemnification claim under Conn. Gen. Stat. § 7-465, alleging that the City is liable for damages caused by the Detectives' breach of their duty to exercise reasonable care as alleged in count 10;

and

Count 13 is a claim under Conn. Gen. Stat. § 52-5774, alleging that non-disclosure and non-reporting of the telephone records, which caused the plaintiffs to languish in prison for nearly two decades, was caused by the City's negligent failure to establish and implement effective procedures relating to exculpatory evidence and protecting against the wrongful arrest and incarceration of innocent persons.

The City has moved for summary judgment on the following grounds: the evidence is insufficient to support a verdict against the City on the Monell claim; the claims are barred by the applicable statutes of limitations; the state law claims are barred by governmental immunity; and the City is not liable for indemnification because the Amended Complaint alleges that the Detectives' engaged in intentional misconduct.

The motion for summary judgment on the Monell claim (count 6) has been granted in part and denied in part in a previous text order, ECF 330, and requires no further discussion here.  Consistent with that order, the motion for summary judgment on the corresponding indemnification claim (count 9) is hereby denied.

With regard to the remaining claims:

The motion for summary judgment on the direct claim against the City arising from the Detectives' alleged breach of the duty of reasonable care (count 10) is hereby granted in part and denied in part consistent with the prior ruling on the Detectives'

4

motion for summary judgment on the negligence claims against them. ECF 332. In short, the claim against the City survives the present motion insofar as it is based on post-conviction negligent acts and omissions relating to disclosure of exculpatory evidence. The motion for summary judgment on the corresponding indemnification claim (count 12) is accordingly denied.

and

    The motion for summary judgment on the claim relating to the City's negligent failure to adopt and implement procedures, training and supervision (count 13) is hereby granted in part and denied in part consistent with the prior ruling on the negligence claim against the Detectives.

    So ordered this 29th day of March 2024.

                                          _____/s/ RNC_____
                                                Robert N. Chatigny
                                          Unites States District Judge