UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERNON HORN | : | NO.: 3:18-CV-01502 (RNC) |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | APRIL 5, 2024 |

## CITY OF NEW HAVEN'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

**I.    MOTIONS FOR RECONSIDERATION**

A motion for reconsideration must "adhere to stringent standards." *Gold v. Dalkon Shield Claimants Trust*, No. 5:82-CV-383 (EBB), 1998 WL 422900 at *2 (D. Conn. 1998). The movant must show that the Court overlooked matters or controlling decisions which might reasonably have altered the court's result. *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). The application of these standards is intended to prevent "wasteful repetition of arguments already briefed, considered and decided." *Schonberger*, 742 F.Supp. at 119.

**II.    GROUNDS FOR RECONSIDERATION**

The Court, in rendering its decision [Doc. 334] on the Defendant City of New Haven's ("City") motion for summary judgment [Doc. 220], allowed the Plaintiff's negligence claims against the City, pled in Counts 10 and 13 of the Amended Complaint, to proceed to trial. In rendering its decision, the Court addressed the applicability of the two-year statute of limitations contained in C.G.S. § 52-584, finding that it was not a bar to the negligence claims; however, the Court did not address the applicability and impact of C.G.S. § 52-584's three-year statute of repose. The statute of repose contained in C.G.S. § 52-584 was raised as a ground for summary judgment by

the City (See Doc. 220, ¶6), and is an absolute bar to claims for injuries outside the repose period.

The three-year statute of repose set forth in C.G.S.§ 52-584 specifies the repose period beyond which a cause of action under is *absolutely barred*. *See Rosato*, 82 Conn. App. 396; *McDonald v. Haynes Medical Laboratory, Inc.*, 192 Conn. 327, 334 (1984).  "The statutory clock on this three-year time limit ***begins to run when the negligent conduct*** of the defendant ***occurs***." *Johnson*, 64 Conn. App. 643, 648 (2001) (emphasis added).  A cause of action may, therefore, can be time-barred even where no injury occurs within the three years following defendant's alleged negligent act or omission. *Id.*

The Connecticut Supreme Court has held that the purpose of a statute of limitation or of repose is to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents or otherwise. *Neuhaus v. Decholnoky*, *supra*, 280 Conn. 190, 206–07 (2006).

The Connecticut Appellate Court has held that "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the rippling's of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree ... The statute of limitations and repose sections are a way of

implementing the public policy of limiting the legal consequences of wrongs to a controllable degree." *Golden v. Johnson Memorial Hospital, Inc.*, *supra*, 66 Conn.App. 518, 527–28, (2001).

The State of Connecticut has established, through the enactment of C.G.S. § 52-584, that negligence claims shall not be brought more than three years from the date of the negligent conduct at issue. The State has the right, as a matter of policy, to limit the time period within which a tort action for negligent conduct can proceed.

Accordingly, the Defendant, City of New Haven, asks this Court to reconsider its ruling [Doc 334] and enter an order that the City is entitled to summary judgment on any claim in Counts 10 and 13 for negligent conduct that occurred more than three years prior to the date suit was commenced.

DEFENDANT,
CITY OF NEW HAVEN


By_____/s/ Thomas R. Gerarde_____
     Thomas R. Gerarde (ct05640)
     Amanda E. Stone (ct31531)
     Howd & Ludorf, LLC
     100 Great Meadow Road
     Suite 201
     Wethersfield, CT  06109
     Ph:  (860) 249-1361
     Fax:  (860) 249-7665
     E-mail: tgerarde@hl-law.com
     E-mail:  astone@hl-law.com