# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON HORN,<br><br>         Plaintiff,<br><br> -against-<br><br>CITY OF NEW HAVEN; and LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities,<br><br>         Defendants. | Civ. No. 3:18-CV-01502 (RNC)<br><br><br><br>April 9, 2024 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF NEW HAVEN'S MOTION FOR RECONSIDERATION

  The Court should deny the City of New Haven's motion to reconsider its ruling that Plaintiff's state-law claims against the City are timely. ECF No. 345. The City's assertion that the Court "did not address the applicability and impact of C.G.S. § 52-584's statute of repose," ECF No. 345-1 at 1, is simply wrong.

  In denying the City's motion for summary judgment on statute-of-limitations grounds, the Court adopted its reasoning in denying the Detectives' motion on statute-of-limitations grounds. ECF No. 334 at 4-5. In denying the Detectives' motion, the Court expressly noted and considered the three-year repose provision of General Statute § 52-584. *See* ECF No. 332 at 7 ("The statute of limitations that applies to the negligence claims, Conn. Gen. Stat. § 52-584, has both a discovery provision and a repose provision: it requires that the claim be brought within two years of the date the injury is discovered or should have been discovered with reasonable diligence, and not more than three years from the relevant act or omission.").

The Court relied upon three cases to reject the Detectives' argument that Plaintiffs' negligence claims were untimely under § 52-584 and to conclude that Plaintiffs' claims were unripe while their convictions were intact: *Taylor v. Wallace*, 184 Conn. App. 43, 51 (2018); *Birch v. Town of New Milford*, No. 20-CV-1790, 2021 WL 4932405, at *21 (D. Conn. Sept. 24, 2021); and *Esposito v. Aldarando*, No. 22-CV-621, 2023 WL 2228412 (D. Conn. Feb. 24, 2023).

Two of these cases expressly deal with Connecticut statutes of repose and hold that they do not bar analogous claims. In *Birch*, which is also a wrongful conviction case, Judge Bolden concluded that the pendency of the criminal proceedings against the plaintiff tolled the repose provision of § 52-584 and that the plaintiff's negligence claims brought after his exoneration were therefore timely. 2021 WL 4932405, at *20-21. *Esposito* used the same logic to conclude that the plaintiff's claims were timely under General Statute § 52-577, *see* 2023 WL 2228412, at *6-7, which is also a "statute of repose," *Birch*, 2021 WL 4932405, at *19. Both of these cases applied the controlling authority of *Taylor*, 184 Conn. App. 43, in the same manner the Court did here.

Thus, contrary to the City's claim, the Court plainly *did* "address the applicability and impact of C.G.S. § 52-584's statute of repose" by discussing controlling and persuasive authority finding that it does not bar claims analogous to Plaintiff's. The Court has fully considered the City's argument and ruled on it. While the City does not like the Court's answer, its motion fails to identify any "controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. Local Civ. R. 7(c)(1). The Court should swiftly deny the motion.

Dated: April 9, 2024

Respectfully submitted,

The Plaintiff,
VERNON HORN

By His Counsel:

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP

Ilann M. Maazel, *pro hac vice*
Nicholas Bourland, *pro hac vice*
600 Fifth Ave, 10th Floor
New York, NY 10017
(212) 763-5000
imaazel@ecbawm.com
nbourland@ecbawm.com

KAUFMAN LIEB LEBOWITZ & FRICK LLP

    */s/*   *Douglas E. Lieb*
Douglas E. Lieb, ct31164
Kaufman Lieb Lebowitz & Frick LLP
18 East 48th Street, Suite 802
New York, NY 10017
(212) 660-2332
dlieb@kllf-law.com