UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERNON HORN, | : | CIVIL NO. 3:18-CV-1502 (RNC) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, *et al.*, | : | |
| | : | |
| Defendants. | : | APRIL 17, 2024 |

## **NOTICE OF APPEAL**

Pursuant to Federal Rule of Appellate Procedure 3(a)(1), notice is hereby given that the undersigned Defendants, the ESTATE OF LEROY DEASE, PETISIA ADGER, and DARYLE BRELAND ("Defendants"), hereby appeal to the United States Court of Appeals for the Second Circuit from the following decision of this Court:

1. RULING ON MOTION FOR SUMMARY JUDGMENT [Doc. Nos. 308, 312, 320, 329, 331 and 332] final order dated March 19, 2024, by the Court, (*Chatigny J.*) denying summary judgment, in part, as to Defendants. The Defendants are specifically appealing the Court's denial of qualified immunity as to Defendants regarding the Plaintiff's §1983 *Brady* claims and failure to intervene claim. *See specifically*, Ruling on Motion for Summary Judgment [Doc. Nos. 320 and 331].

The Court ruled on the Defendants' Motion for Summary Judgment in several parts [Doc. Nos. 308, 312, 320, 329, 331 and 332]. The Court's ruling pertaining to qualified immunity regarding the §1983 claims *at issue in this Appeal* occurred in multiple parts: (1) a hearing on November 13, 2023 (Doc. No. 308), thereafter transcribed (Doc. No. 312) and finalized/corrected (Doc. No. 320); and (2) a written opinion issued on March 19, 2024 (Doc. No. 329) and Docket Annotation (Doc. No. 331). For purposes of the time limitations imposed under Federal Rule of Appellate Procedure 4, the Court was clear that the portion of the opinion issued on November 13, 2023 was not final and appealable until an order was issued on the docket that concluded the

Court's rulings. (Doc. No. 320, pp. 49-50). Notably, the Court, on November 13, 2023, had requested additional briefing from parties and also had not fully ruled on claims relevant to this Notice of Appeal. The final ruling on the Defendants' Motion for Summary Judgment (Doc. No. 331), as it pertains to this Appeal, was issued on March 19, 2024 and is attached as Exhibit A. Further, the transcript from the Court's initial, partial rulings on November 13, 2023 (Doc. No. 320) is attached as Exhibit B as said rulings are referenced in the final ruling (Doc. No. 331).

The Defendants take this Interlocutory Appeal to the extent the District Court denied the Defendants' Motion for Summary Judgment premised on, *inter alia*, qualified immunity for the §1983 *Brady* claims and failure to intervene claim. *Mitchell v. Forsyth*, 472 U.S. 511, 526-30 (1985); *Washington Square Post #1212 v. Maduro*, 907 F.2d 1288, 1292 n.1 (2nd Cir. 1990).

In prosecuting this Interlocutory Appeal based on the denial of qualified immunity, the Defendants rely on undisputed facts, the Plaintiff's version of any disputed fact, and the facts clearly ascertainable from viewing the record evidence. Ordinarily, "the denial of a motion for summary judgment is not immediately appealable because such a decision is not a final judgment." *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 38 (2d Cir.2003). But interlocutory appeals are encouraged in qualified immunity cases because, as the Supreme Court has emphasized, the qualified immunity issue should be resolved early in the proceedings since qualified immunity protects an officer from suit. *Saucier v. Katz*, 533 U.S. 194, 200, 121 S.Ct. 2151. The denial of a motion for summary judgment on the ground of qualified immunity is thus immediately appealable, but only to the extent that the district court's denial turns on an issue of law. See, *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Johnson v. Jones*, 515 U.S. 304, 317-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Martinez v. Simonetti*, 202 F.3d 625, 632 (2d Cir.2000). In turn, even where the district court rules that material disputes of fact preclude summary judgment on qualified immunity, "we may still exercise interlocutory

jurisdiction if the defendant contests the existence of a dispute or the materiality thereof, or contends that he is entitled to qualified immunity even under plaintiff's version of the facts." *Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir.1998); See, *O'Bert*, 331 F.3d at 38; *Salim v. Proulx*, 93 F.3d 86, 90-91 (2d Cir.1996); *Cowan ex rel. Estate of Cooper v. Breen*, 352 F.3d 756, 761(2nd Cir. 2003).

The Defendants expressly reserve all rights to file an amendment to the foregoing Notice of Interlocutory Appeal and/or an Amended Notice of Interlocutory Appeal pertaining to any rulings, decisions, orders or judgments relating to any motions and/or objections pending before this Court.

Respectfully submitted,

   */s/ Thomas E. Katon*
Thomas E. Katon
SUSMAN, DUFFY & SEGALOFF, P.C.
700 State Street, Suite 100
New Haven, CT 06511
(203) 624-9830
Federal Bar #ct01565
*tkaton@susmanduffy.com*
*Attorneys for Defendants*
*ESTATE OF LEROY DEASE, PETISIA*
*ADGER, and DARYLE BRELAND*

*-and-*

NIELSEN, ZEHE & ANTAS, P.C.
Bradford S. Krause
Jack J. Murphy
Jenna L. Mahoney
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
*bkrause@nzalaw.com*
*jmurphy@nzalaw.com*
*jmahoney@nzalaw.com*
*Admitted Pro Hac Vice*

# CERTIFICATION

I hereby certify that on April 17, 2024, a copy of the above was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                  */s/ Thomas E. Katon*
                                                  Thomas E. Katon
SUSMAN, DUFFY & SEGALOFF, P.C.
700 State Street, Suite 100
New Haven, CT 06511
(203) 624-9830
Federal Bar #ct01565

Ilaan M. Maazel
Nicholas Bourland
EMERY, CELLI, BRINCKERHOFF & ABADY, LLP
600 Fifth Avenue at Rockefeller Center, 10th Floor
New York, NY 10020
(212) 763-5000
*imaazel@ecbalaw.com*
*nbourland@ecbawm.com*

Douglas Edward Lieb
Kaufman Lieb Lebowitz & Frick LLP
18 East 48th Street
Suite 802
New York, NY 10017
212-660-2332
*dlieb@kllflaw.com*

***Attorneys for Plaintiff, Vernon Horn***

Thomas R. Gerarde
Katherine E. Rule
Amanda Stone
Alan Raymond Dembiczak
HOWD & LUDORF, LLC
100 Great Meadow Road Ste 201
Wethersfield, CT 06109
(860) 249-1361
*tgerarde@hl-law.com*
*krule@hl-law.com*
*astone@hl-law.com*
*adembiczak@hl-law.com*

*Attorneys for the City of New Haven*

Thomas E. Katon
SUSMAN, DUFFY & SEGALOFF, P.C.
700 State Street, Suite 100
New Haven, CT 06511
(203) 624-9830
*tkaton@susmanduffy.com*

Bradford Scott Krause
John J Murphy
Jenna L Mahoney
Nielsen, Zehe & Antas, P.C.
55 W Monroe Street
Suite 1800
Chicago, IL 60603
*bkrause@nzalaw.com*
*jmurphy@nzalaw.com*
*jmahoney@nzalaw.com*

*Attorneys for Estate of Leroy Dease, Petisia Adger, Daryle Breland*


Stephen R. Finucane
Edward D. Rowley
Terrence M. O'Neill
OFFICE OF THE ATTORNEY GENERAL--SHERMAN
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105
*Stephen.finucane@ct.gov*
*Edward.rowley@ct.gov*
*Terrence.oneill@ct.gov*

*Attorneys for James Stephenson*