| | |
|---|---|
| VERNON HORN,<br><br>    Plaintiff,<br><br> -against-<br><br>CITY OF NEW HAVEN; and LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities,<br><br>    Defendants. | No. 3:18 Civ. 1502 (RNC) |

**PLAINTIFF VERNON HORN'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO CERTIFY THE DETECTIVES' APPEAL AS FRIVOLOUS**

**Emery Celli Brinckerhoff Abady Ward & Maazel LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

# THE DETECTIVES' INTERLOCUTORY APPEAL IS BASELESS
# AND ONLY SERVES TO DELAY AN INEVITABLE TRIAL

After over five years of litigation, including a previous unsuccessful interlocutory appeal filed by another Defendant at the motion-to-dismiss stage, New Haven Police Department Detectives Leroy Dease, Petisia Adger, and Daryle Breland (the "Detectives") will soon have to face Plaintiff Vernon Horn at trial. Unable to defeat Plaintiff's suit on summary judgment, the Detectives have resorted to the last pre-trial delay tactic in the Section 1983 defense playbook: a frivolous interlocutory appeal of the Court's well-reasoned order denying the Detectives qualified immunity.

To prevent the Detectives from further delaying a trial by many months until the Second Circuit inevitably denies the Detectives' appeal, the Court should follow the well-established practice used by courts in this circuit and beyond, certify the Detectives' appeal as frivolous, and retain dual jurisdiction over this case with the Second Circuit.

The Detectives' arguments in opposition to Plaintiff's motion are unavailing: (1) Plaintiff's *Brady* rights at issue in this case were clearly established well before Plaintiff's trial and wrongful conviction; the Detectives have never offered a substantive argument to the contrary, including in their latest brief; (2) in support of their appeal, the Detectives rely heavily on a legal standard—the "shocks the conscience" test applicable to substantive due process claims—that has zero bearing on Plaintiff's *Brady* claims; and (3) the Court correctly determined that issues of fact exist with respect to the reasonableness of the Detectives' actions, including their intent, regarding their suppression of exculpatory evidence, depriving the Second Circuit of appellate jurisdiction over the Detectives' interlocutory appeal.

## I. DISTRICT COURTS ROUTINELY CERTIFY INTERLOCUTORY QUALIFIED IMMUNITY APPEALS AS FRIVOLOUS AND RETAIN DUAL JURISDICTION WITH A COURT OF APPEALS

Plaintiff's motion to certify the Detectives' appeal as frivolous is consistent with the approach taken by district courts nationwide. *See* Pl's Br. at 1-2 (collecting cases). Contrary to the Detectives' statement that "courts rarely make such a finding," Defs' Br. at 1, district courts throughout the Second Circuit, including the District of Connecticut, have followed this procedure, certified appeals as frivolous, and retained dual jurisdiction while an interlocutory appeal is pending. And they have done so in cases just like this—where a municipal or state defendant files a baseless interlocutory immunity appeal. *See, e.g., Nat'l Ass'n for the Advancement of Colored People v. Merrill*, No. 18 Civ. 1094, 2019 WL 4917539, at *2 (D. Conn. May 8, 2019) (certifying Connecticut Secretary of State's Eleventh Amendment immunity appeal as frivolous and retaining dual jurisdiction with the Second Circuit); *Betances v. Fischer*, 140 F. Supp. 3d 294, 308 (S.D.N.Y. 2015), *aff'd* 837 F.3d 162 (2d Cir. 2016) (certifying defendant state prison officials' interlocutory qualified immunity appeal as frivolous where the "record foreclose[d] defendants' qualified immunity defense" and the interests of justice and judicial economy favored the district court retaining dual jurisdiction); *Pearce v. LaBella*, 10 Civ. 1569, 2013 WL 12411801, at *4 (N.D.N.Y. Oct. 11, 2013) (granting motion to certify defendant police chief's interlocutory qualified immunity appeal as frivolous where the district court had determined on summary judgment that defendant was "not entitled to qualified immunity . . . based on disputed issues of fact, not on a matter of law," which was clearly established); *Bean v. City of Buffalo*, 822 F. Supp. 1016, 1019 (W.D.N.Y. 1993) (certifying defendant police officers' appeal as frivolous "because it is grounded either upon questions of fact and is therefore not appealable under the 'collateral order doctrine,' or upon an unsupportable legal proposition").

2

Plaintiff spent nearly two decades in prison for a crime he did not commit and, following his exoneration, has been waiting for over five years to hold the Detectives and the City of New Haven accountable for their violations of his constitutional rights and resulting wrongful conviction. Given the life-altering, enduring damages Plaintiff has suffered and the "protracted history of this case, dual jurisdiction strikes the appropriate balance between the interests of [P]laintiff[], defendants, and the judiciary." *Betances*, 140 F. Supp. 3d at 308. "The delays in this case have caused substantial hardship" to Plaintiff, and "additional postponements will only exacerbate these harms." *Id.* Plaintiff's instant motion is consistent with widely-accepted procedure adopted by courts in this circuit and beyond, and should be granted.

II. **THE SECOND CIRCUIT LACKS APPELLATE JURISDICTION TO REVIEW THIS COURT'S DENIAL OF QUALIFIED IMMUNITY TO THE DETECTIVES**

For three reasons, the Court of Appeals does not have appellate jurisdiction to review this Court's denial of qualified immunity to the Detectives on summary judgment as to any of Plaintiff's remaining claims. *First*, Plaintiff's relevant constitutional rights were clearly established at the time of his conviction. *Second*, in opposing this motion with respect to Plaintiff's *Brady* claims, the Detectives apply the wrong test—the "shocks the conscience" standard applicable to witness coercion claims. *Third*, applying the correct test, the issue of the reasonableness of the Detectives' actions that violated Plaintiff's *Brady* rights cannot be decided as a matter of law until relevant factual disputes are resolved by a jury.

**Plaintiff's *Brady* rights were clearly established well before he was tried and wrongfully convicted.** In their summary judgment papers and in the brief they filed in opposition to this motion, the Detectives have not even attempted to explain how Plaintiff's *Brady* rights at issue in this case were not clearly established at the time of Plaintiff's conviction. *See Horn v. City of New Haven*, No. 18 Civ. 1502, 2024 WL 1261421, at *8 (D. Conn. Mar. 19,

3

2024) (noting that qualified immunity is "assessed in light of the legal rules that were 'clearly established' at the time the action was taken"). Plaintiff's applicable *Brady* rights were established well before Plaintiff's 2000 criminal trial. *See Walker v. City of N.Y.*, 974 F.2d 293, 299 (1992) ("[T]he police satisfy their obligations under *Brady* when they turn exculpatory evidence over to prosecutors."); *Poventud v. City of N.Y.*, No. 07 Civ. 3998, 2015 WL 1062186, at *8 (S.D.N.Y. Mar. 9, 2015) (noting that *Walker* clearly established in 1992 that "impeachment evidence relating to the identification of a suspect by a witness is material and must be disclosed"). Any argument to the contrary by the Detectives would be makeweight and should not delay a long-awaited trial in this case.

**The "shocks the conscience" test relied upon by the Detectives does not apply to Plaintiff's *Brady* claims and cannot create appellate jurisdiction.** As the Court noted in its summary judgment decision, "[a] Brady violation occurs when [exculpatory] evidence . . . is not disclosed and there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different." *Horn*, 2024 WL 1261421, at *6. "To prevail on such a claim, a plaintiff must show the materiality of the nondisclosed evidence, a showing that does not depend on factual innocence, but rather what would have been proven absent the violation with reference to the likely effect that the suppression of the particular evidence had on the outcome of the trial." *Bellamy v. City of N.Y.*, 914 F.3d 727, 751 (2d Cir. 2019) (cleaned up).

The Detectives ignore the applicable *Brady* test and instead erroneously assert that the Second Circuit has jurisdiction to hear their qualified immunity appeal because Plaintiff's *Brady* claims are related to the Detectives' interrogation of witnesses, and therefore Plaintiff must prove that the Detectives' conduct "shocks the conscience," which the Detectives maintain is an "issue of law," not an issue of fact. Defs' Br. at 10. In support of this position, the Detectives cite

4

*Mara v. Rilling*, 921 F.3d 48 (2d Cir. 2019), which held that with respect to a *substantive due process claim* related to the coercive interrogation of criminal suspects, the challenged interrogation methods must be "so shocking, brutal, and inhumane that every reasonable police officer would be compelled to recognize that they violated substantive due process," *id.* at 81-81. The Detectives are mistaken. Neither *Mara* nor the substantive due process "shocks the conscience" standard applied in that case has anything to do with *Brady*. "[T]he constitutional right defined by *Brady* and its progeny is the criminal defendant's *procedural due process* right to the disclosure of evidence that is material to his guilt or punishment." *Poventud v. City of N.Y.*, 750 F.3d 121, 155 (2d Cir. 2014) (emphasis added). In this case, when evaluating whether the Detectives are immune to Plaintiff's *Brady* claims, neither this Court nor the Second Circuit will be asked to determine whether the detectives' suppression of exculpatory witness statements or phone records "shocks the conscious." The Detectives' central *Brady* appellate argument is irrelevant.

**Fact disputes regarding the reasonableness of the Detectives' evidence suppression deprive the Second Circuit of appellate jurisdiction.** Where a defendant's interlocutory qualified immunity appeal "turns on an issue of fact rather than on a question of law," including issues related to the defendants' intent, the appeal "must [] be dismissed for lack of appellate jurisdiction." *Locurto v. Safir*, 264 F.3d 154, 170 (2d Cir. 2001); *see Jok v. City of Burlington, Vt.*, 96 F.4th 291, 296 (2d Cir. 2024) (dismissing interlocutory qualified immunity appeal for lack of jurisdiction where the district court held that "[s]ummary judgment . . . [could not] be granted on the basis of qualified immunity because there existed disputes of fact and those disputes [were] material and genuine," and "[t]hose disputes [had] neither been resolved nor set aside for purposes of th[e] [defendants'] appeal" (cleaned up)); *Franco v. Gunsalus*, 972 F.3d

170, 174 (2d Cir. 2020) (dismissing interlocutory qualified immunity appeal for lack of jurisdiction and noting: "Where [] there remains a genuine factual dispute, the existence of qualified immunity cannot be determined until the factual dispute is resolved. And an appellate court lacks jurisdiction to review a denial of qualified immunity by a district court based on the existence of such a factual dispute."); *Forras v. Andros*, 184 F. App'x 33, 35 (2d Cir. 2006) (dismissing interlocutory qualified immunity appeal for lack of jurisdiction where the district court found that "many unanswered questions of [the defendants'] intent remain").

Here, after reviewing the parties' voluminous briefing and record submitted on summary judgment, and hearing extensive oral argument regarding the same, the Court determined that, accepting Thompson's and Pearson's deposition testimony as true, Detectives Dease and Breland are not entitled to qualified immunity regarding the suppressed Thompson and Pearson statements because Thompson's and Pearson's exculpatory off-the-record statements contradicted the coerced, inculpatory statements the Detectives forwarded to the prosecutor, and "[a]ny reasonable officer would have known" that failure to reveal exculpatory off-the-record statements to the prosecutor would violate *Brady*." *Horn*, 2024 WL 1261421, at *8. Likewise, the Court held that "whether the [phone] records were intentionally withheld also presents a genuine issue for trial." *Id.* at *9. Thus, even if the Detectives had properly raised qualified immunity arguments with respect to each of Plaintiff's *Brady* and related failure to intervene claims (as explained in Plaintiff's opening brief, the Detectives did not), their appeal would still founder on issues of fact that the Court of Appeals lacks jurisdiction to review at this interlocutory posture.

* * *

For the foregoing reasons and those provided in Plaintiff's opening brief, Plaintiff respectfully requests that the Court certify the Detectives' appeal as frivolous, retain dual jurisdiction with the Court of Appeals, and set a trial date so Plaintiff can have his day in court.

Dated: July 15, 2024
      New York, New York

                                    EMERY CELLI BRINCKERHOFF
                                    ABADY WARD & MAAZEL LLP

                                                /s/
                                    Ilann M. Maazel
                                    Nick Bourland

                                    600 Fifth Avenue, 10th Floor
                                    New York, New York 10020
                                    imaazel@ecbawm.com
                                    nbourland@ecbawm.com
                                    (212) 763-5000

                                    *Attorneys for Plaintiff Vernon Horn*