UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VERNON HORN | : | NO.: 3:18-CV-01502 KAD |
| | : | |
| v. | : | |
| | : | |
| CITY OF NEW HAVEN, ET AL | : | JULY 10, 2026 |

## DEFENDANT, CITY OF NEW HAVEN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE INADMISSIBLE HEARSAY UNDER FED. R. EVID. 801(4)(b)(1)

Defendant, City of New Haven, hereby files this Memorandum of Law in support of its Motion *in Limine* to preclude all prior testimony designations that plaintiffs may offer from proceedings that the City was not a party to, as inadmissible hearsay under Rule 804(b)(1) of the Federal Rules of Evidence. The parties have not yet exchanged their designations of testimony in accordance with the Court's Standing Order on Joint Trial Memoranda in Civil Cases, [Doc. #395][1] and [Doc. #333][2]; however, the City respectfully requests that this Court preclude any designations offered by the plaintiffs from proceedings that the City was not a party to.

## I.    LAW AND ARGUMENT

Federal Rule of Evidence 804(b)(1) allows the admission of hearsay testimony "if the declarant is unavailable as a witness" and the testimony "was given as a witness at a trial, hearing, or lawful deposition," and "is now offered against a party who had – or, in a civil case, whose predecessor in interest had – an opportunity and similar motive to develop it by direct, cross, or redirect examination." Fed. R. Evid. 804(b)(1).

---

[1]    Referring to the docket in *Horn v. City of New Haven et al* (3:19-cv-01502-KAD).
[2]    Referring to the docket in *Jackson v. City of New Haven et al* (3:19-cv-00388-KAD).

A party seeking to offer prior testimony under Rule 804(b)(1) bears the burden of showing unavailability, notwithstanding due diligence. *See U.S. v. Amato,* No. 03-CR-1382(NGG), 2006 WL 1788190, at *1 (E.D.N.Y. June 26, 2006). A declarant will be considered unavailable as a witness if the declarant:

(1)    Is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

(2)    Refuses to testify about the subject matter despite a court order to do so;

(3)    Testifies to not remembering the subject matter;

(4)    Cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5)    Is absent from the trial or hearing about and the statement's proponent has not been able, by process or other reasonable means, to procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

Fed. R. Evid. 804(a).

The proponent of the testimony also bears the burden of showing by a preponderance of the evidence that the party against whom the testimony is offered is the same as in the prior proceeding, or is a predecessor in interest to said party, and that such party had the same motive and opportunity to examine the witness. *U.S. v. Salerno*, 505 U.S. 317, 321 (1992). "If the opportunity to cross-examine is lacking, the prior testimony must be excluded." *United States v. Jackson*, 335 F.3d 170, 177 (2d Cir. 2003) (holding former testimony inadmissible because opportunity to cross-examine a defendant at a plea hearing is "quite limited and does not include the opportunity to engage in the type of examination contemplated by Rule 804(b)(1)").

In assessing similarity of motive under Rule 804(b)(1), the Court must consider "whether the party resisting the offered testimony at a pending proceeding had at a prior proceeding an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue." *U.S. v. DiNapoli*, 8 F.3d 909, 914-915 (2d Cir. 1993) (If a fact is critical to a cause of action at a second proceeding but the same fact was only peripherally related to a different cause of action at a first proceeding, no one would claim that the questioner had a similar motive at both proceedings to show that the fact had been established (or disproved)."). *Id.*, at 912. If the matters in dispute in the first trial are essentially identical to those in dispute at the next trial, the importance of those matters to the outcome of both proceedings is also the same. *United States v. Mejia*, 376 F. Supp.2d 460, 468 (S.D.N.Y. 2005). "The legislative history of the rule as it now stands makes it clear that Congress intended this exception to the hearsay rule to be narrowly construed." *In re Master Key Antitrust Litig.*, 72 F.R.D. 108, 109 (D. Conn. 1976).

The Second Circuit has not yet defined who qualifies as a "predecessor in interest under Rule 804(b)(1)(B). *Askew v. Lindsay*, No. 21-799-PR, 2022 WL 17748623, at *2 (2d Cir. Aug. 1, 2022). However, in *Annunziata v. City of New* York, the Court found that a state prosecutor in plaintiff's criminal trial could not be considered a predecessor in interest to the City of New York and municipal police officers, the defendants in plaintiff's subsequent § 1983 action. No. 06 CIV. 7637 (SAS), 2008 WL 2229903, at *8 (S.D.N.Y. May 28, 2008). The Court also found that, assuming *arguendo* that the State was a "predecessor in interest" of the municipal defendants in plaintiff's § 1983 action, the prosecutor did not have a "similar motive" to develop the witness

testimony plaintiff sought to offer. *Id.* The Court found that the prosecutor in a deposition taken by plaintiff pertaining to his criminal case had no motive to inquire about the alleged coercion exerted upon the witness by police, and once the witness had recanted, the prosecutor had little motive to question him further, despite the fact that the prosecutor could have tried to rehabilitate the witness by introducing his grand jury testimony; therefore, the prosecutor did not have a similar motive to develop the testimony as the municipal defendants would in plaintiff's § 1983 action. *Id.* at *9.

Applied here, if either Mr. Horn or Mr. Jackson designate testimony of individuals that they can also demonstrate are unavailable as required by Rule 804, such testimony is inadmissible if the City of New Haven was not a party to the proceedings unless the plaintiffs can demonstrate that the City is a predecessor in interest to the party or parties in which the testimony was originally offered against, prior to the admission of any such testimony by this Court.

Whether or not the City can be considered a predecessor in interest to a party in which prior testimony was offered against in another proceeding is dependent on the facts, parties, and nature of the prior proceedings. Accordingly, the City reserves the right to supplement its motion *in limine* following the parties' exchange of their designations as to the admissibility of said designations under Rule 801(4)(b)(1).

WHEREFORE, the defendant, City of New Haven, respectfully requests that its Motion *in Limine* be granted.

DEFENDANT,
CITY OF NEW HAVEN


By_____/s/ Thomas R. Gerarde_____
    Thomas R. Gerarde (ct05640)
    Alan R. Dembiczak (ct25755)
    Amanda E. Stone (ct31531)
    Abigail R. Willauer (ct31834)
    Eric E. Gerarde (ct31120)
    Howd & Ludorf, LLC
    100 Great Meadow Road
    Suite 201
    Wethersfield, CT  06109
    Ph:  (860) 249-1361
    Fax:  (860) 249-7665
    E-mail: tgerarde@hl-law.com
    E-mail adembiczak@hl-law.com
    E-mail: astone@hl-law.com
    E-mail: awillauer@hl-law.com
    E-mail: egerarde@hl-law.com