| | |
|---|---|
| VERNON HORN,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF NEW HAVEN; and ESTATE OF LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities,<br><br>    Defendants.<br><hr><br>MARQUIS JACKSON,<br><br>    Plaintiff,<br><br> v.<br><br>CITY OF NEW HAVEN; and ESTATE OF LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities,<br><br>    Defendants. | Case No.: 3:18-CV-1502 (KAD)<br><br><br><br><br><br><br><br><br><br><br>Case No.: 3:19-CV-388 (KAD) |

## DETECTIVE DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE REFERENCE TO OTHER LAWSUITS, DISCIPLINARY EVENTS, CITIZEN COMPLAINTS OR NEWSPAPER ARTICLES CONCERNING DETECTIVE DEFENDANTS

NOW COME Defendants, THE ESTATE OF LEROY DEASE, PETISIA ADGER, and

DARYLE BRELAND (Detective Defendants) and for their Memorandum of Law in Support of

Motion in Limine No. 1, state as follows:

Detective Defendants seek to bar any evidence, testimony, or argument concerning: (1) any

other lawsuits filed against Detective Defendants; (2) any complaints listed on Individual

Defendants' CR histories; (3) Individual Defendants' disciplinary histories; (4) any internal affairs

investigations; and (5) any internal investigations produced in this case pursuant to Federal Rules of Evidence 401 and 403. This evidence is irrelevant, inadmissible hearsay, and is substantially more prejudicial considering the minimal probative value such evidence holds.

## FACTUAL BACKGROUND

This matter arises from the investigation into the January 24, 1999 robbery and homicide at the Dixwell Deli in New Haven, during which Caprice Hardy was murdered after three gunmen entered the store and robbed it.  During the robbery, one of the gunmen took a phone from a witness, Vernon Butler. The Detective Defendants were assigned to investigate the offense.

Over the course of the investigation, the Detective Defendants collected eyewitness accounts, conducted photo identifications, interviewed individuals connected to the incident, obtained phone records pursuant to voluntary disclosure as well as by search warrants, and recovered physical evidence linking a third participant to the crime scene. The investigation ultimately resulted in the arrest and prosecution of Vernon Horn and Marquis Jackson. The third participant, Steven Brown, was also arrested and convicted of the Caprice Hardy murder. The validity of that conviction was never contested.

The plaintiff alleges that the Detective Defendants' investigation was tainted by succession of Brady violations, as well as the suppression and fabrication of evidence which rise to the level of constitutional violations. They claim entitlement to damages pursuant to 42 U.S.C. §1983 and under related state and common law causes of action.

## LEGAL STANDARD FOR MOTIONS IN LIMINE

Motions in limine provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine."

*Bryant v. City of Hartford*, 585 F. Supp. 3d 179, 185 (D. Conn. 2022). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460 (1984). "The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A motion *in limine* is an "important tool" which "sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A trial court is afforded broad discretion in its evidentiary rulings, including those made in connection with a motion *in limine. See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) "Judges have wide discretion to make evidentiary rulings and manage the efficiency of trial." *Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir. 2014).

Evidence must be relevant to be admissible. Fed. R. Evid. 401-402. Even relevant evidence should be excluded if its probative value is substantially outweighed by unfair prejudice, confusion of the issues, misleading the jury, undue delay, or cumulative presentation. Fed. R. Evid. 403. "In making a Rule 403 determination, courts should ask whether the evidence's proper value 'is more than matched by [the possibility] ... that it will divert the jury from the facts which should control their verdict.'" (citations omitted) *Stephen v. Hanley*, No. 03-CV-6226(KAM)(LB), 2009 WL 1471180, at *3 (E.D.N.Y. May 21, 2009); see also *United States v. McCallum*, 584 F.3d 471, 475-76 (2d Cir. 2009). Evidence that invites the jury to apply an incorrect legal standard is inadmissible

because it risks confusing the issues and misleading the jury. See *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006).

## ARGUMENT

**A. Evidence of Prior Lawsuits, Complaints, Disciplinary Histories or Internal Affairs Investigations are Inadmissible "Bad Act" Propensity Evidence Pursuant to FRE Rule 404.**

Pursuant to Rule 404(b)(1), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *McLeod v. Llano*, 2021 U.S. Dist. LEXIS 81006, at *5-6 (E.D.N.Y. Apr. 28, 2021). While "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident" pursuant to Rule 404(b)(2), "district courts in [the Second Circuit] have excluded evidence of unsubstantiated civilian complaints offered under Rule 404(b)." *Bryant v. Serebrenik*, 2017 U.S. Dist. LEXIS 25572, at *7 (E.D.N.Y. Feb. 23, 2017); *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 556 (E.D.N.Y. 2011); *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991) (where an officer was exonerated on six of seven prior complaints, "the slight probative value of this evidence – as to a theory of motive, pattern or other less plausible theories of relevance – was substantially outweighed by its potential for unfair prejudice."); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 203 n.2 (E.D.N.Y. 2012) ("any probative value of the complaints would be substantially outweighed by the danger of unfair prejudice to the Defendant Officers because the lawsuits are mere allegations and none of the CCRB complaints have been substantiated.").

Evidence of prior bad acts are not automatically admissible simply because the proponent, who has the burden to establish its admissibility, has articulated some not-for-character purpose. See *Bryant*, 2017 U.S. Dist. LEXIS 25572, at *6; *Berkovich*, 922 F.2d at 1022; *Fraser v. City of New*

*York*, 2023 U.S. Dist. LEXIS 4530, at *20 (S.D.N.Y. Jan. 10, 2023) ("[i]t is Plaintiff's burden to move prior to trial if Plaintiff wishes to introduce evidence of prior bad acts under Rule 404(b); to identify with specificity each and every prior bad act it wishes to introduce; and to explain why the evidence is more probative that any evidence it might cause.").

Even where evidence of past acts is arguably offered for a proper purpose, admission of Rule 404(b) evidence is only permitted if the acts share "unusual characteristics" with the acts alleged or represent a "unique scheme", (see *Berkovich*, 922 F.2d at 1018), are "relevant to some disputed issue in the trial and satisfies the probative-prejudice balancing test of Fed. R. Evid. 403." *United States v. Brennan,* 798 F.2d 581, 589 (2d Cir. 1986) (internal citations and quotation marks omitted); *United States v. Perez*, 325 F.3d 115, 129 (2d Cir. 2003) ("[s]imilarity, being a matter of relevancy, is judged by the degree in which the prior act approaches near identity with the elements of the offense charged."); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1414 (2d Cir. 1996) (admission of similar act evidence at trial if the prior act was not sufficiently similar would be an abuse of discretion); FRE 403 ("[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."). No substantial similarity foundation can be made out by the Plaintiffs in this case.

The Supreme Court has held that the decision to admit evidence Rule 404(b) evidence depends on "whether the danger of unfair prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." *Huddleston v. United States*, 485 U.S. 681, 688 (1988). As such, Rule 404(b) requires a two-part analysis: first, whether the proposed evidence fits within one of the exceptions provided by Rule 404(b); and second, even if it does, a balancing test under Rule 403, of

whether the evidence's probative value is substantially outweighed by the potential for jury confusion or prejudice, is required. See *Lombardo v. Stone*, 2002 U.S. Dist. LEXIS 1267, at \*10-12 (S.D.N.Y. 2002) ("Rule 403 prohibits the introduction of similar act evidence, even when offered for a proper purpose, where its prejudicial effect, tendency to confuse the jury or to delay the trial outweighs its probative value."); see also Advisory Committee Notes to Fed. R. Evid. 404(b). Courts in the Second Circuit routinely find that even where evidence of prior acts could be relevant under Rule 404(b), it should be precluded as unduly prejudicial. See Lombardo, 2002 U.S. Dist. LEXIS 1267, at \*20-24 (finding that while prior act could be relevant, prejudice outweighed probative value); *Kogut v. City of Nassau*, 2013 U.S. Dist. LEXIS 102198, at \*38-40 (E.D.N.Y. July 22, 2013); *Bryant*, 2017 U.S. Dist. LEXIS 25572, at \*7 ("admitting this evidence would inevitably lead to a mini-trial on the provenance and veracity of the complaint.").

Moreover, Rule 404(b) evidence, such as disciplinary histories of defendants, newspaper articles, and other documentary evidence, constitutes inadmissible hearsay under Rule 802. See FRE 801(c); *McLeod*, 2021 U.S. Dist. LEXIS 81006, at \*19-21; *Richmond v. General Nutrition Ctrs. Inc.*, 2012 U.S. Dist. LEXIS 32070, at \*31 (S.D.N.Y. Mar. 9, 2012) (court precluded evidence of other lawsuits against defendant, including pleadings and court findings as prejudicial hearsay, because "the risk of unfair prejudice and confusion from introducing documents reflecting allegations in other cases clearly outweighs the probative value of such claims."); *Gonzalez v. City of New York*, 354 F. Supp. 2d 327, 347 n.29 (S.D.N.Y. 2005) ("newspaper articles are inadmissible hearsay"); *R.A. v. City of New York*, 206 F. Supp. 3d 799, 804 (E.D.N.Y. 2016) ("[n]ewspaper articles are hearsay … [and] establish only that other individuals have experienced similar violations of their constitutional rights as Plaintiffs allege here, not that the violations underlying those actions actually occurred.") (citing other cases). That is because a prior lawsuit or civilian complaint contains allegations and is not

evidence that the defendant officer did commit the alleged prior bad act. See *Fraser*, 2023 U.S. Dist. LEXIS 4530, at *17-18 ("the mere fact that a Defendant was named in a lawsuit, without more, does not make the lawsuit fair game for impeachment, since people are sued all the time without any basis whatsoever. The mere fact that a lawsuit was commenced has "little to no probative value" with respect to an officer witness' credibility."). The hearsay rule would not allow the contents of prior complaints to establish the truth of the matter asserted and any prior complaints or lawsuits would unduly prejudice the defendants and fail to satisfy the authentication requirement under Rule 901. See *Williams v. Geraci*, 2020 U.S. Dist. LEXIS 181705, at *47-50 (E.D.N.Y. Sept. 30, 2020).

Pursuant to Rule 608(b), "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Any extrinsic evidence "other than a criminal conviction is not typically admissible to attack a witness's character for truthfulness." *Othman v. Benson*, 2019 U.S. Dist. LEXIS 38594, at *7 (E.D.N.Y. Mar. 8, 2019). While Rule 608(b) "allows a party on cross-examination to inquire into specific instances of a witness's conduct … if they are probative of a law enforcement witness's truthfulness or untruthfulness, [c]omplaints against officers are not probative of a law enforcement witness's truthfulness or untruthfulness unless the underlying conduct involves dishonesty." *McLeod*, 2021 U.S. Dist. LEXIS 81006, at *29-30 (internal quotations omitted) citing *Bryant*, 2017 U.S. Dist. LEXIS 25572, at *5; *United States v. Horsford*, 422 F. App'x 29, 30 (2d Cir. 2011). "[L]ike evidence admissible under Rule 404(b), questioning that goes to a witness's character for truthfulness or untruthfulness is subject to Rule 403." *Aponte v. Kanbur*, 2021 U.S. App. LEXIS 26053, at *4-5 (2d Cir. Aug. 30, 2021) (trial court did not abuse discretion and properly precluded Rule 608(b) evidence); *Hynes v. Coughlin*, 79 F.3d 285, 294 (2d Cir. 1996).

Again, the only purpose Plaintiffs would have to introduce the aforementioned evidence would be for propensity. Under Rule 404(b), the Detective Defendants' histories involving unrelated cases is inadmissible to show propensity. *Prophete v. Acevedo-Smith*, 788 F. Supp. 3d 345, 360-64 (E.D.N.Y. 2025) (precluding admission of officer disciplinary history, NYPD investigations, and federal investigations); *United States v. Cavallaro*, 553 F.2d 300, 305 (2d Cir. 1977); *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 644-45 (7th Cir. 2011); *see also Estate of Keys v. City of Harvey*, No. 92 C 2177, 1996 WL 34422, at *2 (N.D. Ill. Jan. 26, 1996) (barring prior bad acts evidence to prove the character of a defendant); *Moore v. City of Chicago*, No. 02 C 5130, 2008 WL 4549137, at *5 (N.D. Ill. Apr. 15, 2008) (barring any evidence or testimony regarding unrelated complaint registers); *Heflin v. City of Chicago*, No. 95 C 1900, 1996 WL 28238, at *1-2 (N.D. Ill. Jan. 22, 1996) (barring unrelated internal complaints of defendant police officers); *Akbar v. City of Chicago*, 06 C 3685, 2009 WL 3335364 (N.D. Ill. Oct. 14, 2009) (excluding CRs containing allegations of excessive force against police officers); *Gonzalez v. City of Elgin*, 2010 WL 3271272 (N.D. Ill. Aug. 16, 2010) (barring prior lawsuits against defendant police officers under Rule 404(b)).

Any testimony, evidence, or references regarding a CR investigation, an internal investigation with the City of New Haven, or lack thereof is not relevant to the claims at issue in this case because the question at trial is whether Detective Defendants violated Plaintiffs rights, "not whether they violated standards of professional conduct." *Saunders v. City of Chi.*, 320 F.Supp.2d 735, 739 (N.D. Ill. June 10, 2004).

Further, such evidence is unduly prejudicial and should be barred under Fed. R. Evid. 403 in that it could be used to improperly suggest that the Detective Defendants committed internal professional misconduct within the City of New Haven which will confuse and mislead the jury to equating that to unconstitutional conduct, confusing and misleading the jury and creating the

8

concomitant risk that such evidence would be used for improper propensity inferences. *Prophete*, 788 F. Supp. 3d at 360.

As such, the Detective Defendants respectfully request this Court to enter an order barring any testimony, evidence, or reference to any previous lawsuits, complaints, disciplinary histories or internal investigations in this case.

## **CONCLUSION**

WHEREFORE, Detective Defendants respectfully request that Plaintiffs, their witnesses, and attorneys be ordered not to mention, refer to, adduce, introduce any evidence concerning, or attempt to convey to the jury at any time during this trial the subject matter as stated above, and for any other relief this Court deems just and proper.

Respectfully submitted,

NIELSEN, ZEHE & ANTAS, P.C.

/s/*Bradford S. Krause*
Bradford S. Krause (IL 6243285)
John J. Murphy (IL 6288439)
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
*bkrause@nzalaw.com*
*jmurphy@nzalaw.com*
*Admitted Pro Hac Vice*

*-and-*

Thomas E. Katon (CT01565)
P.O. Box 106
North Branford, CT 06471
attek@comcast.net
*Attorneys for Defendants*
*ESTATE OF LEROY DEASE, PETISIA*
*ADGER, and DARYLE BRELAND*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Bradford S. Krause*