**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| VERNON HORN, | |
| Plaintiff, | |
| v. | Case No.: 3:18-CV-1502 (KAD) |
| CITY OF NEW HAVEN; and ESTATE OF LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities, | |
| Defendants. | |
| MARQUIS JACKSON, | |
| Plaintiff, | |
| v. | Case No.: 3:19-CV-388 (KAD) |
| CITY OF NEW HAVEN; and ESTATE OF LEROY DEASE, PETISIA ADGER, DARYLE BRELAND, and JAMES STEPHENSON, in their individual capacities, | |
| Defendants. | |

**DETECTIVE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* NO. 18 TO EXCLUDE ARGUMENT AND/OR CLAIMS THAT DETECTIVE DEFENDANTS INTENTIONALLY DESTROYED RECORDS OR NOTES**

NOW COME Defendants, THE ESTATE OF LEROY DEASE, PETISIA ADGER, and DARYLE BRELAND (Detective Defendants) and for their Memorandum of Law in Support of Motion *in Limine* No. 18, state as follows:

**LEGAL STANDARD**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S. Ct. 460 (1984). "The purpose of an *in limine*

motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A motion *in limine* is an "important tool" which "sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A trial court is afforded broad discretion in its evidentiary rulings, including those made in connection with a motion *in limine. See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) "Judges have wide discretion to make evidentiary rulings and manage the efficiency of trial." *Whitfield v. Int'l Truck & Engine Corp.*, 755 F.3d 438, 447 (7th Cir. 2014).

## **RELEVANT FACTS**

During litigation, primarily in the depositions of Defendants Adger and Breland, Plaintiffs emphasized note-taking performed by the Detectives during their investigation of the murder/robbery at issue and the fact that said notes are no longer in existence. Briefly, Detective Adger testified that she would often, but not always, take notes when interviewing witnesses. (Ex. 1, Adger Dep. at 68-70; 82, Dec. 11, 2019). She would use these notes to create her police report and then dispose of them. *Id*. If a witness provided her with exculpatory information, that information would be recorded in her police report. *Id*. She was not aware of any departmental policy that required keeping handwritten notes. *Id*.

Likewise, Detective Breland testified that he would "try" to take notes during interview and an investigation. (Ex. 2, Breland Dep. at 60-62, Dec. 16, 2019). However, he was clear: "What happened was, you take your notes and you transcribe them to your report. So what is in your notes, goes in your report and that becomes your record." *Id*. at 71. He kept his notes at his

discretion. *Id*. at 71-72. He would have left his notebooks in his drawer, and they would have stayed there after his retirement. *Id*. at 68.

Detective Defendants were clear that the notes, once formally recorded in their police reports, were of little value. They were clear that the policy of NHPD was that their individual notes were not required to be filed; but rather, documented through their official reports.

Defendant NHPD has turned over numerous police reports regarding the investigation of the subject murder/robbery. Several of these reports were drafted by Detective Defendants, Adger, Dease and Breland.

There is no evidence that the Defendant Detectives purposefully or intentionally destroyed notes or that the notes would have any value/information beyond that recorded in the official police reports, which have been produced. Notably, Breland testified, he would not have taken any notebooks with him upon retirement and would have left them in the NHPD. There has been a significant passage of time between this matter and the retirements and/or re-assignments of Detective Defendants, and they would not have an individual duty to maintain any notes after such.

Nevertheless, this has not stopped Plaintiffs from repeatedly inferring a nefarious motive and/or issue.

**<u>ARGUMENT</u>**

Pursuant to Federal Rules of Evidence 401, 402 and 403, Detective Defendants seek an order excluding any argument or claims that they intentionally destroyed their notes, spoliation occurred and/or that said notes were critical and/or would exonerate the Plaintiffs and/or any missing evidence instruction. While it is fair for Plaintiffs to inquire about the Detective Defendants' investigative process, including taking notes, there is no evidence that the missing handwritten notes were intentionally destroyed for a nefarious motive and/or in bad faith, have any

relevance to the case and/or contradict the police reports that were ultimately filed and produced. Any argument and or claims suggesting otherwise should be barred under FRE 402 and 403 as it is prejudicial, speculative and confusing.

First, Plaintiffs can point to no legal duty to maintain any handwritten notes that were taken during interviews of witnesses to aid them in the drafting of their police reports.

Second, there is no evidence that the notes were destroyed in bad faith. Both Adger and Breland were clear that, if they even took notes during an interview with a witness, those notes were preliminary. They were both aware of their duty to disclose exculpatory information.

Third, any argument or claim that these notes contained material not included in police reports or potential exculpatory information is speculation. Defendants Adger and Breland were clear that they would transfer their notes into their police reports. They were further clear that sometimes they would not even take notes. Thus, assuming notes of certain interviews even existed, they would be in the police reports which have been produced.

Fourth, as to Breland, his notebooks remained with the NHPD after his transfer from the detective unit and retirement. He was not required to maintain them.

Fifth, Plaintiff cannot show that the records are directly relevant to any claims. *See e.g., Rivera v. Hudson Valley Hosp. Grp., Inc.*, 2019 U.S. Dist. LEXIS 143086, *23 (S.D.N.Y. Aug. 22, 2019) (noting in spoliation context that "claim that original handwritten timesheets were relevant fails" as original handwritten records were then recorded electronically and there was no evidence they differed from those recorded.)

Finally, any suggestion that the destroyed or missing notes contain additional information or contradictory information to the police reports is pure speculation. *See Ameritas Life Ins. Corp. v. Wilmington Sav. Fund Soc'y*, FSB, 2025 U.S. Dist. LEXIS 222950, *10-12 (2025) (motion in

limine granted as to record retention policy for emails as "evidence, without proof of intentional or bad-faith document destruction, invites undue and unfair speculation by the jury that [plaintiff] acted with improper intent.")

In sum, Plaintiffs should not be permitted to argue or claim that notes were destroyed intentionally or in bad faith pursuant to Fed. R. Evid, 401, 402 and 403. *See e.g., Schworck v. Bosben*, 24-CV-597, 2026 U.S. Dist. LEXIS 71677, \*7 (W.D. Wis. March 30, 2026) (argument that jail intentionally destroyed records and attempt to challenge "perceived failure" to produce records in civil rights action excluded in limine).

<u>**CONCLUSION**</u>

WHEREFORE, Detective Defendants respectfully request that Plaintiffs and their witnesses and attorneys be ordered not to mention, refer to, adduce, introduce any argument or claims that Defendant Detectives intentionally or purposefully destroyed notes as stated above, and for any other relief this Court deems just and proper.

Respectfully submitted,

NIELSEN, ZEHE & ANTAS, P.C.

/s/ *Bradford S. Krause*
Bradford S. Krause (IL 6243285)
John J. Murphy (IL 6288439)
55 West Monroe Street, Suite 1800
Chicago, Illinois 60603
(312) 322-9900
*bkrause@nzalaw.com*
*jmurphy@nzalaw.com*
*Admitted Pro Hac Vice*
*-and-*
Thomas E. Katon (CT01565)
P.O. Box 106
North Branford, CT 06471
attek@comcast.net
*Attorneys for Defendants*
*ESTATE OF LEROY DEASE, PETISIA*
*ADGER AND DARYLE BRELAND*