# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VERNON HORN<br>*Plaintiff.*<br><br>v.<br><br>CITY OF NEW HAVEN, ET AL.<br>*Defendants*. | :<br>:<br>:<br>:<br>:<br>:<br>: | Docket No. 3:18-cv-01502 (KAD)<br><br><br><br><br><br>JULY 24, 2026 |

**DECLARATION**

I, Chelsea C. McCallum, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a member of the bar of this Court and counsel to the Defendant City of New Haven (the "City"). I make this declaration in support of the City's Opposition to Plaintiffs' Fifth Motion *In Limine*. *Horn v. City of New Haven et al.*, 3:18-CV-1502 (KAD) (D. Conn. Sept. 7, 2018), ECF No. 420; *Jackson v. City of New Haven et al.*, 3:19-CV-388 (KAD) (D. Conn. Mar. 13, 2019), ECF No. 376.

2. Attached hereto as Exhibit 1 is a true and accurate copy of the docket in *Dempsey, et ano. v. City of Rochester, et al.*, No. 6:19-CV-6780 (MJP) (W.D.N.Y. Oct. 21, 2019) as of July 22, 2026, at 11:39AM.

3. Attached hereto as Exhibit 2 is a true and accurate copy of the Memorandum of Law in Support of Plaintiff's Motion to Preclude Defendant City of Rochester from Relitigating Monell Liability Based on the *Dempsey v. City of Rochester* Jury Verdict filed by the plaintiff in *Preston v. City of Rochester et al.*, No. 6:22-CV-6525 (CDH) (W.D.N.Y. Nov. 22, 2022) ("*Preston*").

4. Attached hereto as Exhibit 3 is a true and accurate copy of the Scheduling Order entered in *Preston*, ECF No. 12.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of July 2026 in the District of Connecticut.

Chelsea C. McCallum

# Exhibit 1

CASREF,CONSENT,MEDIATION,PS-A

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Rochester)
## CIVIL DOCKET FOR CASE #: 6:19-cv-06780-MJP

Dempsey v. The City of Rochester et al
Assigned to: Hon. Mark W. Pedersen
Cause: 42:1983 Civil Rights Act

Date Filed: 10/21/2019
Date Terminated: 02/04/2026
Jury Demand: Both
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: Federal Question

**Plaintiff**

**Charles Dempsey**

represented by **Elliot Dolby Shields**
Roth & Roth, LLP
192 Lexington Avenue
Suite 802
New York, NY 10016
212-425-1020
Fax: 212-532-3801
Email: eshields@rothandrothlaw.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leona Dempsey**

represented by **Elliot Dolby Shields**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Rochester**
*a municipal entity*

represented by **Patrick Beath**
City of Rochester
30 Church Street
Suite 400A
Rochester, NY 14614
585-428-6812
Fax: 585-428-6950
Email: patrick.beath@cityofrochester.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick B. Naylon**
City of Rochester
Department of Law
30 Church St
Suite 400a
Rochester, NY 14614

585-428-6906
Fax: 585-428-6950
Email:
Patrick.Naylon@CityofRochester.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peachie L. Jones**
The City of Rochester
City Hall - Room 400A
30 Church Street
Rochester, NY 14614-1295
585-428-7992
Fax: 585-428-6950
Email: peachie.jones@cityofrochester.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Javier Algarin** represented by **Patrick Beath**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick B. Naylon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peachie L. Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Adam Gorman** represented by **Patrick Beath**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick B. Naylon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Peachie L. Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jason Rudolph**
*TERMINATED: 12/20/2019* represented by **Patrick Beath**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Peachie L. Jones**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*RPD OFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/21/2019 | 1 | COMPLAINT *Charles Dempsey and L.D. vs. City of Rochester, et al.* against L. D. $ 400 receipt number 0209-3627245, filed by L. D.. (Attachments: # 1 Civil Cover Sheet, # 2 summonses to be issued)(Shields, Elliot) (Entered: 10/21/2019) |
| 10/21/2019 | 2 | CONTINUATION OF EXHIBITS to 1 Complaint *Summonses - Request to be issued*. (Shields, Elliot) (Entered: 10/21/2019) |
| 10/22/2019 | | E-Filing Notification: Party names should be entered as they appear on the 1 COMPLAINT. Clerk modified to correct party names. No action required.(TF) (Entered: 10/22/2019) |
| 10/22/2019 | | Case assigned to Hon. Elizabeth A. Wolford. Notification to Chambers of on-line civil opening. (TF) (Entered: 10/22/2019) |
| 10/22/2019 | | Notice of Availability of Magistrate Judge: A United States Magistrate of this Court is available to conduct all proceedings in this civil action in accordance with 28 U.S.C. 636c and FRCP 73. The Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form (AO-85) is available for download at http://www.uscourts.gov/services-forms/forms. (TF) (Entered: 10/22/2019) |
| 10/22/2019 | | AUTOMATIC REFERRAL to Mediation The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution(TF) (Entered: 10/22/2019) |
| 10/22/2019 | 3 | Summons Issued as to Javier Algarin, City of Rochester, Charles Dempsey, Adam Gorman, Jason Rudolph. (TF) (Entered: 10/22/2019) |
| 11/12/2019 | 4 | LETTER MOTION filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, Charles Dempsey, City of Rochester, John Doe, Adam Gorman *Seeking One-Week Extension of Time to Respond to the Complaint*. (Beath, Patrick) Modified docket text on 11/13/2019 (LB). (Entered: 11/12/2019) |
| 11/13/2019 | | E-Filing Notification regarding 4 Letter: Incorrect event used to electronically file document. For future reference, use Motion for Extension of Time to File Answer event. Clerk will modify entry; no action required. (LB) (Entered: 11/13/2019) |
| 11/14/2019 | 5 | ORDER, Answer/Motion to dismiss due date updated as to City of Rochester answer due 11/20/2019. Signed by Hon. Elizabeth A. Wolford on 11/13/19. (TF) (Entered: 11/14/2019) |
| 11/20/2019 | 6 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *OR FOR SUMMARY JUDGMENT SHOULD THE COURT CONVERT THE MOTION OR A PORTION OF THE MOTION PURSUANT TO RULE 12(d)* by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Declaration Declaration of Patrick Beath, # 2 |

| | | |
|---|---|---|
| | | Exhibit A (Complaint), # 3 Exhibit B (State Court Order), # 4 Exhibit C (BWC Video Footage), # 5 Memorandum in Support)(Beath, Patrick) (Entered: 11/20/2019) |
| 11/21/2019 | 7 | TEXT ORDER re 6 Motion to Dismiss or for Summary Judgment. Responses shall be due on or before December 19, 2019. Replies shall be due on or before January 2, 2020. Upon receipt of all papers, the Court will determine if oral argument is necessary and, if so, will advise the parties of the date and time. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on 11/21/2019. (JT) (Entered: 11/21/2019) |
| 12/19/2019 | 8 | AMENDED COMPLAINT *First Amended Complaint* against Javier Algarin, City of Rochester, John Doe, Adam Gorman, filed by Charles Dempsey.(Shields, Elliot) (Entered: 12/19/2019) |
| 12/23/2019 | 9 | Letter filed by Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Requesting that the Court Treat Plaintiff's December 19, 2019 Filing of his Purported First Amended Complaint as a Motion for Leave to File an Amended Complaint and Setting a Discovery Schedule Therefor*. (Beath, Patrick) (Entered: 12/23/2019) |
| 12/24/2019 | 10 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *response to City's letter at docket no. 9*. (Shields, Elliot) (Entered: 12/24/2019) |
| 01/02/2020 | 11 | TEXT ORDER re 8 Amended Complaint. The Court rejects Plaintiff's argument (*see* Dkt. 10) that the scheduling order entered at Docket 7 extended Plaintiff's deadline to file an amended complaint as a matter of course. In the cases cited by Plaintiff in support of his position, no party raised the issue of whether the scheduling order for the motion to dismiss automatically extended the plaintiff's deadline to file an amended complaint as a matter of course. *Cf. Caro v. Weintraub*, No. 3:09-CV-1353, 2010 WL 4514273, at *8 (D. Conn. Nov. 2, 2010) ("The Court's order, however, by its own terms only addressed the response to the motion to dismiss, not any amended pleadings Plaintiff might seek to file. The order did not extend the time by which Plaintiff could file an amended pleading as-of-course. Therefore, Plaintiff may only amend his complaint with 'the court's leave' pursuant to Federal Rule of Civil Procedure 15(a)(2).").<br><br>As a result, the Court will treat Plaintiff's filing of a proposed amended complaint as a motion for leave to file an amended complaint pursuant to Rule 15(a)(2), and hereby sets the following briefing schedule: Plaintiff shall submit a legal memorandum in support of his motion on or before January 17, 2020, and Defendants may submit any papers in opposition on or before January 31, 2020. The motion will be deemed submitted without oral argument unless the Court advises otherwise.<br><br>However, the Court strongly encourages the parties to attempt to resolve this issue without the need for Court intervention. Leave to amend shall be freely granted pursuant to Rule 15(a)(2), and unless Defendants have a legitimate objection to the substance of the proposed amended complaint, the Court will take a negative view of an attempt by Defendants to use an 8-day delay in filing an amendment as of right to gain a tactical advantage.<br><br>SO ORDERED. Signed by Hon. Elizabeth A. Wolford on January 2, 2020. (JT) (Entered: 01/02/2020) |
| 01/02/2020 | 12 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Agreement between counsel re Amended Complaint and defendants' anticipated motion for partial dismissal*. (Shields, Elliot) (Entered: 01/02/2020) |

| | | |
|---|---|---|
| 01/31/2020 | 13 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion for Partial Dismissal of the First Amended Complaint* by Javier Algarin, City of Rochester. (Attachments: # 1 Declaration Declaration of Patrick Beath, # 2 Exhibit A (First Amended Complaint), # 3 Exhibit B (State Court Order), # 4 Exhibit C (BWC Video Footage), # 5 Memorandum in Support)(Beath, Patrick) (Entered: 01/31/2020) |
| 02/03/2020 | 14 | TEXT ORDER. In light of the 12 letter regarding the parties' agreement, the Amended Complaint is the operative pleading in this matter, and as a result, the Motion to Dismiss 6 directed to the initial Complaint is dismissed as moot. Now that Motion to Dismiss 13 has been filed by Defendants, the Court adopts the parties' proposed briefing schedule. Responses in opposition shall be due on or before February 28, 2020. Replies shall be due on or before March 13, 2020. Upon receipt of all papers, the Court will determine if oral argument is necessary and, if so, will advise the parties of the date and time. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on February 3, 2020. (JT) (Entered: 02/03/2020) |
| 02/21/2020 | 15 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *request with consent of defendants for two-week extension to respond to defendants 12(b)(6) motion*. (Shields, Elliot) (Entered: 02/21/2020) |
| 02/24/2020 | 16 | ORDER re 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion for Partial Dismissal of the First Amended Complaint* filed by City of Rochester, Javier Algarin (Response due by 3/13/2020, Reply due by 3/27/2020). Signed by Hon. Elizabeth A. Wolford on 2/21/2020. (TF) (Entered: 02/25/2020) |
| 03/10/2020 | 17 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Second request, with consent of defendants, for two-week extension to respond to defendants 12(b)(6) motion due to trial engagement*. (Shields, Elliot) (Entered: 03/10/2020) |
| 03/11/2020 | 18 | LETTER ORDER extending time to respond/reply to 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Response due by 3/27/2020, Reply due by 4/10/2020). Signed by Hon. Elizabeth A. Wolford on 3/10/2020. (TF) (Entered: 03/11/2020) |
| 03/27/2020 | 19 | First MOTION for Partial Summary Judgment *Cross motion for partial SJ; and Opposition to Defendants' partial motion to dismiss* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Ex 1 50h transcript, # 3 Exhibit Ex 2 Deed, # 4 Exhibit Ex 3 Arrest Report, # 5 Exhibit Ex 8 Screenshot, # 6 Exhibit Ex 9 Screenshot, # 7 Exhibit Ex 10 Screenshot, # 8 Exhibit Ex 11 Screenshot, # 9 Exhibit Ex 13 Non Criminal Incident Report, # 10 Statement of Undisputed Facts, # 11 Memorandum in Support and in opposition to Defendants' Rule 12 motion)(Shields, Elliot) (Entered: 03/27/2020) |
| 03/30/2020 | 20 | TEXT ORDER re 19 Cross Motion for Partial Summary Judgment. Responses shall be due on or before April 24, 2020. Replies shall be due on or before May 1, 2020. Upon receipt of all papers, the Court will determine if oral argument is necessary and, if so, will advise the parties of the date and time. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on March 30, 2020. (JT) (Entered: 03/30/2020) |
| 03/30/2020 | 21 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Joint request to modify the briefing schedule at ECF No. 20 due to coronavirus pandemic*. (Shields, Elliot) (Entered: 03/30/2020) |
| 03/30/2020 | 22 | ORDER that plaintiffs shall refile their motion papers by April 6, 2020. Defendants response to Plaintiffs motion and reply to their partial motion to dismiss shall be due by June 10, 2020. Plaintiffs reply papers shall be due June 17, 2020. Signed by Hon. Elizabeth A. Wolford on 3/30/2020. (TF) (Entered: 03/30/2020) |

| | | |
|---|---|---|
| 04/06/2020 | 23 | First MOTION for Partial Summary Judgment *and in opposition to Defendants' Rule 12 motion -- Refiled* by Charles Dempsey. (Attachments: # 1 Memorandum in Support, # 2 Statement of Undisputed Facts, # 3 Declaration, # 4 Exhibit 50h transcript, # 5 Exhibit Deed, # 6 Exhibit Arrest report for individual in neighboring yard, # 7 Exhibit Gorman BWC video, # 8 Exhibit Horowitz BWC, # 9 Exhibit Algarin BWC, # 10 Exhibit DiSabatino BWC, # 11 Exhibit Screenshot from Algarin BWC, # 12 Exhibit Screenshot from Algarin BWC, # 13 Exhibit Screenshot from Algarin BWC, # 14 Exhibit Screenshot from Algarin BWC, # 15 Exhibit Lindauer BWC, # 16 Exhibit Non-Criminal incident report, # 17 Exhibit Brodsky BWC)(Shields, Elliot) (Entered: 04/06/2020) |
| 06/09/2020 | 24 | MOTION for Extension of Time to File Response/Reply as to 22 Order,, Set/Reset Motion and R&R Deadlines/Hearings, *Letter Motion on Consent to Extend Time for Opposition to Summary Judgment Motion to June 17, 2020, and to Extend Time for Reply to June 26, 2020* by Javier Algarin, City of Rochester.(Beath, Patrick) (Entered: 06/09/2020) |
| 06/09/2020 | 25 | TEXT ORDER granting 24 Motion for Extension of Time to File Response/Reply. Defendants' deadline to file a response to Plaintiff's motion for partial summary judgment is extended to June 17, 2020, and Plaintiff's deadline to file a reply is extended to June 26, 2020. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on June 9, 2020. (JT) (Entered: 06/09/2020) |
| 06/10/2020 | 26 | REPLY to Response to Motion re 13 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Motion for Partial Dismissal of the First Amended Complaint* filed by Javier Algarin, City of Rochester. (Beath, Patrick) (Entered: 06/10/2020) |
| 06/16/2020 | 27 | RESPONSE in Opposition re 23 First MOTION for Partial Summary Judgment *and in opposition to Defendants' Rule 12 motion -- Refiled* filed by Javier Algarin, City of Rochester. (Attachments: # 1 Exhibit Exhibit A to Beath Declaration (Map), # 2 Exhibit Exhibit B to Beath Declaration (911 Call), # 3 Exhibit Exhibit C to Beath Declaration (CAD Printout), # 4 Exhibit Exhibit D to Beath Declaration (Gun arrest), # 5 Affidavit Affidavit of Javier Algarin, # 6 Affidavit Affidavit of Adam Gorman, # 7 Affidavit Affidavit of Jason Horowitz, # 8 Statement of Undisputed Facts Rule 56 Statement of Facts in Opposition, # 9 Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment)(Beath, Patrick) (Entered: 06/16/2020) |
| 06/17/2020 | 28 | AFFIDAVIT of Service for Opposition to Motion for Summary Judgment *Service made by Mail* served on Plaintiffs on June 17, 2020, filed by Javier Algarin, City of Rochester. (Beath, Patrick) (Entered: 06/17/2020) |
| 06/26/2020 | 29 | REPLY to Response to Motion re 23 First MOTION for Partial Summary Judgment *and in opposition to Defendants' Rule 12 motion -- Refiled* filed by Charles Dempsey. (Shields, Elliot) (Entered: 06/26/2020) |
| 11/30/2020 | 30 | DECISION AND ORDER granting in part and denying in part 13 Motion to Dismiss or for Summary Judgment; terminating 19 Motion for Partial Summary Judgment; denying 23 Motion for Partial Summary Judgment. Signed by Hon. Elizabeth A. Wolford on 11/30/2020.(MGB) (Entered: 11/30/2020) |
| 12/21/2020 | 31 | AMENDED COMPLAINT *Second Amended Complaint on Consent* against Javier Algarin, City of Rochester, John Doe, Adam Gorman, filed by Charles Dempsey. (Attachments: # 1 Exhibit Email consenting to filing the SAC)(Shields, Elliot) (Entered: 12/21/2020) |
| 01/04/2021 | 32 | ANSWER to 31 Amended Complaint *Answer to the Second Amended Complaint* by Javier Algarin, City of Rochester, Adam Gorman.(Beath, Patrick) (Entered: 01/04/2021) |

| | | |
|---|---|---|
| 01/05/2021 | | ADR Plan electronically forwarded to attorneys. The ADR Plan is available for download at http://www.nywd.uscourts.gov/alternative-dispute-resolution.(KM) (Entered: 01/05/2021) |
| 01/06/2021 | 33 | TEXT ORDER REFERRING CASE to Magistrate Judge Hon. Marian W. Payson for all pretrial matters excluding dispositive motions. Signed by Hon. Elizabeth A. Wolford on 1/6/2021. (LMD) (Entered: 01/06/2021) |
| 01/15/2021 | 34 | ORDER (**Telephone Scheduling Conference set for 2/11/2021 10:40 AM before Hon. Marian W. Payson.** *Counsel will be provided dial-in instructions by email prior to the conference.*) Signed by Hon. Marian W. Payson on 1/15/2021. (KAH) (Entered: 01/15/2021) |
| 02/11/2021 | 36 | Minute Entry for proceedings held before Hon. Marian W. Payson: Telephone Scheduling Conference held on 2/11/2021. Appearances: Elliot D. Shields, Esq. and Patrick Beath, Esq. (CAM) Modified on 2/12/2021 (CAM). Modified on 2/12/2021 (CAM). Modified on 2/12/2021 (CAM). (Entered: 02/12/2021) |
| 02/11/2021 | 37 | SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) **Telephone Status Conference set for 12/14/2021 11:20 AM before Hon. Marian W. Payson.** Stipulation of Selection of Mediator due by 3/11/2021. First Mediation Session due by 4/9/2021. Mediation To End by 5/7/2021. Mandatory Disclosures due by 2/26/2021. Motions to Join Parties/Amend Pleadings due by 10/19/2021. Fact Discovery to be completed by 1/3/2022. Plaintiff Expert Witness ID due by 1/31/2022. Defendant Expert Witness ID due by 3/31/2022. Expert Discovery to be completed by 5/2/2022. Dispositive Motions due by 5/31/2022. Signed by Hon. Marian W. Payson on 2/11/2021. (KAH) (Entered: 02/12/2021) |
| 02/12/2021 | | E-Filing Notification: TEXT CORRECTED 36 Minute Entry (CAM) (Entered: 02/12/2021) |
| 03/11/2021 | 38 | First MOTION to Adjourn Initial Mediation session deadline by Charles Dempsey. (Shields, Elliot) (Entered: 03/11/2021) |
| 03/11/2021 | 39 | Stipulation-Selection of Mediator by Charles Dempsey(Shields, Elliot) (Main Document 39 replaced on 3/11/2021) (JDK). (Entered: 03/11/2021) |
| 03/12/2021 | 40 | LETTER ORDER granting request for an extension of the initial mediation deadline (First Mediation Session due by 5/4/2021.) Signed by Hon. Marian W. Payson on 3/12/2021. (KAH) (Entered: 03/12/2021) |
| 03/12/2021 | | Motion to Adjourn 38 granted by 3/12/2021 Letter Order 40 (statistical entry). (KAH) (Entered: 03/12/2021) |
| 05/04/2021 | 41 | Mediation Certification by Steven V. Modica. The case has not settled mediation complete. (Modica, Steven) (Entered: 05/04/2021) |
| 12/14/2021 | 42 | AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Fact Discovery to be completed by 7/5/2022. Plaintiff Expert Witness ID due by 8/1/2022. Defendant Expert Witness ID due by 10/3/2022. Expert Discovery to be completed by 11/2/2022. Dispositive Motions due by 12/1/2022. Signed by Hon. Marian W. Payson on 12/14/2021. (KAH) (Entered: 12/14/2021) |

| | | |
|---|---|---|
| 12/14/2021 | 43 | Minute Entry for proceedings held before Hon. Marian W. Payson: Telephone Conference held on 12/14/2021. Appearances: Elliot Dolby Shields, Esq., Patrick Beath, Esq. and Peachie L. Jones, Esq. (CAM) (Entered: 12/15/2021) |
| 12/16/2021 | 44 | NOTICE of Appearance by Peachie L. Jones on behalf of Javier Algarin, City of Rochester (Jones, Peachie) (Entered: 12/16/2021) |
| 01/10/2022 | 45 | Letter filed by Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *regarding parties' stipulated protective order*. (Attachments: # 1 Exhibit Stipulated Protective Order)(Jones, Peachie) (Entered: 01/10/2022) |
| 01/10/2022 | 46 | STIPULATED PROTECTIVE ORDER. Signed by Hon. Marian W. Payson on 1/10/2022. (KAH) (Entered: 01/11/2022) |
| 06/17/2022 | 47 | Third MOTION for Extension of Time to Complete Discovery by Charles Dempsey. (Attachments: # 1 Text of Proposed Order Proposed Amended Scheduling Order)(Shields, Elliot) (Entered: 06/17/2022) |
| 06/20/2022 | 48 | Letter filed by Javier Algarin, City of Rochester as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Requesting to Join Conference in Vann v City of Rochester (18-cv-6464) to Resolve Same Dispute Present in This Matter/Dempsey*. (Jones, Peachie) (Entered: 06/20/2022) |
| 06/21/2022 | 49 | ORDER & AMENDED SCHEDULING ORDER granting 47 Motion for Extension of Time to Complete Discovery. The Court's 12/14/2021 Amended Scheduling Order 42 shall be amended as follows: Fact Discovery to be completed by 8/26/2022. Plaintiff Expert ID due by 9/30/2022. Defendant Expert ID due by 11/28/2022. Expert Discovery to be completed by 1/6/2023. Dispositive Motions due by 2/21/2023. Signed by Hon. Marian W. Payson on 6/21/2022. (KAH) (Entered: 06/21/2022) |
| 06/23/2022 | 50 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Case Management Conference held via ZoomGov on 6/23/2022. Appearances: Elliot Dolby Shields, Esq.; John M. Campolieto, Esq.; Peachie L. Jones, Esq.; Linda Kingsley, Esq.. The Court addresses discovery issues raised in cases 18-cv-6464 Vann v. City of Rochester et al and 19-cv-6780 Dempsey v. City of Rochester et al..<br><br>Regarding the Vann case, Defense counsel will file a motion regarding the stipulation and withdrawal thereof by 7/8/2022. Plaintiff's response due by 7/22/2022, Defense reply due by 7/29/2022, at which point the Court will issue a written decision. As for the discovery schedule, the Court will issue an Amended Scheduling Order agreed to by the parties.<br><br>Plaintiff's Counsel is directed not to share any portion of a deposition transcript taken in the Vann case or any portion of any video or still photographs of defense witnesses or recordings of depositions of defense witnesses taken in the Vann case with non parties to the case absent further order of the Court. (Court Reporter FTR Gold.) (JB) (Entered: 06/23/2022) |
| 06/27/2022 | 51 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *regarding discovery dispute about rescheduling depositions*. (Attachments: # 1 Exhibit Correspondence between counsel re rescheduling depositions) (Shields, Elliot) (Entered: 06/27/2022) |
| 06/28/2022 | 52 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *'s Agreement that Parties Need a Conference to Resolve Discovery Dispute*. (Jones, Peachie) (Entered: 06/28/2022) |

| | | |
|---|---|---|
| 07/13/2022 | 53 | STIPULATION AND ORDER re: deposition of Algarin. Signed by Hon. Marian W. Payson on 7/13/2022. (KAH) (Entered: 07/13/2022) |
| 08/18/2022 | 54 | First MOTION to Stay *Joint letter motion to stay Monell discovery, and for an extension of the discovery deadlines* by Charles Dempsey.(Shields, Elliot) (Entered: 08/18/2022) |
| 08/19/2022 | 55 | TEXT ORDER extending discovery deadlines by 120 days. Pursuant to the joint request of the parties in a letter motion dated August 18, 2022 54 , all discovery deadlines contained in this Court's Amended Scheduling Order 49 are hereby extended by 120 days. Signed by Hon. Marian W. Payson on 8/19/22. (CMC) (Entered: 08/19/2022) |
| 12/12/2022 | 56 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Requesting Assignment of Same Magistrate Judge for all Dog Cases*. (Jones, Peachie) (Entered: 12/12/2022) |
| 12/14/2022 | 57 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Response to City's 12-12-22 letter*. (Attachments: # 1 Exhibit) (Shields, Elliot) (Entered: 12/14/2022) |
| 12/15/2022 | 58 | Minute Entry for proceedings held before Hon. Marian W. Payson: Status Conference held on 12/15/2022. Appearances: Elliot Dolby Shields and Peachie L. Jones. (KAH) (Entered: 12/16/2022) |
| 12/16/2022 | 59 | TEXT ORDER Pursuant to the Court having held a status conference with counsel on December 15, 2022, it is hereby Ordered that a further status conference will be held with the Court on **January 12, 2023, at 3:00 PM.** IT IS SO ORDERED. Signed by Hon. Marian W. Payson on 12/16/2022. (KAH) (Entered: 12/16/2022) |
| 01/03/2023 | | NOTICE: **Telephone Conference set for 1/9/2023 at 11:30 AM before Hon. Marian W. Payson.** *Dial-in instructions will be emailed to counsel prior to the conference.* (KAH) (Entered: 01/03/2023) |
| 01/09/2023 | | NOTICE: **The Status Conference set for 1/9/2023 is adjourned until 1/12/2023 at 2:30 PM before Hon. Marian W. Payson.** (KAH) (Entered: 01/09/2023) |
| 01/09/2023 | 60 | Minute Entry for proceedings held before Hon. Marian W. Payson: Telephone Conference held on 1/9/2023. Appearances: Elliot Dolby Shields, Esq. and Peachie L. Jones, Esq. (CAM) (Entered: 01/11/2023) |
| 01/10/2023 | | NOTICE: A Joint Conference will be held with Judge Payson and Judge Pedersen at 3:00 PM on 1/12/2023 following the 2:30 PM Status Conference with Judge Payson. (KAH) (Entered: 01/10/2023) |
| 01/12/2023 | 61 | Minute Entry for proceedings held before Hon. Marian W. Payson: Joint Discovery Conference held with Judge Pedersen on 1/12/2023. Appearances: Elliot Dolby Shields, Esq. by video, Peachie L. Jones, Esq. in person (CAM) (Entered: 01/12/2023) |
| 01/25/2023 | 62 | STATUS REPORT *and request for amended scheduling order* by Charles Dempsey. (Attachments: # 1 Exhibit Monell discovery in four dog shooting cases)(Shields, Elliot) (Entered: 01/25/2023) |
| 01/25/2023 | 63 | AMENDED SCHEDULING ORDER (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Letter re outstanding *Monell* paper discovery due by 3/15/2023. All outstanding *Monell* paper discovery to be completed by 5/19/2023. All *Monell* depositions due by 5/31/2023. Post-deposition demands/responses due by 7/17/2023. Motions to Compel *Monell* Discovery due by 7/31/2023. The City's Rule 30(b)(6) |

| | | |
|---|---|---|
| | | depositions due by 7/31/2023. Fact Discovery to be completed by 10/18/2023. Plaintiff Expert Witness ID due by 12/15/2023. Defendant Expert Witness ID due by 2/16/2024. Expert Discovery to be completed by 4/16/2024. Dispositive Motions due by 5/31/2024. Signed by Hon. Marian W. Payson & Hon. Mark W. Pedersen on 1/25/2023. (KAH) (Entered: 01/25/2023) |
| 03/15/2023 | 64 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *regarding (No) Need for Judicial Intervention in Remaining Monell Discovery*. (Jones, Peachie) (Entered: 03/15/2023) |
| 03/15/2023 | 65 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *regarding significant outstanding Monell discovery issues*. (Shields, Elliot) (Entered: 03/15/2023) |
| 03/21/2023 | 66 | LETTER ORDER granting request. Plaintiffs' counsel shall meet and confer with defendants' counsel and file another letter with the Court by no later than 3/29/2023. Signed by Hon. Marian W. Payson and Hon. Mark W. Pedersen on 3/21/2023. (KAH) (Entered: 03/21/2023) |
| 03/29/2023 | 67 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *of the Parties' Joint Status Report re Monell Discovery*. (Jones, Peachie) (Entered: 03/29/2023) |
| 05/04/2023 | 68 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *re Joint Request for a Conference to Resolve Dispute Regarding Scope of 30-b-6 Deposition*. (Jones, Peachie) (Entered: 05/04/2023) |
| 05/08/2023 | | NOTICE: **Telephone Conference set for 5/17/2023 at 2:00 PM before Hon. Marian W. Payson.** *Dial-in instructions will be emailed to counsel prior to the conference.* (KAH) (Entered: 05/08/2023) |
| 05/17/2023 | 69 | Minute Entry for proceedings held before Hon. Marian W. Payson: Telephone Conference held on 5/17/2023. Appearances: Elliot Dolby Shields, Esq. and Peachie L. Jones, Esq. (AT&T Recorded Conference) (CAM) (Entered: 05/18/2023) |
| 05/22/2023 | 70 | First MOTION for Extension of Time to Complete Discovery *motion to extend deadline for Monell depositions* by Charles Dempsey. (Attachments: # 1 Exhibit 5-19-23 disco dispute letter, # 2 Exhibit City interrogatory responses in Gursslin)(Shields, Elliot) (Entered: 05/22/2023) |
| 05/25/2023 | 71 | MEMORANDUM in Opposition re 70 First MOTION for Extension of Time to Complete Discovery *motion to extend deadline for Monell depositions* filed by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Exhibit A - Anniszkiewcz Depositions, # 2 Exhibit B - Dempsey Depositions, # 3 Exhibit C - Gursslin Depositions, # 4 Exhibit D - DiDomenico and Rudolph Subpoenas, # 5 Exhibit E - Email, # 6 Exhibit F - Chart of Scheduling Orders)(Jones, Peachie) (Entered: 05/25/2023) |
| 05/25/2023 | 72 | REPLY to Response to Motion re 70 First MOTION for Extension of Time to Complete Discovery *motion to extend deadline for Monell depositions request to hold motion in abeyance until 6-2-23* filed by Charles Dempsey. (Attachments: # 1 Exhibit plaintiff 5-24 email, # 2 Exhibit City 5-25 response, # 3 Exhibit plaintiff 5-25 response and proposal) (Shields, Elliot) (Entered: 05/25/2023) |
| 06/01/2023 | 73 | TEXT ORDER denying without prejudice Plaintiff's Motion for Extension of Time to Complete Discovery (Docket # 70 ). Although Plaintiff requested an abeyance of his |

| | | |
|---|---|---|
| | | motion until after a deposition scheduled for May 31, 2023, the Court is disinclined to maintain possibly unnecessary motions on the docket. Plaintiff may renew his motion should it become necessary. IT IS SO ORDERED. Signed by Hon. Marian W. Payson on 6/1/2023. (KAH) (Entered: 06/01/2023) |
| 06/19/2023 | 74 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *requesting conference regarding a discovery dispute re Rule 30(b)(6) deposition*. (Shields, Elliot) (Entered: 06/19/2023) |
| 06/21/2023 | 75 | TEXT ORDER: A Telephone Conference will be held on **July 13, 2023**, at **1:30 p.m.**, before the undersigned to address the disputes outlined in plaintiff's letter filed on June 19, 2023. *Dial-in instructions will be emailed to counsel prior to the conference.* IT IS SO ORDERED. Signed by Hon. Marian W. Payson on 6/21/2023. (KAH) (Entered: 06/21/2023) |
| 07/11/2023 | 76 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *regarding 30(b)(6) Discovery Disputes Addressed in Plaintiffs' June 19 Letter*. (Jones, Peachie) (Entered: 07/11/2023) |
| 07/13/2023 | 77 | Minute Entry for proceedings held before Hon. Marian W. Payson: Telephone Conference held on 7/13/2023 as to correspondence relating to 30(b)(6) deposition. Appearances: Elliot Dolby Shields, Esq., Peachie L. Jones, Esq., Mark W. Pedersen, USMJ(AT&T Recorded Conference) (CAM) (Entered: 07/14/2023) |
| 07/24/2023 | 78 | STIPULATION AND ORDER re videorecording depositions. Signed by Hon. Marian W. Payson on 7/24/2023. (KAH) (Entered: 07/24/2023) |
| 08/09/2023 | 79 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Letter requesting conference on two discovery issues*. (Attachments: # 1 Exhibit Leach Deposition Notice, # 2 Exhibit TASER document produced August 8, 2023, # 3 Exhibit Rule 30(b)(6) deposition notice)(Shields, Elliot) (Entered: 08/09/2023) |
| 08/09/2023 | 80 | Letter filed by Jason Rudolph, Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *in Response to Plaintiffs' Aug 9 Request for a Conference*. (Jones, Peachie) (Entered: 08/09/2023) |
| 08/10/2023 | 81 | TEXT ORDER: A Telephone Conference will be held on **August 16, 2023**, at **3:00 p.m.**, before the undersigned to address the disputes outlined in the parties' letters filed on August 9, 2023. *Dial-in instructions will be emailed to counsel prior to the conference.* IT IS SO ORDERED. Signed by Hon. Marian W. Payson on 8/10/2023. (KAH) (Entered: 08/10/2023) |
| 08/16/2023 | 82 | Minute Entry for proceedings held before Hon. Marian W. Payson & Hon Mark W. Pedersen: Telephone Status Conference held on 8/16/2023. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.. Counselors will conduct the deposition of Officer Leach on August 21, 2023 which Plaintiff's counsel anticipates will take 4 or 5 hours. Defense counsel will use the remainder of the day to conclude preparing the 30(b)(6) witness, whose deposition is already scheduled for August 22, 2023. Plaintiff's counsel will use the five pages from taser manuals he has independently obtained to assist in questioning the 30(b)(6) witness about whether the Department considered training officers on the use of tasers as a means of controlling dogs, and if necessary, will confer with Defense counsel about re-deposing the 30(b)(6) witness further on tasers and their use as a method of non-lethal control of dogs. Absent agreement, counsel may raise the issue to the Court. (Court Reporter AT&T Conference.) (JB) (Entered: 08/16/2023) |

| | | |
|---|---|---|
| 08/22/2023 | 83 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Telephone Conference held on 8/22/2023. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.<br><br>Parties contact the Court while conducting a deposition of the City's 30(b)(6) witness in the dog shooting cases. The notice of the deposition required that the witness be prepared to testify concerning the substance of rules concerning entry into the curtilage of a residence. Mr. Shields believes that the witness should also be prepared to answer questions about how the instructions, policies, rules, etc., are created, and argued that Ms. Jones did permit the 30(b)(6) witness to answer one question on that topic, but objected with Mr. Shields asked about the creation of training bulletins. **RULING**: questions about how the instructions, rules, policies, etc. were created are outside the scope of the notice.<br><br>Mr. Shields also brought up the issue of Ms. Jones speaking with the witness during breaks. He wanted the witness to answer what they spoke about once the witness was back on the record. Ms. Jones objected, stating that their discussion was protected by the attorney-client privilege. **RULING**: neither counsel may coach a witness during breaks.<br><br>The parties called again raising another issue regarding the 30(b)(6) deposition witness. Mr. Shields, under paragraph 1.d. of the notice, wanted the witness to identify any officers who have been disciplined under the policy concerning entry into the curtilage of a residence. Ms. Jones objected on the ground that such a question is outside the scope of the notice. Mr. Shields responded that his notice included not only policy, but also the practical application of such policies and that the witness had already answered his question concerning how the policies were implemented in practice, but that Mr. Shields wanted to know, therefore, specific situations in which the policies were put into practice. **RULING**: Mr. Shields may inquire about how the policies at issue were practically applied to the named defendants, but may not require the 30(b)(6) witness to testify about all other officers who may have had the policies at issue applied against them.<br><br>In a fourth call, Ms. Jones objected to Mr. Shields' question about why the City started tracking dogs that had been shot. Ms. Jones objection is that the question is outside the scope of the notice. **RULING**: the question of "why" is outside the scope of the notice.<br><br>(Court Reporter AT&T Conference.) (JB) (Entered: 08/23/2023) |
| 10/16/2023 | 84 | STIPULATION *re L.D.'s RCSD records* by Charles Dempsey. (Shields, Elliot) (Entered: 10/16/2023) |
| 10/16/2023 | 85 | ORDER Pursuant to the parties' October 15, 2023 Stipulation 84 , counsel may obtain from Chambers a copy of the subpoenaed school records of the infant plaintiff to be used solely in connection with this litigation. The records shall be treated as "Confidential" pursuant to the terms of the Stipulated Protective Order. Counsel are directed to promptly stamp the records "CONFIDENTIAL." Signed by Hon. Marian W. Payson on 10/16/2023. (KAH) (Entered: 10/16/2023) |
| 10/19/2023 | 86 | Letter filed by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *requesting conference in Dempsey, Gursslin, Anniszkiewicz and Cox*. (Attachments: # 1 Exhibit Scherbyan subpoena)(Shields, Elliot) (Entered: 10/19/2023) |
| 10/19/2023 | 87 | TEXT ORDER: The Court is in receipt of Plaintiff's request for a conference to discuss various discovery issues. The parties are directed to meet and confer regarding these issues and, if not successful, may thereafter request a conference with the Court. SO ORDERED. Signed by Hon. Mark W. Pedersen on October 19, 2023. (VSG) (Entered: 10/19/2023) |

| | | |
|---|---|---|
| 10/23/2023 | 88 | First MOTION for Extension of Time to Complete Discovery *joint motion to extend expert deadlines* by Charles Dempsey.(Shields, Elliot) (Entered: 10/23/2023) |
| 10/24/2023 | 89 | LETTER ORDER granting 88 Motion for Extension of Time to Complete Discovery. (Plaintiff Expert ID due by 1/26/2024. Defendant Expert ID due by 3/30/2024. Expert Discovery to be completed by 5/29/2024. Dispositive Motions due by 7/12/2024.) Signed by Hon. Marian W. Payson on 10/24/2023. (KAH) (Entered: 10/24/2023) |
| 05/21/2024 | 90 | Joint MOTION for Extension of Time to File *Dispositive Motions* by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph.(Jones, Peachie) (Entered: 05/21/2024) |
| 05/22/2024 | 91 | LETTER ORDER granting 90 Motion for Extension of Time to File Dispositive Motions. Dispositive Motions in the *Dempsey* matter shall be filed by no later than August 9, 2024. Opposition papers shall be filed within 30 days of the filing of any motion, and replies, if any, shall be filed within 15 days of the opposition. Signed by Hon. Marian W. Payson on 5/22/2024. (KAH) (Entered: 05/22/2024) |
| 08/02/2024 | 92 | MOTION for Leave to File *Excess Pages in Summary Judgment Memorandum of Law* by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph.(Jones, Peachie) (Entered: 08/02/2024) |
| 08/05/2024 | 93 | RESPONSE in Opposition re 92 MOTION for Leave to File *Excess Pages in Summary Judgment Memorandum of Law* filed by Charles Dempsey. (Shields, Elliot) (Entered: 08/05/2024) |
| 08/05/2024 | 94 | TEXT ORDER granting 92 opposed request for extension of page limitations. Defendants' memorandum of law in support of their anticipated motion for summary judgment (Dkt. 92) is granted, and their memorandum of law shall not exceed 31 pages in length. Plaintiff's objection to the extension request (Dkt. 93) is overruled. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on 08/05/2024. (CAL) (Entered: 08/05/2024) |
| 08/09/2024 | 95 | MOTION for Summary Judgment by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Peachie Jones, Esq., # 3 Exhibit A - Charles Dempsey Deposition Excerpts, # 4 Exhibit B - Sgt. Kelly Deposition Excerpts, # 5 Exhibit C - Officer Algarin Deposition Excerpts, # 6 Exhibit D - Officer Gorman Deposition Excerpts, # 7 Exhibit E - Officer Horowitz Deposition Excerpts, # 8 Exhibit F - Sgt. Rudolph Deposition Excerpts, # 9 Exhibit G - City of Rochester (30-b-6) Deposition Excerpts, # 10 Exhibit H - Reno DiDomenico Deposition Excerpts, # 11 Exhibit I - Officer Leach Deposition Excerpts, # 12 Exhibit J - Officer Laureano Deposition Excerpts, # 13 Exhibit K - Sgt. Romig Deposition Excerpts, # 14 Exhibit L - Officer Nellist Deposition Excerpts, # 15 Exhibit M - James Crosby Deposition Excerpts, # 16 Exhibit N - Officer Algarin Body Worn Camera Video, # 17 Exhibit O - Screenshot from Officer Algarin BWC, # 18 Exhibit P - Screenshot from Officer Gorman BWC, # 19 Exhibit Q - Officer Algarin Affidavit, # 20 Exhibit R - Plaintiffs' Second Amended Complaint, # 21 Exhibit S - Plaintiff's Response to Interrogatories in Cox, # 22 Exhibit T - RPD Calls for Service (2016-2018), # 23 Exhibit U - Dog Bite Prevention PowerPoint Presentation Excerpts, # 24 Exhibit V - Proposed Expert Report by James Crosby, # 25 Exhibit W - RPD General Order 340, # 26 Exhibit X - Plaintiffs' List of Outstanding Monell Discovery (ECF 62-1), # 27 Exhibit Y - View History of Officer Algarin BWC, # 28 Exhibit Z - Incident Reports of Other Dog Shootings, # 29 Statement of Undisputed Facts)(Jones, Peachie) (Entered: 08/09/2024) |
| 08/09/2024 | 96 | First MOTION for Summary Judgment by Charles Dempsey. (Attachments: # 1 Statement of Undisputed Facts, # 2 Memorandum in Support, # 3 Declaration Crosby Dec, # 4 Declaration Attorney Declaration, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # |

| | | |
|---|---|---|
| | | 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit, # 20 Exhibit, # 21 Exhibit, # 22 Exhibit, # 23 Exhibit, # 24 Exhibit, # 25 Exhibit)(Shields, Elliot) (Entered: 08/09/2024) |
| 09/06/2024 | 97 | RESPONSE in Opposition re 96 First MOTION for Summary Judgment filed by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit A - Lt. Ciulla / City 30-b-6 Deposition Excerpt, # 3 Exhibit B - RPD General Order 401, # 4 Statement of Undisputed Facts, rather Defendants' Counterstatement to Plaintiffs' Statement of Undisputed Facts)(Jones, Peachie) (Entered: 09/06/2024) |
| 09/09/2024 | 98 | RESPONSE in Opposition re 95 MOTION for Summary Judgment filed by Charles Dempsey. (Attachments: # 1 Statement of Undisputed Facts, # 2 Declaration Shields Declaration, # 3 Declaration Crosby Declaration, # 4 Exhibit 50h selections, # 5 Exhibit Deed, # 6 Exhibit Arrest report for fleeing suspect, # 7 Exhibit Algarin Dep Selections, # 8 Exhibit Horowitz Dep Selections, # 9 Exhibit Gorman Dep Selections, # 10 Exhibit Gorman BWC, # 11 Exhibit Horowitz BWC, # 12 Exhibit Algarin BWC, # 13 Exhibit Charles Dempsey Deposition Selections, # 14 Exhibit James Crosby Ph.D. Expert Report, # 15 Exhibit Screenshots from Algarin BWC, # 16 Exhibit Screenshots from Algarin BWC, # 17 Exhibit L.D. Deposition Selections, # 18 Exhibit DiSabitino BWC, # 19 Exhibit Lindauer BWC, # 20 Exhibit Incident Report for fleeing suspect, # 21 Exhibit Brodsky BWC, # 22 Exhibit 30b6 Deposition Selections, # 23 Exhibit Rudolph Deposition Selections, # 24 Exhibit Laureano Deposition Selections, # 25 Exhibit 2019 Training Bulletin - Warrantless Search of Curtilage, # 26 Exhibit D&C Article, Dog Shootings 2004-2009, # 27 Exhibit FDRs 2013-2018, # 28 Exhibit Taser Animal Certification, # 29 Exhibit 2016 Taser PPT selections - use on animals, # 30 Exhibit 2019 Taser PPT full, # 31 Exhibit James Crosby Ph.D Deposition Selections, # 32 Exhibit DiDomenico Deposition Selections, # 33 Exhibit 2014 DiDomenico Training, # 34 Exhibit COPS Training: The Problem of Dog-Related Incidents and Encounters, # 35 Exhibit COPS Tactical Considerations video, # 36 Exhibit COPS Use of Force Considerations video, # 37 Exhibit COPS Legal Considerations video, # 38 Exhibit COPS Overview Considerations video, # 39 Exhibit COPS Communicating with Dogs video, # 40 Exhibit Cala Dep selections, # 41 Exhibit Trenton Dep selections, # 42 Exhibit Leach Dep selections, # 43 Exhibit Alexander Dep Selections, # 44 Exhibit Romig Dep selections, # 45 Exhibit Kelly Dep selections, # 46 Exhibit Nellist Dep Selections, # 47 Exhibit Brock Dep selections, # 48 Exhibit Vanbrederode Dep Selections, # 49 Exhibit Zimmerman Dep Selections, # 50 Exhibit Cala BWC, # 51 Exhibit Pinckney Dep Selections, # 52 Exhibit Pinckney BWC, # 53 Exhibit Celentano Dep selections, # 54 Exhibit Celentano BWC, # 55 Exhibit Leach BWC, # 56 Exhibit Leach IR preston incident, # 57 Exhibit Nigrelli Dep Selections, # 58 Exhibit Rivera Dep Selections, # 59 Exhibit Springer Dep Selections)(Shields, Elliot) (Entered: 09/09/2024) |
| 09/20/2024 | 99 | REPLY to Response to Motion re 95 MOTION for Summary Judgment *on Entire Complaint* filed by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit AA - Plaintiff's Summary Judgment Memorandum in Cox v. City of Rochester, # 3 Exhibit BB - Plaintiff's Summary Judgment Memorandum in Gursslin v. City of Rochester, # 4 Exhibit CC - Defendants' Response to 3rd RFP, # 5 Exhibit DD - Second Amended Complaint, # 6 Exhibit EE - Officer Gorman Deposition Transcript, # 7 Exhibit FF - Officer Horowitz Deposition Transcript, # 8 Exhibit GG - Officer Algarin Deposition Transcript)(Jones, Peachie) (Entered: 09/20/2024) |
| 09/21/2024 | 100 | REPLY to Response to Motion re 95 MOTION for Summary Judgment *Response to misstatement in Defendants' reply at footnote 1 regarding timeliness of Plaintiffs' opposition papers* filed by Charles Dempsey. (Shields, Elliot) (Entered: 09/21/2024) |

| | | |
|---|---|---|
| 09/21/2024 | 101 | REPLY/RESPONSE to re 96 First MOTION for Summary Judgment filed by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit RPD General Order 415)(Shields, Elliot) (Entered: 09/21/2024) |
| 10/07/2024 | 102 | NOTICE of Manual Filing by Charles Dempsey re 96 First MOTION for Summary Judgment: Thumb drive containing video exhibits. Maintained in Clerk's Office file. (JHF) (Entered: 10/08/2024) |
| 10/07/2024 | 103 | NOTICE of Manual Filing by Charles Dempsey re 98 Response in Opposition to Motion: Thumb drive containing video exhibits. Maintained in Clerk's Office file. (JHF) (Entered: 10/08/2024) |
| 01/02/2025 | 104 | DECISION AND ORDER granting in part and denying in part 95 Motion for Summary Judgment; denying 96 Motion for Summary Judgment. Signed by Hon. Elizabeth A. Wolford on 01/02/2025. (CDH) (Entered: 01/02/2025) |
| 01/07/2025 | 105 | TEXT ORDER reassigning case referral to Magistrate Judge Hon. Colleen D. Holland in place of Hon. Marian W. Payson. Signed by Mary C. Loewenguth, Clerk of Court, on 1/7/25.(RE) (Entered: 01/07/2025) |
| 01/29/2025 | 106 | MOTION for Relief from Court Order under FRCP 60(b) re 104 Order on Motion for Summary Judgment, by City of Rochester, Javier Algarin, Adam Gorman, Jason Rudolph. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Peachie L. Jones, Esq., # 3 Exhibit A - Defendants' MSJ Memo in Gursslin, # 4 Exhibit B - Plaintiff's MSJ Opposition Memo in Gursslin, # 5 Exhibit C - Defendants' MSJ Memo in Dempsey, # 6 Exhibit D - Plaintiff's MSJ Opposition Memo in Dempsey, # 7 Exhibit E - Defendants' MSJ Reply Memo in Dempsey, # 8 Exhibit F - Springer Deposition Excerpt)(Jones, Peachie) (Entered: 01/29/2025) |
| 01/30/2025 | 107 | TEXT ORDER re 106 Motion for Relief from Order. Responses are due on or before February 19, 2025. Replies are due on or before February 26, 2025. Upon review of the papers, the Court will determine if oral argument is necessary and, if so, will inform the parties of the date and time. Otherwise, the matter will be deemed submitted and decided on the papers. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on 01/30/2025. (JKS). (Entered: 01/30/2025) |
| 02/18/2025 | 108 | RESPONSE in Opposition re 106 MOTION for Relief from Court Order under FRCP 60(b) re 104 Order on Motion for Summary Judgment, filed by Charles Dempsey. (Shields, Elliot) (Entered: 02/18/2025) |
| 02/26/2025 | 109 | REPLY/RESPONSE to re 108 Response in Opposition to Motion *and in Further Support of Defendants' Rule 60(b) Motion* filed by City of Rochester, Javier Algarin, Adam Gorman, Jason Rudolph. (Jones, Peachie) (Entered: 02/26/2025) |
| 04/16/2025 | 110 | DECISION AND ORDER denying 106 Motion for Relief from Order. Signed by Hon. Elizabeth A. Wolford on 04/16/2025. (JKS) (Entered: 04/16/2025) |
| 04/23/2025 | 111 | TEXT ORDER. An in-person status conference is scheduled for June 13, 2025, at 2:00 p.m., at the United States Courthouse, 100 State Street, Rochester, New York 14614. Counsel should be prepared to discuss the status of the following related cases: Preston v. City of Rochester, No. 6:22-CV-06525-EAW-MJP; McGill v. City of Rochester, No. 6:22-CV-06523-EAW-CDH; Gursslin v. City of Rochester, No. 6:20-CV-06508-EAW-MJP; Dempsey v. City of Rochester, No. 6:19-CV-06780-EAW-CDH. The attorneys trying these cases shall appear at the conference and be prepared to set a trial date. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on 04/23/2025. (JKS) (Entered: 04/23/2025) |

| | | |
|---|---|---|
| 04/23/2025 | | CALENDAR EVENT: Status Conference set for 6/13/2025 at 2:00 PM in US Courthouse, 100 State Street, Rochester NY 14614 before Hon. Elizabeth A. Wolford. See also Text Order at Docket # 111. (DPS) (Entered: 04/23/2025) |
| 06/09/2025 | 112 | TEXT ORDER. Due to the Court's schedule, the Status Conference previously set for June 13, 2025, at 2:00 p.m. is hereby rescheduled for June 12, 2025, at 3:30 p.m. at the United States Courthouse, 100 State Street, Rochester, New York 14614. SO ORDERED. Signed by Hon. Elizabeth A. Wolford on 06/09/2025. (JKS) (Entered: 06/09/2025) |
| 06/12/2025 | 113 | Minute Entry for proceedings held before Hon. Elizabeth A. Wolford: Appearances: Elliot Dolby Shields, Esq. on behalf of plaintiff; Peachie L. Jones, Esq. on behalf of defendants. Status Conference held on 6/12/2025 to address setting a trial date. Court to advise counsel regarding Magistrate Judge's availability for scheduling a jury trial; parties to confirm within one week of that notice as to consent to same. (Court Reporter Karen Clark.) (DPS) (Entered: 06/13/2025) |
| 06/25/2025 | 114 | CONSENT to Jurisdiction by US Magistrate Judge by John Doe, Charles Dempsey, City of Rochester, Javier Algarin. Case reassigned to Magistrate Hon. Colleen D. Holland. Signed by Hon. Elizabeth A. Wolford on 6/25/2025. (TF) (Entered: 06/26/2025) |
| 06/26/2025 | | CALENDAR EVENT: Joint Pretrial Conference set for 6/30/2025 at 11:00 AM via video conference before Hon. Colleen D. Holland AND Hon. Mark W. Pedersen. The proceeding will take place via Zoom, counsel of record will receive Zoom information from the Court within 24 hours of the proceeding. Parties who wish to view the proceeding may contact Chambers at pedersen@nywd.uscourts.gov for connection information. (JB) (Entered: 06/26/2025) |
| 06/26/2025 | | CALENDAR EVENT: Joint Pretrial Conference reset for 6/30/2025 at 3:30 PM via video conference before Hon. Colleen D. Holland AND Hon. Mark W. Pedersen. The proceeding will take place via Zoom, counsel of record will receive Zoom information from the Court within 24 hours of the proceeding. Parties who wish to view the proceeding may contact Chambers at pedersen@nywd.uscourts.gov for connection information. (JB) (Entered: 06/26/2025) |
| 06/30/2025 | 115 | Minute entry for proceedings held before Hon. Colleen D. Holland and Hon. Mark W. Pedersen. Pretrial conferences held in case numbers 19-cv-6780, 20-cv-6508, 22-cv-6523, and 22-cv-6525. The Court and parties discuss the scheduling of a jury trial in each respective matter, scheduling orders to issue. The Court sets a briefing schedule on Defendant's anticipated motion to bifurcate to be filed in 19-cv-6780. Scheduling order to issue. At a date prior to the commencement of the jury trials, the Court will issue an order directing The Clerk of Court's Office to reassign the matters for the reasons discussed on the record. (Court Reporter ZoomGov.) (DAF) (Entered: 06/30/2025) |
| 06/30/2025 | 116 | TEXT ORDER. As discussed on the record on June 30, 2025, Defendants' Motion to Bifurcate is due by September 12, 2025. Plaintiff's response to the motion is due by October 3, 2025. Defendants' reply is due by October 17, 2025. Upon completion of the briefing, the Court will take the motion under advisement and schedule oral argument at its convenience, if necessary. SO ORDERED. Signed by Hon. Colleen D. Holland on 6/30/2025. (DAF) (Entered: 06/30/2025) |
| 07/11/2025 | 117 | PRETRIAL ORDER. (Please Note: This docket text does not contain the entire contents of the attached order. It is your responsibility to read the attached order and download it for future reference.) A Jury Trial is set for January 12, 2026, at 8:30 a.m. in US Courthouse, 100 State Street, Rochester NY 14614 before Hon. Mark W. Pedersen. Signed by Hon. Colleen D. Holland on 7/11/2025. (DAF) (Entered: 07/11/2025) |

| | | |
|---|---|---|
| 07/21/2025 | 118 | Please disregard entry filed in wrong case: NOTICE of Appearance by Benjamin Josiah Wittwer on behalf of All Plaintiffs (Wittwer, Benjamin) Modified docket text on 7/22/2025 (RE). (Entered: 07/21/2025) |
| 07/22/2025 | | E-Filing Notification: Document filed in wrong case. Disregard docket entry. 118 NOTICE of Appearance by Benjamin Josiah Wittwer. (RE) (Entered: 07/22/2025) |
| 09/12/2025 | 119 | MOTION to Bifurcate *Officer Liability from Municipal Liability* by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Peachie L. Jones, Esq., # 3 Exhibit 1 - Dempsey Complaint, # 4 Exhibit 2 - McGill Complaint, # 5 Exhibit 3 - Gursslin Complaint, # 6 Exhibit 4 - Preston Complaint, # 7 Exhibit 5 - Plaintiffs' Rule 26 Disclosures in Dempsey, # 8 Exhibit 6 - Plaintiff's Rule 26 Disclosures in McGill, # 9 Exhibit 7 - Plaintiff's Rule 26 Disclosures in Gursslin, # 10 Exhibit 8 - Plaintiff's Rule 26 Disclosures in Preston, # 11 Exhibit 9 - RPD Incident Reports, # 12 Exhibit 10 - Defendants' Rule 26 Disclosures in Preston, # 13 Exhibit 11 - Plaintiffs' Psychological Experts in Dempsey, # 14 Exhibit 12 - LD Deposition Transcript, # 15 Exhibit 13 - Pre Trial Orders, # 16 Exhibit 14 - Charles Dempsey Deposition Transcript)(Jones, Peachie) (Entered: 09/12/2025) |
| 09/19/2025 | 120 | TEXT ORDER re 119 MOTION to Bifurcate. Oral argument will be held on October 27, 2025, at 3:00 p.m. Counsel may, if requested, appear for oral argument via remote means. Any such request to appear remotely must be made at least five business days in advance of the scheduled oral argument date and sent via email to the undersigned's Chambers at holland@nywd.uscourts.gov. SO ORDERED. Signed by Hon. Colleen D. Holland on 9/19/2025. (DAF) (Entered: 09/19/2025) |
| 10/03/2025 | 121 | RESPONSE in Opposition re 119 MOTION to Bifurcate *Officer Liability from Municipal Liability* filed by Charles Dempsey. (Shields, Elliot) (Entered: 10/03/2025) |
| 10/17/2025 | 122 | REPLY/RESPONSE to re 119 MOTION to Bifurcate *Officer Liability from Municipal Liability in Further Support of Defendants' Motion to Bifurcate* filed by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit 15 - Undisputed Facts (Dempsey), # 3 Exhibit 16 - Pl Opposition to Summary Judgment (Dempsey), # 4 Exhibit 17 - Pl Opposition to Summary Judgment (McGill))(Jones, Peachie) (Entered: 10/17/2025) |
| 10/23/2025 | 123 | First MOTION for Leave to Appear virtual *at the bifurcation argument, to switch the Preston and Gursslin trial dates, and correct case citations* by Charles Dempsey.(Shields, Elliot) (Entered: 10/23/2025) |
| 10/24/2025 | 124 | TEXT ORDER re 123 First MOTION for Leave to Appear virtually at the bifurcation argument, to switch the *Preston* and *Gursslin* trial dates, and to correct case citations. The Court grants Plaintiffs' counsel's request to appear for oral argument on October 27, 2025, at 3:00 p.m. via remote means. Information regarding connecting via remote means will be provided to Plaintiffs' counsel in advance of the appearance. The remaining items in Plaintiffs' motion will be addressed during the oral argument. SO ORDERED. Signed by Hon. Colleen D. Holland on 10/24/2025. (KOV) (Entered: 10/24/2025) |
| 10/27/2025 | 125 | Minute entry for proceedings held before Hon. Colleen D. Holland. Oral argument re 119 MOTION to Bifurcate held on 10/27/2025. The Court reserves decision. The Court addresses 123 First MOTION for Leave to Appear virtually at the bifurcation argument, to switch the *Preston and Gursslin* trial dates, and to correct case citations. A further status conference will be held to address the switching of the *Preston and Gursslin* trial dates. The Court does not require any further correction of the case citations. (Court Reporter FTR Gold.) (DAF) (Entered: 10/27/2025) |

| | | |
|---|---|---|
| 11/12/2025 | | SCHEDULING NOTICE: A telephone conference to address the scheduling of the *Preston* and *Gursslin* trials is set for November 14, 2025, at 10:30 a.m. before Hon. Colleen D. Holland. Counsel will be provided with dial-in instructions in advance of the conference. (DAF) (Entered: 11/12/2025) |
| 11/14/2025 | 126 | Minute entry for proceedings held before Hon. Colleen D. Holland. Telephone status conference held on 11/14/2025. The Court addresses the rescheduling of the *Gursslin* and *Preston* trials. Order to follow. Appearances: Elliot D. Shields, Esq., for plaintiff; Peachie L. Jones, Esq., for defendants. (Court Reporter FTR Gold.) (DAF) (Entered: 11/14/2025) |
| 11/17/2025 | 127 | First MOTION for Extension of Time to File *request for one week extension to file pretrial submissions* by Charles Dempsey.(Shields, Elliot) (Entered: 11/17/2025) |
| 11/19/2025 | 128 | MOTION to Amend/Correct *the Caption* by Javier Algarin, City of Rochester, Adam Gorman, Jason Rudolph.(Jones, Peachie) (Entered: 11/19/2025) |
| 11/24/2025 | 129 | TEXT ORDER granting 127 First MOTION for Extension of Time to File. Good cause having been shown, Plaintiff's motion on consent for an extension of time to file the pretrial submissions due by December 1, 2025, is granted, and those submissions are due by December 8, 2025. All other deadlines set by the Pretrial Order (Dkt. 117 ) remain in effect. SO ORDERED. Signed by Hon. Colleen D. Holland on 11/24/2025. (CRT) (Entered: 11/24/2025) |
| 11/24/2025 | 130 | TEXT ORDER re 128 MOTION to Amend/Correct the Caption. Response due by December 8, 2025. SO ORDERED. Signed by Hon. Colleen D. Holland on 11/24/2025. (CRT) (Entered: 11/24/2025) |
| 11/26/2025 | 131 | DECISION AND ORDER denying 119 Motion to Bifurcate. Signed by Hon. Colleen D. Holland on 11/26/2025. (CDH) (Entered: 11/26/2025) |
| 12/01/2025 | 132 | TEXT ORDER REASSIGNING CASE. This case is hereby transferred to the Hon. Mark W. Pedersen for all future proceedings. SO ORDERED. Signed by Hon. Colleen D. Holland on 12/1/2025. (DAF)<br><br>Clerk to Follow up (Entered: 12/01/2025) |
| 12/02/2025 | | Case Reassigned to Hon. Mark W. Pedersen. (RE) (Entered: 12/02/2025) |
| 12/08/2025 | 133 | TRIAL BRIEF *Motion in Limine requesting attorney led vior dire* by Charles Dempsey. (Shields, Elliot) (Entered: 12/08/2025) |
| 12/08/2025 | 134 | TRIAL BRIEF *Motion in limine requesting to suggest a specific dollar amount for damages in summation* by Charles Dempsey. (Shields, Elliot) (Entered: 12/08/2025) |
| 12/08/2025 | 135 | TRIAL BRIEF *Motion in limine to preclude defendants from referencing any impact a judgment could have on taxpayers* by Charles Dempsey. (Shields, Elliot) (Entered: 12/08/2025) |
| 12/08/2025 | 136 | TRIAL BRIEF *Motion in Limine to admit 27 officer deposition transcripts in evidence and plaintiffs' FRE 1006 Summary Chart of the voluminous deposition testimony* by Charles Dempsey. (Attachments: # 1 Exhibit Fed R Evid 1006 Summary Chart of Deposition Testimony, # 2 Exhibit Expert report of Dr. James Crosby)(Shields, Elliot) (Entered: 12/08/2025) |
| 12/08/2025 | 137 | TRIAL BRIEF *Motion in Limine to ask leading questions of defendants, officer witnesses, and the City's trainer Reno DiDomenico pursuant to FRE 611(c)* by Charles Dempsey. (Shields, Elliot) (Entered: 12/08/2025) |

| | | |
|---|---|---|
| 12/08/2025 | 138 | TRIAL BRIEF *Motion in Limine to deem certain topics admitted that Rule 30(b)(6) witness was unprepared to answer, pursuant to FRCP 37(d)(1)(A)(i)* by Charles Dempsey. (Attachments: # 1 Exhibit 30(b)(6) notice, # 2 Exhibit 30(b)(6) deposition transcript) (Shields, Elliot) (Entered: 12/08/2025) |
| 12/08/2025 | 139 | TRIAL BRIEF *No objection to defendants' motion to amend the caption* by Charles Dempsey. (Shields, Elliot) (Entered: 12/08/2025) |
| 12/08/2025 | 140 | Trial Document by Javier Algarin, City of Rochester, Adam Gorman as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *(Pre-Trial Submissions)*. (Attachments: # 1 Defendants' Client Information, # 2 Defendants' Counsel Information, # 3 Defendants' Proposed Witness List, # 4 Defendants' Proposed Voir Dire Questions, # 5 Defendants' Proposed Exhibit List, # 6 Defendants' Proposed Deposition Testimony to Be Read In, # 7 Defendants' Proposed Jury Instruction (without redline), # 8 Defendants' Proposed Jury Instruction (with redline))(Jones, Peachie) (Entered: 12/08/2025) |
| 12/08/2025 | 141 | MOTION in Limine *to Preclude Expert Testimony* by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit A - Crosby Report in Dempsey, # 3 Exhibit B - Crosby Deposition in Gursslin, # 4 Exhibit C - Crosby Deposition in Dempsey, # 5 Exhibit D - Azurdia Docket, # 6 Exhibit E - Crosby Report in Azurdia, # 7 Exhibit F - Crosby Report in Gursslin, # 8 Exhibit G - Crosby Report in Cox, # 9 Exhibit H - Lyons Report re Leona Dempsey, # 10 Exhibit I - APA Website, School Psychology, # 11 Exhibit J - APA Website, Forensic Psychology, # 12 Exhibit K - Prince Report re Charles Dempsey, # 13 Exhibit L - Leona Dempsey Deposition Testimony, # 14 Memorandum in Support)(Jones, Peachie) (Entered: 12/08/2025) |
| 12/08/2025 | 142 | MOTION in Limine *regarding Multiple Issues* by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit)(Jones, Peachie) (Entered: 12/08/2025) |
| 12/09/2025 | 143 | Trial Document by Charles Dempsey as to Jason Rudolph, Javier Algarin, City of Rochester, John Doe, Adam Gorman *Plaintiffs' pretrial submissions*. (Attachments: # 1 Exhibit Ex 1 - Plaintiffs' Proposed Vior Dire, # 2 Exhibit Ex 2 - Plaintiffs' deposition designations / FRE 1006 summary chart, # 3 Exhibit Ex 3 - Joint Statement of the case, # 4 Exhibit Ex 4 - Plaintiffs' preliminary exhibit list, # 5 Exhibit Ex 5 - Plaintiffs' proposed jury instructions)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/09/2025 | 144 | Consent MOTION for Extension of Time to File Response/Reply *to Pre-Trial Submissions* by Javier Algarin, City of Rochester, Adam Gorman.(Jones, Peachie) (Entered: 12/09/2025) |
| 12/09/2025 | 145 | TEXT ORDER granting Defendants' unopposed Motion to Amend or Correct (ECF No. 128 ). The Court directs Plaintiff to provide the Clerk of the Court with Plaintiff L.D.'s legal name and, further, directs the Clerk of the Court to amend the caption to include Plaintiff L.D.'s legal name. SO ORDERED.Signed by Hon. Mark W. Pedersen on December 9, 2025. (VSG)<br><br>Clerk to Follow up (Entered: 12/09/2025) |
| 12/09/2025 | 146 | TEXT ORDER granting Defendants' Motion for Extension of Time to File Response/Reply (ECF No. 144 ). Given the short time period between Defendants' response deadline and trial the Court will not grant any further extension requests. SO ORDERED. Signed by Hon. Mark W. Pedersen on December 9, 2025. (VSG) (Entered: 12/09/2025) |

| | | |
|---|---|---|
| 12/09/2025 | 147 | TRIAL BRIEF *ECF 134 supplement for Motion in Limine to request specific dollar amount in summation* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Dr Prince Report, # 3 Exhibit Exhibit 2 - Dr. Vilardo Lyons Report, # 4 Memorandum in Support Memorandum previously filed at ECF 134)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/09/2025 | 148 | TRIAL BRIEF *ECF 133 supplement to motion in limine for attorney conducted vior dire* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Dr Prince Report, # 3 Exhibit Exhibit 2 - Dr. Vilardo Lyons Report, # 4 Exhibit Exhibit 3 - Cuilla deposition excerpts, # 5 Exhibit Exhibit 4 - Boyd verdict sheet, # 6 Memorandum in Support)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/09/2025 | 149 | TRIAL BRIEF *ECF 135 supplement to motion in limine to preclude defendants from mentioning any effect on taxpayers of a damages award* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Dr Prince Report, # 3 Exhibit Exhibit 2 - Dr. Vilardo Lyons Report, # 4 Memorandum in Support)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/09/2025 | 150 | TRIAL BRIEF *ECF 136 supplement to motion in limine to admit transcripts of 27 depositions and FRE 1006 summary chart* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - FRE 1006 summary chart, # 3 Exhibit Exhibit 2 - Dr. James Crosby, Ph.D. report, # 4 Memorandum in Support)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/09/2025 | 151 | TRIAL BRIEF *ECF 137 supplement to motion in limine pursuant to FRE 611(c) to ask leading questions of defense witnesses and those sympathetic to defendants' position* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Memorandum in Support)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/09/2025 | 152 | TRIAL BRIEF *ECF 138 supplement to motion in limine to deem certain Rule 30(b)(6) issues and testimony as admitted and precluding contrary evidence pursuant to Rule 37* by Charles Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - 30(b)(6) notice, # 3 Exhibit Exhibit 2 - excerpts of 30(b)(6) deposition, # 4 Exhibit Exhibit 3 - defendants' letter raising certain objections to the 30(b)(6) deposition, # 5 Memorandum in Support)(Shields, Elliot) (Entered: 12/09/2025) |
| 12/11/2025 | 153 | Exhibit List *Plaintiffs' Amended Exhibit List* by Charles Dempsey, Leona Dempsey.. (Shields, Elliot) (Entered: 12/11/2025) |
| 12/16/2025 | 154 | Witness List by Charles Dempsey, Leona Dempsey. (Shields, Elliot) (Entered: 12/16/2025) |
| 12/18/2025 | 155 | TRIAL BRIEF *motion in limine re hearsay issues raised in Defendants' exhibit list and witness list* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit Ex 1 - ECF 140-5 Def exhibit list, # 4 Exhibit Ex 2 - ECF 140-3 Def witness list, # 5 Exhibit Ex 3 - 2025 12 17 Ltr to defense re hearsay in FDRs and supervisor testimony, # 6 Exhibit Ex 4 - 2025 12 17 emails with defense counsel re meet and confer re hearsay issues, # 7 Exhibit Ex 5 - Incident Reports 2015-2022, # 8 Exhibit Ex 6 - General Order 340)(Shields, Elliot) (Entered: 12/18/2025) |
| 12/19/2025 | 156 | NOTICE of Appearance by Patrick B. Naylon on behalf of Javier Algarin, City of Rochester, Adam Gorman (Naylon, Patrick) (Entered: 12/19/2025) |

| | | |
|---|---|---|
| 12/19/2025 | 157 | TRIAL BRIEF *opposition to defendants' motion in limine to preclude Dr. Brigid Vilardo Lyons, Ph.D.* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Dr. Vilardo Lyons' Report, # 3 Exhibit Exhibit 2 - Dr. Goldman report in Tardiff, # 4 Exhibit Exhibit 3 - October 30, 2018 Comprehensive Psychological Evaluation)(Shields, Elliot) (Entered: 12/19/2025) |
| 12/19/2025 | 158 | TRIAL BRIEF *opposition to defendants' motion in limine to preclude Dr. Allison Prince, Psy.D.* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Dr. Prince Report, # 3 Exhibit Exhibit 2 - Dr. Goldman report in Tardiff) (Shields, Elliot) (Entered: 12/19/2025) |
| 12/19/2025 | 159 | TRIAL BRIEF *opposition to defendants' motion in limine at ECF 142* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - General Order 340, # 3 Exhibit Exhibit 2 - Rivera deposition selections, # 4 Exhibit Exhibit 3 - Collective Bargaining Agreement between City and Rochester Police Locust Club, # 5 Exhibit Exhibit 4 - Cuilla deposition excerpts, # 6 Exhibit Exhibit 5 - Dog Bite Prevention training powerpoint, # 7 Exhibit Exhibit 6 - DiDomenico Deposition excerpts, # 8 Exhibit Exhibit 7 - Vann discovery order, # 9 Exhibit Exhibit 8 - Casaccia discovery order 1, # 10 Exhibit Exhibit 9 - Casaccia discovery order 2, # 11 Exhibit Exhibit 10 - Zimmerman deposition excerpts, # 12 Exhibit Exhibit 11 - Leona Dempsey Comprehensive Psychological Evaluation diagnosing PTSD, # 13 Exhibit Exhibit 12 - Dr. Prince expert report, # 14 Exhibit Exhibit 13 - Dr. Vilardo Lyons expert report)(Shields, Elliot) (Entered: 12/19/2025) |
| 12/22/2025 | 160 | TRIAL BRIEF *opposition to defendants' motion in limine to preclude Dr. James Crosby, Ph.D.* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Judge Wolford decision on defendants' motion to preclude Dr. Crosby in Gursslin, # 3 Exhibit Exhibit 2 - Dr. Crosby report in Dempsey, # 4 Exhibit Exhibit 3 - Dr. Crosby report in Gursslin, # 5 Exhibit Exhibit 4 - RPD General Order 340, # 6 Exhibit Ex 5 - Cuilla excerpts, # 7 Exhibit Ex 6 - Nigrelli excerpts, # 8 Exhibit Ex 7 - Training Bulletin L-65-19, Warrantless Searches of Curtilage, # 9 Exhibit Ex 8 - Algarin Excerpts, # 10 Exhibit Ex 9 - Gorman Excerpts, # 11 Exhibit Ex 10 - Horowitz Excerpts, # 12 Exhibit Ex 11 - Rudolph excerpts, # 13 Exhibit Ex 12 - Laureano excerpts, # 14 Exhibit Ex 13 - Springer Excerpts, # 15 Exhibit Ex 14 - Rivera Excerpts, # 16 Exhibit Ex 15 - Law_Enforcement_Dog_Encounter_Training, # 17 Exhibit Ex 16-Crosby Dep Excerpts, # 18 Exhibit Ex 17 - DiDomenico excerpts, # 19 Exhibit Ex 18 - Alexander Excerpts, # 20 Exhibit Ex 19 - Nellist Excerpts, # 21 Exhibit Ex 20 - Buffalo Certification and Subpoena Response)(Shields, Elliot) (Entered: 12/22/2025) |
| 12/22/2025 | 161 | TRIAL BRIEF *Opposition to Attorney Voir Dire* by City of Rochester. (Naylon, Patrick) (Entered: 12/22/2025) |
| 12/22/2025 | 162 | TRIAL BRIEF *Opposition to Dollar Amount in Summation* by City of Rochester. (Naylon, Patrick) (Entered: 12/22/2025) |
| 12/22/2025 | 163 | MOTION To Try the Case in Two Phases by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Peachie L. Jones, Esq., # 3 Exhibit 1 - Pl Oppose Bifurcation, # 4 Exhibit 2 - Holland Bifurcation Decision)(Jones, Peachie) (Entered: 12/22/2025) |
| 12/22/2025 | 164 | REPLY/RESPONSE to re 150 Trial Brief, 149 Trial Brief, 136 Trial Brief, 135 Trial Brief *in Opposition to Plaintiffs' Motion regarding Taxpayer Impact and Deposition Testimony* filed by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit 1 - Scheduling Order, Dempsey, # 3 Exhibit 2 - Scheduling Order, Preston, # 4 Exhibit 3 - Scheduling Order, McGill, # 5 Exhibit 4 - ECF |

| | | |
|---|---|---|
| | | Notifications, # 6 Exhibit 5 - Complaints, # 7 Exhibit 6 - Post May 2023 Depositions)(Jones, Peachie) (Entered: 12/22/2025) |
| 12/22/2025 | 165 | MOTION to Order Plaintiffs to Comply with Pre-Trial Order; Strike Subpoenas, Witnesses, and Exhibits; and Impose Other Sanctions by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Memorandum in Support, # 2 Declaration of Peachie L. Jones, Esq., # 3 Exhibit A - Subpoenas, # 4 Exhibit B - Second Set of Subpoenas, # 5 Exhibit C - All Pl Rule 26 Disclosures, # 6 Exhibit D - Pl Witness Lists, # 7 Exhibit E - Pre Trial Order, # 8 Exhibit F - Extension Granted, # 9 Exhibit G - Emails Sending BWC)(Jones, Peachie) (Entered: 12/22/2025) |
| 12/22/2025 | 166 | REPLY/RESPONSE to re 152 Trial Brief, 151 Trial Brief, 137 Trial Brief, 138 Trial Brief, *in Opposition to Plaintiffs' Motion to Use Leading Questions and 30(b)(6) Admissions* filed by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Affidavit of Michael Ciulla, # 2 Declaration of Peachie L. Jones, Esq., # 3 Exhibit 1-Dempsey Claims, # 4 Exhibit 2 - Horowitz Screenshot, # 5 Exhibit 3 - Algarin Screenshot, # 6 Exhibit 4 - Horowitz BWC, # 7 Exhibit 5 - Pl Submissions, # 8 Exhibit 6 - Pre-Trial Order, # 9 Exhibit 7 - Extension, # 10 Exhibit 8 - Caruso Deposition)(Jones, Peachie) (Entered: 12/22/2025) |
| 12/22/2025 | 167 | Trial Document by Charles Dempsey, Leona Dempsey as to Jason Rudolph, City of Rochester, Javier Algarin, John Doe, Adam Gorman *deposition designation objections and counter designations*. (Attachments: # 1 Exhibit Ex 1 - Plaintiffs' objections to defendants' deposition designations for Charles Dempsey and counter designations, # 2 Exhibit Ex 2 - Charles Dempsey deposition excerpts, # 3 Ex 3 - Plaintiffs' objections to defendants' deposition designations for Leona Dempsey and counter designations, # 4 Exhibit Ex 4 - Leona Dempsey deposition excerpts)(Shields, Elliot) (Entered: 12/22/2025) |
| 12/22/2025 | 170 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Status Conference held on 12/22/2025. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Parties address the trial schedule, the Court will issue an amended pretrial order (see ECF No. 169 .) (Court Reporter Microsoft Teams Teleconference Recording.) (JB) (Entered: 12/23/2025) |
| 12/23/2025 | 168 | TRIAL BRIEF *opposition to ECF 163 - defendants' improper motion for reconsideration of Judge Holland's decision denying bifurcation* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration)(Shields, Elliot) (Entered: 12/23/2025) |
| 12/23/2025 | 169 | AMENDED PRETRIAL ORDER: Pretrial Conference set for 1/5/2026 at 2:00 PM in Courtroom 5, 1st Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen; Jury Trial set to commence on 1/13/2026 at 9:00 AM in Courtroom 1, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. Signed by Hon. Mark W. Pedersen on 12/23/2025. (JB) (JB). (Entered: 12/23/2025) |
| 12/29/2025 | 171 | Trial Document by Charles Dempsey, Leona Dempsey as to Jason Rudolph, City of Rochester, Javier Algarin, John Doe, Adam Gorman *Objections to Defendants' Jury Instructions and Plaintiffs' Select Proposed Modified Jury Instructions*. (Shields, Elliot) (Entered: 12/29/2025) |
| 12/29/2025 | 172 | TRIAL BRIEF *Reply to Plaintiffs' motion in limine filed at ECF 136 and 150* by Charles Dempsey, Leona Dempsey. (Shields, Elliot) (Entered: 12/29/2025) |
| 12/29/2025 | 173 | TEXT ORDER Plaintiffs filed a Notice of Motion on December 9, 2025, ECF No. 148 asking the Court to allow attorney-conducted voir dire. Defendants oppose the motion on two grounds. First, the Notice of Motion was filed after the Courts deadline, and second, case law supports having the Court conduct the voir dire. |

| | | |
|---|---|---|
| | | Federal Rule of Civil Procedure 47 permits a court to allow attorneys to conduct voir dire, or if the court conducts the voir dire, it must permit the parties or their attorneys to make any further inquiry it considers proper, or must itself ask any of their additional questions it considers proper. Fed. R. Civ. P. 47(a).<br><br>The Court denies Plaintiffs' motion ECF No. 148 as untimely. However, even if it had been timely, the Court prefers to exercise more control over the voir dire and so will comply with Rule 47 as outlined above. In formulating its questions, the Court will consider the proposed voir dire questions propounded by the parties.<br><br>SO ORDERED.<br><br>Signed by Hon. Mark W. Pedersen on December 29, 2025. (Entered: 12/29/2025) |
| 12/29/2025 | 174 | TEXT ORDER Defendants filed a motion on December 22, 2025, ECF No. 163 , seeking to try this case in two phases: first on the constitutional issue and then, if the jury found a constitutional violation, on the Monell issue. Plaintiffs opposed the motion in a memorandum of law filed on December 23, 2025, ECF No. 168 on two grounds. First, that it is an impermissible motion to reconsider Judge Holland's decision denying Defendants' motion to bifurcate the trial and second, that on the merits it is unnecessary when considering the control a trial judge has over the presentation of a case per Federal Rules of Evidence 403 and 611.<br><br>The Court does not construe the defense motion as an improper motion to reconsider Judge Holland's decision. However, the Court denies the motion as it believes that adequate procedural mechanisms are already provided to efficiently try the case to the jury in all of its aspects without phasing the evidence and instructions to the jury.<br><br>SO ORDERED.<br><br>(Entered: 12/29/2025) |
| 12/29/2025 | 175 | TRIAL BRIEF *Motion in limine to preclude family court records or damages causation arguments that require an expert opinion* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit Exhibit 1 - Defendants' exhibit list)(Shields, Elliot) (Entered: 12/29/2025) |
| 12/29/2025 | 176 | REPLY/RESPONSE to re 171 Trial Document, -- *Defendants' Objections and Responses to Plaintiffs' Amended Proposed Jury Instructions* filed by Javier Algarin, City of Rochester, Adam Gorman. (Jones, Peachie) (Entered: 12/29/2025) |
| 12/30/2025 | 177 | TRIAL BRIEF *Opposition to Defendants' motion in limine at ECF 165* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration, # 2 Exhibit Exhibit 1 - Zimmerman Excerpts, # 3 Exhibit Exhibit 2 - Buffalo records certification, # 4 Exhibit Exhibit 3 - Vann discovery order, # 5 Exhibit Exhibit 4 - Casaccia discovery order, # 6 Exhibit Exhibit 5 - Casaccia order denying reconsideration, # 7 Exhibit Exhibit 6 - Deposition designation summary chart, # 8 Exhibit Exhibit 7 - Defendants' witness list)(Shields, Elliot) (Entered: 12/30/2025) |
| 12/30/2025 | 178 | ORDER granting in part and denying in part Defendants' Motion in Limine (ECF No. 141 ).Signed by Hon. Mark W. Pedersen on December 30, 2025. (VSG) (Entered: 12/30/2025) |
| 12/31/2025 | 179 | First MOTION in Limine *to amend exhibit list to include Leona Dempsey's RCSD records* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit Exhibit 1 - Proposed Supplemental Exhibit List to include RCSD records, # 4 Exhibit Exhibit 2 - Dr. Vilardo Lyons' report)(Shields, Elliot) (Entered: 12/31/2025) |

| | | |
|---|---|---|
| 12/31/2025 | 180 | DECISION AND ORDER regarding Plaintiffs' non-noticed trial briefs being treated as motions in limine. Signed by Hon. Mark W. Pedersen on December 31, 2025. (VSG) (Entered: 12/31/2025) |
| 12/31/2025 | 181 | TEXT ORDER with respect to Plaintiffs' motion in limine at ECF Nos. [135 & 149] for an order barring Defendants from making any references at trial to the fact or possibility that all or part of any damages awarded to the Plaintiffs may be paid by taxpayers.<br><br>Defendants responded that they do not oppose Plaintiffs' request to eliminate any reference to taxpayer impact so long as the Court prohibits Plaintiffs from mentioning the City's defense and indemnification of its officers (ECF No. 164 ).<br><br>The Court grants Plaintiffs' motion and prohibits Defendants from making any reference during trial to the possibility that taxpayers may be liable for all or part of any damages awarded and, further prohibits Plaintiffs from making any reference to the City's defense and indemnification obligations to its officers.<br><br>SO ORDERED. Signed by Hon. Mark W. Pedersen on December 31, 2025. (VSG) (Entered: 12/31/2025) |
| 01/02/2026 | 182 | REPLY/RESPONSE to re 155 Trial Brief,, *(regarding Incident Reports and Deposition Testimony)* filed by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit 1 - View History, # 3 Exhibit 2 - Incident Reports, # 4 Exhibit 3 - GO 465)(Jones, Peachie) (Entered: 01/02/2026) |
| 01/03/2026 | 183 | Trial Document by City of Rochester, Javier Algarin, Adam Gorman as to Jason Rudolph, City of Rochester, Javier Algarin, John Doe, Adam Gorman --- *Amended Proposed Jury Instructions regarding Search*. (Jones, Peachie) (Entered: 01/03/2026) |
| 01/05/2026 | 184 | MOTION to Amend/Correct 142 MOTION in Limine *regarding Multiple Issues (Correction to Memorandum of Law at ECF 142-1)* by Javier Algarin, City of Rochester, Adam Gorman.(Jones, Peachie) (Entered: 01/05/2026) |
| 01/05/2026 | 187 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Pretrial Conference held on 1/5/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.; Patrick Beath, Esq.. The Court addresses the filed motions in limine, written orders to be issued as necessary. Further Pretrial Conference set for 1/8/2026 at 10:30 AM before Hon. Mark W. Pedersen. The conference will take place in-person, counsel requesting to appear remotely may contact the chambers of the undersigned to request a virtual appearance. (Court Reporter Microsoft Teams Videoconference Recording.) (JB) (Entered: 01/06/2026) |
| 01/06/2026 | 185 | TEXT ORDER: The parties have proposed calling 170 witnesses for a two week trial concerning the shooting of a dog and claims against the City for inadequate polices and training. This is ridiculous. I direct the parties to provide the Court with a realistic list of witnesses each side intends to call for this TWO WEEK trial by close of business Wednesday, January 7, 2026. SO ORDERED. Signed by Hon. Mark W. Pedersen on January 6, 2026. (VSG) (Entered: 01/06/2026) |
| 01/06/2026 | 186 | TEXT ORDER: The Court denies without prejudice Plaintiffs' motion in limine to admit 27 officer deposition testimony transcripts in evidence and Plaintiffs' Federal Rule of Evidence 1006 summary chart of voluminous deposition testimony (see ECF No. 136 ) as the Court directed Plaintiffs to provide a reasonable summary of the deposition testimony they seek to introduce by 5:00 p.m. Wednesday, January 7, 2026. SO ORDERED. Signed by Hon. Mark W. Pedersen on January 6, 2026. (VSG) Modified on 1/6/2026 (JB). (Entered: 01/06/2026) |

| | | |
|---|---|---|
| 01/06/2026 | | E-Filing Notification: 186 TEXT ORDER: Docket text modified to include referenced docket entry ECF No. 136 . NEF regenerated. No action required. (JB) (Entered: 01/06/2026) |
| 01/06/2026 | 188 | MOTION for Extension of Time to File *Defendants' Realistic Witness List* by Javier Algarin, City of Rochester, Adam Gorman.(Jones, Peachie) (Entered: 01/06/2026) |
| 01/06/2026 | 189 | Witness List by Charles Dempsey, Leona Dempsey. (Shields, Elliot) (Entered: 01/06/2026) |
| 01/07/2026 | 190 | MOTION to Withdraw 188 MOTION for Extension of Time to File *Defendants' Realistic Witness List* by Javier Algarin, City of Rochester, Adam Gorman.(Jones, Peachie) (Entered: 01/07/2026) |
| 01/07/2026 | 191 | DECISION AND ORDER re Plaintiffs' motion in limine seeking to ask leading questions on direct examination of police officers and other witnesses adverse to or identified with an adverse party pursuant to Federal Rule of Evidence 611(C) (ECF No. 137 ). Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/07/2026 | 192 | DECISION AND ORDER granting in part and denying in part Defendants' motion in limine regarding multiple issues (ECF No. 142 ) and denying Plaintiffs' motion in limine requesting to suggest a specific dollar amount for damages in summation (ECF No. 134 ). Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/07/2026 | 193 | DECISION AND ORDER granting in part and denying in part Defendants' motion in limine seeking an order directing Plaintiffs to comply with the pre-trial order; striking subpoenas, witnesses, and exhibits; and seeking the imposition of other sanctions (ECF No. 165 ). Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/07/2026 | 194 | DECISION AND ORDER granting in part and denying in part Plaintiffs' motion in limine seeking to admit 27 officer deposition testimony transcripts and Plaintiffs' Federal Rule of Evidence 1006 summary chart of voluminous deposition testimony into evidence. *This replaces the text order at (ECF No. 186 ).* Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/07/2026 | 195 | TEXT ORDER finding as moot Defendants' Motion for Extension of Time to File (ECF No. 188 ); granting Defendants' Motion to Withdraw (ECF No. 190 ). SO ORDERED. Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/07/2026 | 196 | TEXT ORDER granting Defendants' Motion to Amend or Correct (ECF No. 184 ). SO ORDERED. Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/07/2026 | 197 | Trial Document by Charles Dempsey, Leona Dempsey as to Jason Rudolph, City of Rochester, Javier Algarin, John Doe, Adam Gorman *Revised Deposition Summary Chart Organized by Topic*. (Attachments: # 1 Exhibit Revised Deposition Summary Chart) (Shields, Elliot) (Entered: 01/07/2026) |
| 01/07/2026 | 198 | Witness List by Javier Algarin, City of Rochester, Adam Gorman. (Jones, Peachie) (Entered: 01/07/2026) |
| 01/07/2026 | 199 | TEXT ORDER: The Court denies Plaintiffs' Motion in Limine to deem certain topics admitted that the Rule 30(b)(6) witness was unprepared to answer, pursuant to FRCP 37(d)(1)(A)(i) (ECF No. 138 ). With respect to Admission A, Plaintiffs' 30(b)(6) notice did not put Defendants on notice to prepare their witness on the topic of the constitutional limits on entering a fenced backyard and Admission A is irrelevant to the Plaintiffs' claims. With respect to Admission B, Plaintiffs did not include the topic of training |

| | | |
|---|---|---|
| | | regarding searches in their 30(b)(6) notice and the issue of training regarding warrantless entries is irrelevant to Plaintiffs' claims. With respect to Admission C, whether any RPD officer has been disciplined or was required to undergo remedial training for unlawfully entering the curtilage of a property is not relevant to Plaintiffs' claims. Finally, with respect to Admission D, whether officers received training regarding warrantless entries onto the curtilage or backyard of a property is irrelevant to Plaintiffs' claims. SO ORDERED. Signed by Hon. Mark W. Pedersen on January 7, 2026. (VSG) (Entered: 01/07/2026) |
| 01/08/2026 | 200 | TEXT ORDER granting 179 Motion in Limine. Plaintiffs may include Exhibit 205 RCSD records. Admissibility is reserved for trial. Signed by Hon. Mark W. Pedersen on 1/8/26. (Pedersen, Mark) (Entered: 01/08/2026) |
| 01/08/2026 | 201 | DECISION AND ORDER regarding Plaintiffs' Motion in limine to preclude family court records or damages causation arguments that require an expert opinion (ECF No. 175 ). The Court orders that Defendants are permitted to utilize the family court records for the purpose of cross-examining Plaintiffs' expert. However, any other use of these documents are subject to ruling at trial, particularly when considering Federal Rule of Evidence 403. SO ORDERED. Signed by Hon. Mark W. Pedersen on January 8, 2026. (VSG) (Entered: 01/08/2026) |
| 01/08/2026 | 202 | DECISION AND ORDER regarding issue of judicial admission involving curtilage. Signed by Hon. Mark W. Pedersen on January 8, 2026. (VSG) (Entered: 01/08/2026) |
| 01/08/2026 | 203 | Trial Document by Charles Dempsey, Leona Dempsey as to Jason Rudolph, City of Rochester, Javier Algarin, John Doe, Adam Gorman *Subpoena to RCSD request to be signed*. (Attachments: # 1 Exhibit Subpoena to RCSD - request to be signed)(Shields, Elliot) (Entered: 01/08/2026) |
| 01/08/2026 | 206 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Pretrial Conference held on 1/8/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. The Court continues to addresses the filed motions in limine, written orders to be issued as necessary. Jury Trial remains set to commence on 1/13/2026 at 9:00 AM before Hon. Mark W. Pedersen. (Court Reporter Microsoft Teams Videoconference Recording.) (JB) (Entered: 01/09/2026) |
| 01/09/2026 | 204 | Trial Document by Charles Dempsey, Leona Dempsey as to Jason Rudolph, City of Rochester, Javier Algarin, John Doe, Adam Gorman *Proposed order for RCSD to produce records certification*. (Shields, Elliot) (Entered: 01/09/2026) |
| 01/09/2026 | 205 | ORDER directing the Rochester City School District to Produce a Certification of Business Records. Signed by Hon. Mark W. Pedersen on January 9, 2026. (VSG) (Entered: 01/09/2026) |
| 01/09/2026 | 207 | DECISION AND ORDER denying Plaintiffs' motion in limine (ECF No. 155 ). Signed by Hon. Mark W. Pedersen on January 9, 2026. (VSG) (Entered: 01/09/2026) |
| 01/12/2026 | 208 | TRIAL BRIEF *request for Zoya Charania to bring laptop and cell phone to court, and Lt. Peter Nigrelli to testify virtually* by Charles Dempsey, Leona Dempsey. (Shields, Elliot) (Entered: 01/12/2026) |
| 01/12/2026 | 209 | Letter filed by Jason Rudolph, City of Rochester, Javier Algarin, Adam Gorman *Response to Docket No. 208*. (Naylon, Patrick) (Entered: 01/12/2026) |
| 01/12/2026 | 210 | TEXT ORDER: The Court grants Plaintiffs' counsel's request for Lieutenant Peter Nigrelli of the Buffalo Police Department to testify virtually at trial. SO ORDERED. Signed by Hon. Mark W. Pedersen on January 12, 2026. (VSG) (Entered: 01/12/2026) |

| | | |
|---|---|---|
| 01/12/2026 | 211 | ORDER permitting Plaintiffs' counsel's paralegal, Z.C., to bring her laptop and cellular phone into the courthouse during the pendency of trial. Signed by Hon. Mark W. Pedersen on January 12, 2026. (VSG)<br><br>Clerk to Follow up (Entered: 01/12/2026) |
| 01/13/2026 | 212 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/13/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Parties address final pretrial matters. Prospective jurors brought into the Courtroom and placed under oath. Voir dire takes place. Parties exercise peremptory challenges. Jury is selected. Jury Trial to continue 1/14/2026 at 1:00 PM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/13/2026) |
| 01/14/2026 | 213 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/14/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Court provides instructions to the jury. Plaintiff provides opening statements. Defense provides opening statements. Plaintiff calls RPD Office Jason Horowitz. Witness sworn, direct examination takes place. Parties confirm in a previous ruling the witness is treated as hostile. Plaintiff Exhibits 33, 51, and 139 admitted with no objection from defense. Defense begins cross examination. Jury Trial to continue 1/15/2026 at 9:30 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/14/2026) |
| 01/15/2026 | 214 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/15/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Defense cross examination of Jason Horowitz continues. Plaintiff redirect, no re-cross. Witness is excused. Parties stipulate to the admission of Plaintiff's Exhibits 41 and 138. Plaintiff calls Defendant Javier Algarin to testify. Witness sworn, direct examination takes placce. Plaintiff's Exhibits 32, 165.1, 207, and 208 stipulated into evidence. Plaintiff's Exhibit 206 marked for identification. Defense begins cross-examination. Jury Trial to continue 1/16/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/15/2026) |
| 01/16/2026 | 215 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/16/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Defense cross-examination of Javier Algarin continues. Plaintiff redirect takes place. Parties stipulate to the admission of Plaintiff's Exhibit 39. Re-cross takes place. Witness is excused. Plaintiff calls RPD Officer Adam Gorman. Witness sworn, direct examination takes place. Parties stipulate to the admission of Plaintiff's Exhibits 40, 48-50, 142, and 143. Cross examination takes place. Plaintiff redirect, no re-cross, witness is excused. Parties stipulate to the admission of Plaintiff's Exhibits 42-46. Plaintiff's Exhibit 43 is played for the jury. Jury Trial to continue 1/20/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/16/2026) |
| 01/20/2026 | 216 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/20/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Plaintiff calls Lt. Peter Nigerelli to testify by video. Witness sworn, direct examination takes place. Plaintiff Exhibit 126 admitted with no objection from defense. Plaintiff Exhibit 127 admitted over defense objection. Cross examination takes place. No redirect, witness is excused. Plaintiff calls Sgt. Jason Rudolph. Witness sworn, direct examination takes place. Plaintiff Exhibit 135 admitted with no objection from defense. Parties stipulate to the admission of Plaintiffs Exhibit 134. Defense Exhibit 526 admitted with no objection. Cross examination takes place. Plaintiff redirect, Defense re-cross, |

| | | |
|---|---|---|
| | | witness is excused. Outside the presence of the jury, the Court addresses Exhibits 117-121 and rules on which portions of the exhibits, if any, will be show to the jury. Plaintiff calls Dr. James W. Crosby. Witness sworn, direct examination takes place. Defense stipulates to the witnesss qualifications as an expert. Plaintiff Exhibit 113 marked for identification. Plaintiff Exhibits 95-1 through 95-6 and 102 admitted with no objection from defense. Plaintiff Exhibit 62 admitted over defense objection. Jury Trial to continue 1/21/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/20/2026) |
| 01/21/2026 | 217 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/21/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Outside the presence of the jury, parties reconfirm the Courts rulings concerning Plaintiff Exhibits 117-121. Plaintiff moves to admit Exhibit 98 into evidence. Defense objects to the admission of the exhibit in its entirety. Court rules Plaintiff may present pages of the exhibit to the Court and counsel during direct examination. Prior to displaying the exhibit to the witness and jury, defense will raise objections on a slide-by-slide basis, and the Court will rule on the objections as needed. Jury returns, direct examination of Dr. James W. Crosby resumes. Plaintiff Exhibit 98 addressed with the witness as noted above. Cross examination takes place. Plaintiff Exhibit 209 admitted with no objection. After a recess, the Court addresses counsel outside the presence of the jury. Parties are directed to confer further concerning the proposed verdict sheet. Plaintiff provides redirect. Plaintiff Exhibit 122 admitted over defense objection. Plaintiff Exhibit 188 admitted with no objection. Defense re-cross. Witness is excused. Plaintiff Chrles Dempsey called to testify. Plaintiff sworn, direct examination begins. Plaintiff moves to admit Exhibit 187, defense objects, the Court will permit portions of the exhibit be admitted into evidence, which shall be marked as 187-1 through 187-8. Parties stipulate to the admission of Plaintiff Exhibits 189-192. Plaintiff Exhibits 205 and 210 admitted subject to connection with a certificate from the City of Rochester. Jury Trial to continue 1/22/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/21/2026) |
| 01/22/2026 | 218 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/22/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Outside the presence of the jury, the Court notes that parties requests to admit further exhibits not already indicated in their exhibit list will be denied as untimely. Jury returns, direct examination of Plaintiff Charles Dempsey resumes. Plaintiff moves to admit Exhibits 194-1 and 194-2. The Court denies admission of 194-1 and grants admission of 194-2. Direct examination of Charles Dempsey concludes Plaintiff requests to call a witness out of order prior to continuing testimony of Charles Dempsey. Defense objects to the request, the Court overrules the objection and will permit Plaintiff to call their next witness. Plaintiff calls Dr. Allison Prince. Witness sworn, direct examination begins. Plaintiff offers Dr. Prince as an expert witness. Defense submits a limited objection to the expert qualifications, the objection is overruled. Defense provides cross-examination. Plaintiff redirect, no re-cross, witness is excused. Plaintiff Charles Dempsey re-called for cross-examination, cross takes place. Jury Trial to continue 1/23/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/22/2026) |
| 01/23/2026 | 219 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/23/2026. Appearances: Elliot Dolby Shields, Esq., with Plaintiffs; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq., with City Defendants. Parties stipulate to the admission of Plaintiff Exhibits 195, 197, and 200. Cross-examination of Charles Dempsey continues. Plaintiff redirect, no re-cross, witness is excused. Plaintiff calls Dr. Brigid Vilardo-Lyons. Witness sworn, direct examination begins. Plaintiff offers Dr. Vilardo-Lyons as an expert witness. Defense objects to the motion, the objection is overruled. Plaintiff Exhibits 211 |

| | | |
|---|---|---|
| | | and 212 marked for identification. Defense cross examination takes place. Plaintiff redirect, defense re-cross. Witness is excused. Outside the presence of the jury, Defendants request it be noted for the record that Plaintiffs' counsel is not to ask leading questions to witness L. Dempsey. The Court agrees and directs Plaintiffs' counsel to refrain from leading questions. Plaintiff calls L. Dempsey; L. Dempsey direct testimony and cross examination completed. Plaintiff presents video exhibits to jury. Plaintiff calls B. Dempsey; B. Dempsey direct testimony and cross examination completed. Plaintiff finishes presenting video exhibits to jury. The Court advises the jury of potential court closure Monday due to inclement weather. Unless advised otherwise, Jury Trial to continue 1/26/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (KSP) Modified on 1/27/2026 to include morning proceedings (JB). (Entered: 01/26/2026) |
| 01/26/2026 | 220 | TEXT ORDER: In light of the closure of the Rochester Courthouse on 1/26/2026 due to inclement weather as ordered by Hon. Elizabeth A. Wolford and Hon. Lawrence J. Vilardo, the Jury Trial will be adjourned until 1/27/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen.<br><br>A Pre-Charge Conference will be held on 1/26/2026 at 2:00 PM outside the presence of the jury via Microsoft Teams before Hon. Mark W. Pedersen. Virtual connection information will be distributed to counsel.<br><br>SO ORDERED. Signed by Hon. Mark W. Pedersen on 1/26/2026. (JB) (Entered: 01/27/2026) |
| 01/26/2026 | 221 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Pre-Charge Conference held via Microsoft Teams on 1/26/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Parties address and raise objections the instructions which shall be provided to the jury prior to deliberation. Jury Trial to continue 1/27/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/27/2026) |
| 01/27/2026 | 222 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/27/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Plaintiff displays video excerpts of the depositions of Michael Ciulla, Jeremy Nellis, and Ryan Romig. Defense objects to the displayed video, the Court overrules the objection. Plaintiff rests. Outside the presence of the jury, defense moves to dismiss the claims. Plaintiff objects, moves under Federal Rule of Civil Procedure 50(a) for judgment. The Court reserves decision on both motions. Defense proof begins. Defense calls RPD Officer Ryan DiSabatino. Witness sworn, direct examination takes place. Plaintiff provides cross examination. Plaintiff Exhibit 213 marked for identification. Defense objects to the admission of Exhibit 213, the objection is sustained. Defense redirect, no re-cross, witness is excused. Defense calls RPD Officer Reno DiDomenico. Witness sworn, direct examination begins. Defense Exhibit 512 marked for identification. Plaintiff Exhibit 186 marked for identification. Cross examination takes place. Defense redirect. Defense Exhibit 606 marked for identification. Plaintiff re-cross. Defense submits additional inquiry. No further inquiry from Plaintiff, witness is excused. Defense re-calls Javier Algarin, direct exam takes place. Plaintiff conducts cross examination. Parties stipulate to the admission of Plaintiff Exhibit 132. Defense redirect, no re-cross, witness is excused. Defense calls Lt. Michael Ciulla. Witness sworn, direct examination begins. Plaintiff requests the cross examination take place tomorrow. The Court and the parties discuss the approximate timeline for the remainder of the trial in the presence of the jury. Jury Trial to continue 1/28/2026 at 9:00 AM in Courtroom 2, 2nd |

| | | |
|---|---|---|
| | | Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/27/2026) |
| 01/27/2026 | 223 | TRIAL BRIEF *re amending pleadings during trial to conform with the proof* by Charles Dempsey, Leona Dempsey. (Shields, Elliot) (Entered: 01/27/2026) |
| 01/28/2026 | 224 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/28/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Cross examination of Lt. Michael Ciulla begins. Defense redirect, Plaintiff re-cross, witness is excused. Defense rests. The Court confirms both parties have concluded presentation of evidence. A Charge Conference will be held in Chambers on 1/28/2026 at 12:30 PM to address final logistics prior to summations taking place. Jury Trial to continue 1/29/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (Court Reporter Diane Martens.) (JB) (Entered: 01/28/2026) |
| 01/28/2026 | 226 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: In Chambers Conference held on 1/28/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Parties address matters outside the presence of the jury pertaining to summations, jury instructions, and the verdict sheet. Jury Trial to continue 1/29/2026 at 9:00 AM in Courtroom 2, 2nd Floor, 100 State Street, Rochester NY before Hon. Mark W. Pedersen. (JB) Modified on 1/29/2026 to edit typographical error (JB). (Entered: 01/29/2026) |
| 01/29/2026 | 225 | Second MOTION for Directed Verdict *after close of defendants' case, before case submitted to the jury* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Declaration, # 2 Memorandum in Support)(Shields, Elliot) (Entered: 01/29/2026) |
| 01/29/2026 | 227 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/29/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Outside the presence of the jury, parties memorialize the discussions at the charge conference and raise final objections on the record. Plaintiff summation takes place. Defense summation takes place. Plaintiff rebuttal summation. Court provides instructions for the jury. Jury begins deliberations. Court orders lunch for the jurors. Parties convene to address a note from the jury. Jury will return tomorrow to resume deliberations. Court is in recess pending receipt of a verdict. (Court Reporter Diane Martens.) (JB) (Entered: 02/02/2026) |
| 01/30/2026 | 228 | Minute Entry for proceedings held before Hon. Mark W. Pedersen: Jury Trial held on 1/30/2026. Appearances: Elliot Dolby Shields, Esq.; Peachie L. Jones, Esq.; Patrick B. Naylon, Esq.. Parties convene to address a note from the jury. Jury resumes deliberations. Court orders lunch for the jurors. Jury reaches a verdict. Verdict read into the record. Defense moves to poll the jurors; the verdict is confirmed unanimous. Jurors recess to consider and answer special interrogatories. Special interrogatories answered, answers read into the record. Jurors dismissed, the trial has concluded. Parties set briefing schedules as follows:<br><br>Post-trial motions due in 90-days; Responses to motions due 30-days following the motion deadline; Replies due 15-days after receipt of responses.<br><br>Qualified Immunity briefing due in 35-days; Responses to briefing due 15-days after receipt of briefing; Replies due 10-days after receipt of responses. (Court Reporter Diane Martens.) (JB) (Entered: 02/02/2026) |
| 02/02/2026 | 229 | REDACTED JURY VERDICT. (TF) (Entered: 02/03/2026) |
| 02/02/2026 | 230 | Sealed Document. (TF) (Entered: 02/03/2026) |

| | | |
|---|---|---|
| 02/04/2026 | 231 | JUDGMENT in favor of Charles Dempsey, Leona Dempsey against City of Rochester, Adam Gorman, Javier Algarin. Signed by Clerk of Court on 2/4/2026. (TF) (Entered: 02/04/2026) |
| 02/13/2026 | 232 | First MOTION for Extension of Time to File *application for fees and costs* by Charles Dempsey, Leona Dempsey.(Shields, Elliot) (Entered: 02/13/2026) |
| 02/13/2026 | 233 | Consent MOTION for Extension of Time to File *Post-Trial Motions* by Javier Algarin, City of Rochester, Adam Gorman.(Jones, Peachie) (Entered: 02/13/2026) |
| 02/17/2026 | 234 | TEXT ORDER granting 232 Motion for Extension of Time to File; granting 233 Motion for Extension of Time to File.<br><br>On February 13, 2026, Plaintiffs filed a letter requesting an extension of the time to file a motion for attorney fees per Fed. R. Civ. P. 54. (Elliot Shields ltr to the Court (Feb. 13, 2026) at 1, ECF No. 232 .) Plaintiffs suggest a date for any motion per Rule 54 be filed within 30 days of the Court's entry of any Order on any post-trial motions. Defendants do not oppose the application.<br><br>The Court grants Plaintiff's application (ECF No. 232 ). Any motions for fees per Rule 54 will be due within 30 days of any Order concerning post-trial motions. Should no such motions be filed, then any motion for fees under Rule 54 shall be due by May 8, 2026.<br><br>Defendants have filed a letter motion seeking to alter the briefing schedule of post-trial motions. (Peachie Jones ltr to the Court (Feb. 13, 2026) at 1, ECF [No. 233].) Plaintiff's consent to the application.<br><br>The Court grants Defendants' application (ECF No. 233 ). Post-trial motions are due within 28 days of the entry of judgment, which occurred on February 4, 2026.<br><br>IT IS SO ORDERED.<br><br>Signed by Hon. Mark W. Pedersen on 2/17/26. (Pedersen, Mark) (Entered: 02/17/2026) |
| 02/17/2026 | 235 | First MOTION for Attorney Fees *and costs pursuant to FRCP 54(d)(2) and 42 U.S.C. § 1988 and* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Memorandum in Support, # 2 Declaration Declaration of Elliot Shields, # 3 Exhibit Ex A - Casaccia Fee Order, # 4 Exhibit Ex B - Bluth Fee Decision, # 5 Exhibit Ex C - Fitzpatrick Matrix, # 6 Exhibit Ex D - Xeriant Fee Motion, # 7 Exhibit Ex E - Xeriant Fee Order, # 8 Exhibit Ex F - Dempsey Hours, # 9 Exhibit Ex G - Dempsey Expenses, # 10 Exhibit Ex H - Odorisi trial decision and Order in Miller v State, # 11 Declaration Declaration of David Roth, # 12 Declaration Declaration of Charles Dempsey, # 13 Declaration Declaration of Donald Thompson, # 14 Declaration Declaration of Robert Rickner)(Shields, Elliot) (Entered: 02/17/2026) |
| 02/18/2026 | 236 | Letter filed by City of Rochester, Javier Algarin, Adam Gorman *Seeking Clarification of Order at ECF 234*. (Jones, Peachie) (Entered: 02/18/2026) |
| 02/18/2026 | 237 | MOTION to Stay re 235 First MOTION for Attorney Fees *and costs pursuant to FRCP 54(d)(2) and 42 U.S.C. § 1988 and -- Stay of Defendants' Response to Plaintiffs' Attorney Fees Application Until After Completion of Post-Trial Motions* by Javier Algarin, City of Rochester, Adam Gorman.(Jones, Peachie) (Entered: 02/18/2026) |
| 02/19/2026 | 238 | RESPONSE in Opposition re 237 MOTION to Stay re 235 First MOTION for Attorney Fees *and costs pursuant to FRCP 54(d)(2) and 42 U.S.C. § 1988 and -- Stay of Defendants' Response to Plaintiffs' Attorney Fees Application Until After Completion of Post-T filed by Charles Dempsey, Leona Dempsey. (Shields, Elliot) (Entered: 02/19/2026)* |

| | | |
|---|---|---|
| 02/19/2026 | 239 | TEXT ORDER re ECF No. 236 Letter filed by City of Rochester, Javier Algarin, Adam Gorman *Seeking Clarification of Order at ECF 234:* The deadline for the filing of all post-trial motions remains February 28, 2026. Defendant's request to extend their deadline for the filing of accompanying memoranda, declarations, and exhibits to May 1, 2026 is GRANTED.<br><br>Insofar as this request also applies to an extension for the filing of accompanying memoranda, declarations, and exhibits to any post-trial motions pertaining to qualified immunity, this request is also GRANTED, and the deadline to file said supplements to post-trial motions pertaining to qualified immunity is also extended to May 1, 2026.<br><br>SO ORDERED. Signed by Hon. Mark W. Pedersen on 2/19/2026. (JB) (Entered: 02/19/2026) |
| 02/20/2026 | 240 | REPLY/RESPONSE to re 238 Response in Opposition to Motion, *to Stay Briefing on Attorneys' Fee Application* filed by Javier Algarin, City of Rochester, Adam Gorman. (Jones, Peachie) (Entered: 02/20/2026) |
| 02/27/2026 | 241 | TEXT ORDER granting in part and denying in part Defendants' Motion to Stay (ECF No. 237 ). The Court grants, in part, that part of Defendants' motion seeking to stay their response to Plaintiffs' First Motion for Attorney Fees and Costs (ECF No. 235 ). The deadline for Defendants' response is March 13, 2026. The Court denies that part of Defendants' motion requesting to stay their response until "if/when/after Plaintiffs amend their fee application up until thirty days after the order regarding any post-trial motions." (ECF No. 240 .) The Court is aware that the parties have a conference with Judge Holland on March 2, 2026, to discuss certain issues, which may impact Defendants' present motion. SO ORDERED.Signed by Hon. Mark W. Pedersen on February 27, 2026. (VSG) (Entered: 02/27/2026) |
| 03/03/2026 | 242 | MOTION for Judgment as a Matter of Law by Javier Algarin, City of Rochester.(Jones, Peachie) (Entered: 03/03/2026) |
| 03/04/2026 | 243 | MOTION for Judgment as a Matter of Law *(Amended Notice of Motion)* by Javier Algarin, City of Rochester.(Jones, Peachie) (Entered: 03/04/2026) |
| 03/05/2026 | 244 | TEXT ORDER finding as moot Defendants' Motion for Judgment as a Matter of Law (ECF No. 242 ) as Defendants filed an amended motion for Judgment as a Matter of Law (ECF No. 243 ). SO ORDERED. Signed by Hon. Mark W. Pedersen on March 5, 2026. (VSG) (Entered: 03/05/2026) |
| 03/05/2026 | 245 | NOTICE OF APPEAL as to 231 Judgment, 104 Order on Motion for Summary Judgment, by Javier Algarin, City of Rochester, Adam Gorman. Filing fee $ 605, receipt number ANYWDC-5741156. (Jones, Peachie) (Entered: 03/05/2026) |
| 03/06/2026 | | Pursuant to Local Rule 12.1 of the US Court of Appeals for the Second Circuit, Forms C and D must be completed within 14 days after the filing of a notice of appeal. Forms C and D can be obtained at www.ca2.uscourts.gov.<br><br>Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes the Court of Appeals to consider, called Designation of Record on Appeal. After receipt, the Clerks Office will certify and transmit the index to the Circuit. (TF) (Entered: 03/06/2026) |
| 03/13/2026 | 246 | RESPONSE in Opposition re 235 First MOTION for Attorney Fees *and costs pursuant to FRCP 54(d)(2) and 42 U.S.C. § 1988 and* filed by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit A - Crosby Deposition, # 3 Exhibit B - Memo of Law for Fees Application, # 4 Exhibit C - |

| | | |
|---|---|---|
| | | Order, Fee Award, # 5 Exhibit D - Rochester Law Dept Budget, # 6 Exhibit E - Hours for Article 78 Fee Application, # 7 Exhibit F - DaSilva Attorneys, # 8 Exhibit G - Dempsey Notice of Trial, Appeal, # 9 Exhibit H - Dempsey Hours by Category, # 10 Exhibit I - NYC Law Dept Budget, # 11 Exhibit J - Dempsey Instructions, # 12 Exhibit K - Reform Proposal)(Jones, Peachie) (Entered: 03/13/2026) |
| 03/19/2026 | 247 | DESIGNATION of Record on Appeal by Javier Algarin, City of Rochester re 245 Notice of Appeal CLERK TO FOLLOW UP (Jones, Peachie) (Entered: 03/19/2026) |
| 03/19/2026 | 248 | DESIGNATION of Record on Appeal by Javier Algarin, City of Rochester re 245 Notice of Appeal CLERK TO FOLLOW UP (Jones, Peachie) (Entered: 03/19/2026) |
| 03/20/2026 | 249 | CLERK'S CERTIFICATE/INDEX filed and electronically sent to Court of Appeals. (Attachments: # 1 Index)(RE) (Main Document 249 replaced on 3/20/2026) (RE). (Entered: 03/20/2026) |
| 03/20/2026 | | E-Filing Notification: 249 CLERK'S CERTIFICATE/INDEX replaced main document with legible scan. (RE) (Entered: 03/20/2026) |
| 03/20/2026 | 250 | REPLY to Response to Motion re 235 First MOTION for Attorney Fees *and costs pursuant to FRCP 54(d)(2) and 42 U.S.C. § 1988 and* filed by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Exhibit Exhibit 1 - Forsyth Fee Decision, # 2 Exhibit Exhibit 2 - Howard Fee Decision, # 3 Exhibit Exhibit 3 - Kuriatnyk Fee Decision, # 4 Exhibit Exhibit 4 - Da Silva CM-ECF Docket Report, # 5 Exhibit Exhibit 5 - Scanlon Order Denying Motion to Disqualify, # 6 Exhibit Exhibit 6 - Second Circuit Order Denying Stay, # 7 Exhibit Exhibit 7 - Law.com Article - Da Silva Verdict, # 8 Exhibit Exhibit 8 - Gothamist Article - Da Silva Verdict, # 9 Exhibit Exhibit 9 - Rule 68 Offer of Judgment, # 10 Exhibit Exhibit 10 - Consent Decree Reform Proposal, # 11 Exhibit Exhibit 11 - Letter to Court re 120-Day Discovery Stay (ECF No. 54), # 12 Exhibit Exhibit 12 - City Counterproposal Settlement Agreement, # 13 Exhibit Exhibit 13 - Rudin Fee Declaration in Walker, # 14 Exhibit Exhibit 14 - General Release Strong v City of Rochester, # 15 Exhibit Exhibit 15 - Joint Letter re Settlement Impasse, # 16 Exhibit Exhibit 16 - Schedule of Attorney Fees, # 17 Exhibit Exhibit 17 - Revised Schedule of Litigation Expenses)(Shields, Elliot) (Entered: 03/20/2026) |
| 04/21/2026 | 251 | First MOTION for Extension of Time to File *Declaration in support of fee application* by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Memorandum in Support, # 2 Declaration, # 3 Exhibit Reply declaration in support of fee application)(Shields, Elliot) (Entered: 04/21/2026) |
| 04/29/2026 | 252 | MOTION Grant of Qualified Immunity by Javier Algarin, City of Rochester, Adam Gorman. (Attachments: # 1 Memorandum in Support)(Naylon, Patrick) (Entered: 04/29/2026) |
| 05/01/2026 | 253 | MEMORANDUM in Support re 243 MOTION for Judgment as a Matter of Law *(Amended Notice of Motion) and Exhibits* filed by Javier Algarin, City of Rochester. (Attachments: # 1 Declaration of Peachie L. Jones, Esq., # 2 Exhibit 1 - Jury Charge, # 3 Exhibit 2 - Verdict Sheet, # 4 Exhibit 3 - Trial Transcript, Jan 14, # 5 Exhibit 4 - Trial Transcript, Jan 15, # 6 Exhibit 5 - Trial Transcript, Jan 16, # 7 Exhibit 6 - Trial Transcript, Jan 120, # 8 Exhibit 7 - Trial Transcript, Jan 21, # 9 Exhibit 8 - Trial Transcript, Jan 27, # 10 Exhibit 9 - Trial Transcript, Jan 28, # 11 Exhibit 41, 48, 117, 118, 120, 121 - Placeholder for Video Exhibits, # 12 Exhibit 95-1 (Incident Report), # 13 Exhibit 95-2 (Incident Report), # 14 Exhibit 95-3 (Incident Report), # 15 Exhibit 95-4 (Incident Report), # 16 Exhibit 95-5 (Incident Report), # 17 Exhibit 95-6 (Incident Report), # 18 Exhibit 98 - LEDET, # 19 Exhibit 138 - General Order, # 20 Exhibit 139 - Training Bulleting, # 21 Exhibit 165.1 - City Training)(Jones, Peachie) (Entered: 05/01/2026) |

| | | |
|---|---|---|
| 05/11/2026 | 254 | RESPONSE to Motion re 251 First MOTION for Extension of Time to File *Declaration in support of fee application* filed by Javier Algarin, City of Rochester, Adam Gorman. (Jones, Peachie) (Entered: 05/11/2026) |
| 05/13/2026 | 255 | First MOTION for Extension of Time to File Response/Reply as to 253 Memorandum in Support of Motion,,,, 252 MOTION Grant of Qualified Immunity *joint request for extension of deadlines to file opposition and reply papers* by Charles Dempsey, Leona Dempsey.(Shields, Elliot) (Entered: 05/13/2026) |
| 05/18/2026 | 256 | ORDER granting the parties' joint Motion for Extension of Time to File Response/Reply (ECF No. 255 ).Signed by Hon. Mark W. Pedersen on May 18, 2026. (VSG) (Entered: 05/18/2026) |
| 06/11/2026 | 257 | TEXT ORDER denying Plaintiffs' Motion for Extension of Time to File (ECF No. 251 ) as it was untimely and, further, because Plaintiffs' counsel's reply declaration contains legal arguments in direct contravention of Local Rule of Civil Procedure 7(a)(3). The Court directs Plaintiffs' counsel to refile Exhibit 16 (Schedule of Attorney Fees) and Exhibit 17 (Revised Schedule of Litigation Expenses) that were attached to the Reply Declaration no later than June 15, 2026. SO ORDERED. Signed by Hon. Mark W. Pedersen on June 11, 2026. (VSG) (Entered: 06/11/2026) |
| 06/11/2026 | 258 | REPLY/RESPONSE to re 257 Order on Motion for Extension of Time to File,, filed by Charles Dempsey, Leona Dempsey. (Attachments: # 1 Exhibit Exhibit 16 - Schedule of Attorney Fees, # 2 Exhibit Exhibit 17 - Litigation Expenses)(Shields, Elliot) (Entered: 06/11/2026) |
| 06/12/2026 | 259 | DECISION and ORDER granting in part and denying in part Plaintiffs' Motion for Attorney Fees (ECF No. 235 ). Signed by Hon. Mark W. Pedersen on June 12, 2026. (VSG) (Entered: 06/12/2026) |
| 07/16/2026 | 260 | STIPULATION of Dismissal *against Javier Algarin* by Javier Algarin, City of Rochester, Adam Gorman. (Naylon, Patrick) (Entered: 07/16/2026) |
| 07/20/2026 | 261 | MANDATE of USCA as to 245 Notice of Appeal filed by City of Rochester, Adam Gorman, Javier Algarin. Appellants move to withdraw this appeal. IT IS HEREBY ORDERED that the unopposed motion is GRANTED. (TF) (Entered: 07/20/2026) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/22/2026 11:37:03 | | | |
| **PACER Login:** | sg068989 | **Client Code:** | 999999-000001-ccm |
| **Description:** | Docket Report | **Search Criteria:** | 6:19-cv-06780-MJP |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTORIA PRESTON,<br>Plaintiff,<br>- against -<br>THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER MITCHELL LEACH,<br>Defendants. | **Case No.: 22-cv-6525 (CDH)** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT CITY OF ROCHESTER FROM RELITIGATING MONELL LIABILITY BASED ON THE *DEMPSEY v. CITY OF ROCHESTER* JURY VERDICT**

Elliot Dolby Shields
Roth & Roth, LLP
192 Lexington Avenue, Suite 802
New York, New York 10016

# TABLE OF CONTENTS


TABLE OF CONTENTS ........ i

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

RELEVANT BACKGROUND ........ 1

I. The Preston Claims Against the City ........ 1

II. The Dempsey Trial and Verdict ........ 2

III. The Identical *Monell* Claim and Evidence in This Case ........ 4

IV. Summary of the Dempsey Trial Testimony on the *Monell* Claims ........ 6

ARGUMENT ........ 9

I. Legal Standard for Offensive Collateral Estoppel ........ 9

II. Federal Courts Have Applied Offensive Collateral Estoppel to Preclude Municipalities from Relitigating *Monell* Liability After Prior Jury Verdicts ........ 10

A. *Kluppelberg v. Burge*, 276 F. Supp. 3d 773 (N.D. Ill. 2017) ........ 10

B. *Cousik v. City & County of Denver*, No. 22-cv-01213-NYW-KAS, 2024 WL 4929272 (D. Colo. Dec. 2, 2024) 13

III. All Four Elements of Collateral Estoppel Are Satisfied ........ 15

A. The Issues Are Identical ........ 15

B. The Issues Were Actually Litigated and Essential to the Judgment ........ 17

C. The City Had a Full and Fair Opportunity to Litigate ........ 19

IV. Application of Estoppel Is Not Unfair ........ 19

V. Practical Effect of Granting This Motion ........ 21

VI. Trial Presentation of the Precluded Issues ........ 22

CONCLUSION ........ 24

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry,* 449 U.S. 90 (1980)........................................................................... 5, 10
*Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991)............................................. 21
*Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397 (1997) ................................................................ 23
*Chi. Truck Drivers v. Century Motor Freight, Inc.,* 125 F.3d 526 (7th Cir. 1997) ...................... 10
*Cousik v. City & County of Denver,* No. 22-cv-01213-NYW-KAS, 2024 WL 4929272 (D. Colo. Dec. 2, 2024)...............................................................................................................*passim*
*In re Corey,* 583 F.3d 1249 (10th Cir. 2009)................................................................................ 21
*Faulkner v. Nat'l Geographic Enters. Inc.,* 409 F.3d 26 (2d Cir. 2005) ..................................... 10
*Frandsen v. Westinghouse Corp.,* 46 F.3d 975 (10th Cir. 1995)..................................... 14, 18, 19
*Gelb v. Royal Globe Ins. Co.,* 798 F.2d 38 (2d Cir. 1986) ........................................................... 10
*Kluppelberg v. Burge,* 276 F. Supp. 3d 773 (N.D. Ill. 2017)................................................ passim
*Monell v. Dep't of Soc. Servs.,* 436 U.S. 658 (1978) .................................................................... 23
*Murdock v. Ute Indian Tribe,* 975 F.2d 683 (10th Cir. 1992) ...................................................... 10
*Parklane Hosiery Co. v. Shore,* 439 U.S. 322 (1979)...........................................................*passim*

**Statutes**

42 U.S.C. § 1983 ............................................................................................. 2, 3, 6, 10, 13

## INTRODUCTION

Plaintiff Victoria Preston, by and through her attorneys, Roth & Roth, LLP, respectfully submits this motion to preclude Defendant City of Rochester (the "City") from relitigating its *Monell* liability on Plaintiff's First Claim for Relief in the Complaint (ECF 1), the Fourth Amendment municipal liability claims regarding the unconstitutional seizure of her dog, Zyria. Plaintiff seeks to apply the doctrine of offensive collateral estoppel—also known as non-mutual offensive issue preclusion—based on the unanimous jury verdict entered on January 30, 2026, in *Dempsey v. City of Rochester*, et al., No. 6:19-cv-06780-MJP (W.D.N.Y.) (ECF No. 229).

In *Dempsey*, a jury found the City of Rochester liable on two *Monell* theories: (1) that the City maintained an unconstitutional policy, custom, or practice regarding the seizure of dogs during police encounters (Shields Decl. Ex. A, Question 7); and (2) that the City failed to adequately train its officers on dog encounters (Shields Decl. Ex. A, Question 8). These are the identical *Monell* issues presented in this case, supported by the same evidence, the same expert, the same depositions, and the same training materials. The City—the identical municipal defendant—had a full and fair opportunity to litigate these issues over a multi-week jury trial in *Dempsey* and lost on both theories. It should not be permitted a second bite at the apple.

The City of Rochester is collaterally estopped from contesting these *Monell* issues at the upcoming trial, which is scheduled to begin on April 13, 2026. The City should be precluded from relitigating Plaintiff's *Monell* claims.

## RELEVANT BACKGROUND

### I. The Preston Claims Against the City

On February 14, 2021, Rochester Police Department ("RPD") Officer Mitchell Leach shot and killed Plaintiff's dog, Zyria, in the living room of a home at 1100 Norton Street, Rochester, New York, while standing within feet of Plaintiff while Plaintiff was holding her one-year-old daughter. (ECF 1 at ¶¶ 2, 5, 40.) Officers Leach and Alexis Ortiz had responded to the home with two Child Protective Services ("CPS") employees regarding a family court issue. (ECF 1 at ¶ 3.) When the officers arrived, Plaintiff placed Zyria in a bathroom and closed the

Case 6:22-cv-06525-CJS Document 68-1 Filed 02/19/26 Page 4 of 12

door. (ECF 1 at ¶¶ 3–4; ECF 46 at 2.) After approximately ten minutes of conversation, Zyria escaped from the bathroom and began running around the kitchen. (ECF 1 at ¶ 31; ECF 46 at 2–3.) Body-worn camera footage shows that Zyria first went towards the outside door and was sliding around on the kitchen floor as she attempted to run. (ECF 46 at 3.) Leach unholstered his gun and yelled "hey, back up." The dog ran towards Leach, and he backed into the living room and opened fire, shooting six times while standing just feet from Plaintiff and her one-year-old daughter. Three shots struck Zyria, killing her. (ECF 1 at ¶¶ 5, 40, 44; ECF 46 at 2–3.)

Plaintiff asserts claims under 42 U.S.C. § 1983 against the City of Rochester, alleging that the City maintained an unconstitutional policy, custom, or practice regarding the seizure of dogs during police encounters and that the City failed to adequately train its officers regarding dog encounters. (ECF 1 at ¶¶ 57–68.) The City filed a motion for summary judgment on September 28, 2023, before the close of discovery. (ECF 32.) In that motion, the City focused almost entirely on arguing that Leach's shooting of Zyria was objectively reasonable and that Leach was entitled to qualified immunity. (ECF 32-1 at 7–12.) On the *Monell* claim, the City's sole argument was that "because there was no underlying constitutional violation, there can be no municipal liability." (ECF 32-1 at 12.) The City made no substantive argument that the *Monell* claim should be dismissed on the merits.

The Court denied the motion on September 23, 2024, finding genuine issues of material fact that precluded summary judgment on both the reasonableness of Leach's actions and qualified immunity. (ECF 46.) On the *Monell* claim, the Court noted that the City's sole argument was derivative—because the Court found the underlying claim against Leach survived summary judgment, the City's argument that there could be no municipal liability necessarily failed. (ECF 46 at 16–17.)

The City subsequently moved to bifurcate the trial on September 12, 2025. (ECF 53.) The Court denied that motion on November 26, 2025 (ECF 63), in a decision addressing all four related RPD dog-shooting cases. Trial is scheduled to begin April 13, 2026.

## II. <u>The Dempsey Trial and Verdict</u>

In the related case of *Dempsey v. City of Rochester, et al.*, No. 6:19-cv-06780-MJP (W.D.N.Y.), Plaintiffs Charles and Leona Dempsey brought § 1983 and state-law claims arising from the October 19, 2018 shooting of their dog, Tesla, by RPD Officer Javier Algarin. Officer Algarin's body-worn camera video captures what happened: Algarin jumped the fence and entered the Dempseys' yard, and approximately two seconds later, Mr. Dempsey opened the front door and Tesla ran directly at Algarin. (Algarin Body-Worn Camera Video, ECF 76-41.) Algarin never even considered pulling out his pepper spray or baton—he simply drew his firearm and shot Tesla. (*Id.*) The case was tried to a jury over a multi-week trial before Magistrate Judge Mark Pedersen, from January 13, 2026 to January 30, 2026. On January 30, 2026, the jury returned a verdict in favor of the Dempsey plaintiffs on, *inter alia*, the following claims directly relevant to the instant motion:

- **Question 6:** Officer Algarin violated the Fourth Amendment by shooting Tesla the dog (*YES*);
- **Question 7:** The City of Rochester violated the Fourth Amendment by maintaining an unconstitutional policy, custom, or practice regarding dog seizures (*YES*);
- **Question 8:** The City of Rochester violated the Fourth Amendment by failing to properly train officers regarding dog encounters (*YES*).

The jury also answered special interrogatories with respect to the shooting of Tesla (Question 6), finding that Tesla presented as offensive or aggressive to Officer Algarin (Interrogatory 6a — YES), but that Algarin had sufficient time to use a nonlethal method of control (Interrogatory 6b — YES), had sufficient ability to use a nonlethal method of control (Interrogatory 6c — YES), and could have observed objective indications that a dog resided at the property (Interrogatory 6d — YES). (*See* Shields Decl. Ex. A; ECF No. 229.) If the *Dempsey* jury found that Officer Algarin had sufficient time and ability to use his baton or pepper spray against Tesla—a dog that ran directly at him within seconds of emerging from the house—then certainly a jury could find that Officer Leach had sufficient time and ability to use his pepper spray or baton against Zyria. The body-worn camera video of Leach inside the home

demonstrates that Zyria escaped from the bathroom, first went towards the outside door, and was sliding around in the kitchen as she attempted to run. Zyria did not run directly at Leach at first. Leach therefore had even more time than Officer Algarin in Dempsey—where Tesla had run directly at him—to pull out his pepper spray or baton instead of immediately resorting to deadly force.

**III. The Identical *Monell* Claim and Evidence in This Case**

Plaintiff's Complaint (ECF 1) alleges the identical *Monell* claim that was tried in *Dempsey*: that the City of Rochester maintained an unconstitutional policy, custom, or practice regarding the seizure of dogs during police encounters and failed to adequately train its officers regarding dog encounters. (ECF 1 at ¶¶ 57–68.) Plaintiff's Second Supplemental Initial Disclosure Statement, dated January 30, 2024 (Shields Decl. Ex. H), identifies the same *Monell* witnesses who testified at the *Dempsey* trial—including Dr. James Crosby, Lieutenant Michael Cuilla, Reno DiDomenico, Buffalo Police Department Lieutenant Peter Nigrelli, and Officer Algarin—and states that Plaintiff "will rely on all documents and testimony from" *Dempsey* and the related cases. (Shields Decl. Ex. H at 5–6, 12.)

*Monell* discovery in this case was conducted jointly with *Dempsey*. By Amended Scheduling Order dated January 25, 2023, the Court consolidated *Monell* discovery in *Dempsey*, *Preston*, and two other related RPD dog-shooting cases—*Gursslin v. City of Rochester*, No. 6:20-cv-06508 (W.D.N.Y.) and *Cox v. City of Rochester*, No. 6:22-cv-06207 (W.D.N.Y.)—setting unified deadlines for all *Monell* paper discovery, depositions, and post-deposition demands. (Shields Decl. Ex. F.) The Scheduling Order entered in this case on March 15, 2023 (ECF 12) likewise confirmed that "the parties have agreed that *Monell* discovery will be conducted on the same consolidated schedule" ordered in Dempsey and the related cases. (Shields Decl. Ex. G at ¶ 4.) The result was a single, unified *Monell* discovery record: the same depositions, the same document productions, and the same expert disclosures were produced and available in *Preston* and *Dempsey* alike.

Notably, when the City moved for summary judgment in this case, it never substantively challenged the *Monell* claim on its merits. The City's sole argument was that "because there was no underlying constitutional violation, there can be no municipal liability" (ECF 32-1 at 12)—a derivative argument that failed when the Court denied summary judgment on the underlying claim against Officer Leach. (ECF 46 at 16–17.) The City has therefore never put forward a substantive defense to the *Monell* evidence in this case, further confirming the identity of the *Monell* issues between the two cases and the absence of any case-specific defense the City could mount.

The City subsequently moved to bifurcate the *Monell* claims from the individual claims. The Court denied bifurcation on November 26, 2025, in a decision addressing all four related cases. (ECF 63.) In doing so, the Court observed that the findings of the jury in *Dempsey* may have a preclusive effect on this case and the other related cases:

> "The Court also notes that judicial economy may arguably be served by resolving factual issues regarding the City's training and policies during the first scheduled trial in *Dempsey*. The doctrine of issue preclusion "bars litigation of an issue when (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Proctor v. LeClaire*, 715 F.3d 402, 414 (2d Cir. 2013) (citation omitted). **Thus, the findings of the jury in the *Dempsey* matter could potentially have preclusive effect as to the City, which is a party to all these actions, and thus narrow the scope of subsequent trials**. *See Luo v. Baldwin Union Free Sch. Dist.*, 677 F. App'x 719, 721 (2d Cir. 2017) ("[C]ollateral estoppel applies even if the subsequent action asserts a different cause of action, or the issue recurs in the context of a different claim.") (internal quotation and citation omitted); *White v. Pro. Claims Bureau, Inc.*, 284 F. Supp. 3d 351, 359 (E.D.N.Y. 2018) ("The Supreme Court has abandoned the mutuality requirement for collateral estoppel, and has ruled that a plaintiff can use 'offensive collateral estoppel' to 'estop a defendant from relitigating the issues which the defendant previously litigated and lost against another plaintiff.'") (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329–33 (1979)); *Green v. Kadilac Mortg. Bankers*, 936 F. Supp. 108, 114 (S.D.N.Y. 1996) ("The Supreme Court has long since removed any doubt that

> the doctrine of collateral estoppel applies to actions brought under § 1983.") (citing *Allen v. McCurry*, 449 U.S. 90, 104–05 (1980))."

ECF 63 at 20 (emphasis added).

## IV. Summary of the Dempsey Trial Testimony on the *Monell* Claims

Because the *Dempsey* trial concluded 15 days ago, the full trial transcript has not yet been prepared. The Verdict Sheet and Special Interrogatories from the Dempsey trial are attached hereto as Exhibit A. Plaintiff's counsel ordered daily copy transcripts for the testimony of the individual defendants, Officers Javier Algarin and Adam Gorman. Officer Algarin's testimony spans two trial days and is attached as Exhibits B and C; Officer Gorman's testimony is attached as Exhibit D. Plaintiff's counsel also attaches as Exhibit E the Final Jury Instructions that Judge Pedersen provided to counsel, as the transcript of the jury charge has not yet been prepared. Additional transcripts will be provided to the Court as they become available.

The *Dempsey* jury heard extensive testimony over a multi-week trial on the City's training, policies, and customs regarding dog encounters. The testimony and evidence presented at trial—which is substantially the same evidence in this case—established pervasive failures in the RPD's training, policies, and practices.

**James Crosby**. James Crosby, the same expert retained in *Preston*, testified at length about the inadequacy of the RPD's training on dog encounters. Crosby testified that the RPD's training was "deficient" and "set [officers] up for failure" by failing to teach threat assessment, de-escalation, or non-lethal alternatives. He established that the RPD's sole training course—Reno DiDomenico's PowerPoint—amounted to roughly two hours of instruction that lacked any practical, hands-on component. Crosby further testified that OC spray is "effective 100% of the time" against dogs, and that Officer Algarin—who carried both OC spray and a baton—"didn't think [OC spray] was effective," demonstrating how "grossly misinformed" RPD officers were as a result of the City's training failures. He also testified that the only simulation based training was in firearms training, where officers are trained on shooting accuracy with a simulated dog running at them; but they are not trained on any shoot/don't shoot scenarios with dogs, and there

is no simulation based training on use of less lethal alternatives with dogs, like using pepper spray or a baton. Crosby testified that officers fall back on their training, and when their only simulation training involving dogs is to shoot, they will predictably shoot a dog, even when it does not pose an actual threat.

**Officers Algarin and Gorman**. Both officers' trial testimony exposed critical deficiencies in the City's training program regarding interactions with dogs. Officer Gorman testified that the only subject on which RPD officers received annual in-service training was firearms. (Shields Decl. Ex. D, p.4, ll.19–21.) He confirmed that he received no in-service training on interactions with pet dogs between his graduation from the police academy and the October 19, 2018 incident. (*Id.* at p.5, ll.2–5.) The RPD maintained a PRISM simulator—which Gorman likened to "the old Nintendo game Duck Hunt"—that presented officers with prerecorded video scenarios requiring shoot/don't shoot decisions. (*Id.* at p.5, ll.16–22; p.6, ll.11–13.) However, Gorman testified that the simulator was used exclusively for firearms and use-of-force scenarios involving people and for de-escalation of people; he had never participated in any simulator training involving interactions with dogs, never completed a shoot/don't shoot scenario involving a dog, and never trained on a simulator for searching the curtilage of a residential property. (*Id.* at p.6, ll.1–25.) Gorman further acknowledged that the PRISM system was "already older and outdated" at the time. (*Id.* at p.7, ll.5–7.) Officer Algarin, who completed his field training only three months before the incident, testified that during field training he chased suspects through residential yards on multiple occasions, jumping fences into private curtilage without first going to the homeowner's front door to request consent—and confirmed that was what RPD trained him to do. (Shields Decl. Exs. B–C, Algarin Direct, p.6, l.6–p.7, l.24.) At trial, Algarin acknowledged that he "could have went to the front door and knocked," that only approximately fifteen seconds elapsed before he shot Tesla, and that "there was no emergency." He made no attempt to use OC spray, did not attempt verbal de-escalation, and did not deploy a baton. Yet the jury specifically found, through special interrogatories, that Algarin had sufficient time to attempt nonlethal methods and sufficient ability to employ them—directly rejecting his

trial testimony that he lacked time to pull his baton or pepper spray. (Shields Decl. Ex. A, Special Interrogatories (a)–(c); *cf.* Shields Decl. Exs. B–C, Algarin Cross, p.4, ll.8–23; p.5, ll.1–4.) These admissions and the training deficiencies they revealed were before the jury in evaluating both the individual excessive-force claim and the Monell claims for unconstitutional policy and failure to train.

**Officer Horowitz**. Officer Horowitz testified that the RPD Academy provided no training on entering curtilage. He confirmed that there was no training bulletin on dog encounters, no training bulletin on backtracking, and no training bulletin on curtilage entry. Horowitz also confirmed that no Rochester Police Department policy addressed how officers should handle dog encounters in the field.

**Lieutenant Michael Cuilla**. Lieutenant Cuilla testified at deposition as the City's Rule 30(b)(6) witness, and portions of his video deposition testimony were played at trial in Plaintiffs' direct case. He was also called to testify at trial by Defendants in his capacity as the head of the RPD's Professional Development Section ("PDS"), which oversees all training for the department. Cuilla's testimony was particularly damaging to the City's defense. Cuilla admitted that the RPD had "no written policy on dog encounters." He acknowledged that the DiDomenico PowerPoint training course was a "one-shot" session with no follow-up, no refresher, and no practical component. He confirmed that the department's training records showed no evidence that any officer received additional training after the initial session.

Most significantly, Cuilla's testimony revealed a direct conflict between the City's policy and New York State law. Cuilla initially could not even remember the City's policy on when an officer could shoot a dog: he initially testified that the RPD's standard for when an officer may discharge a firearm against a dog required a threat of "serious physical injury"—a heightened legal standard drawn from New York Agriculture & Markets Law § 121. On cross-examination, however, Cuilla conceded that the RPD had actually adopted the lower "physical injury" standard from the Agriculture & Markets Law without realizing the discrepancy—and that RPD officers may shoot a dog any time they subjectively fear they dog may cause any injury, no

matter how minor. This confusion regarding the applicable legal standard underscored the inadequacy of the City's training and policies and supported the jury's finding that the City failed to train its officers on dog encounters.

**Reno DiDomenico**. DiDomenico, who developed and presented the RPD's sole dog-encounter training course, testified at deposition (ECF 98-32 in *Dempsey*). He was also called by the City and testified at trial in the *Dempsey* case. DiDomenico admitted that the training was "not based on any national policing standards" and confirmed that no other training or policies existed to guide officers on when and how to use force against dogs. His testimony corroborated Crosby's opinion that the City had no meaningful training infrastructure for dog encounters.

**DOJ COPS Training Materials**. The jury viewed the DOJ Community Oriented Policing Services training videos on dog encounters. The evidence established that these comprehensive training materials were freely available to all law enforcement agencies but that the RPD never adopted or utilized them—further demonstrating the City's deliberate indifference to the need for adequate training.

**Lieutenant Peter Nigrelli.** Lieutenant Peter Nigrelli of the Buffalo Police Department testified at deposition in support of Plaintiff's *Monell* claims and at the *Dempsey* trial. Lieutenant Nigrelli testified that after the Buffalo Police Department implemented the DOJ COPS training program in 2014, the number of dog shootings by Buffalo police officers dropped dramatically. He further testified that under Buffalo Police Department policy, if a person is present in the yard or the room where there is a dog, the officer may not shoot the dog because of the risk that a bystander could be struck by a ricochet bullet.

## ARGUMENT

### I. Legal Standard for Offensive Collateral Estoppel

The doctrine of offensive collateral estoppel, also known as non-mutual offensive issue preclusion, permits a plaintiff "to foreclose the defendant from litigating an issue that the defendant has previously litigated unsuccessfully in another action with another party." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 323 (1979).

Under federal law, offensive collateral estoppel applies when: (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and actually decided; (3) there was a full and fair opportunity for litigation in the prior proceeding; and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits. *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005) (quoting *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986)); *accord Murdock v. Ute Indian Tribe*, 975 F.2d 683, 687 (10th Cir. 1992); *Chi. Truck Drivers v. Century Motor Freight, Inc.*, 125 F.3d 526, 530 (7th Cir. 1997). In addition, the court must ensure that application of the doctrine would not be unfair to the defendant. *Parklane*, 439 U.S. at 330–32.

The doctrine is designed to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

## II. Federal Courts Have Applied Offensive Collateral Estoppel to Preclude Municipalities from Relitigating *Monell* Liability After Prior Jury Verdicts

Two federal district court decisions are directly on point and compel the same result here.

### A. *Kluppelberg v. Burge*, 276 F. Supp. 3d 773 (N.D. Ill. 2017)

In *Kluppelberg*, the plaintiff was convicted in 1989 of murder and arson and sentenced to life in prison based on evidence that Chicago Police Department detectives had withheld material exculpatory and impeachment evidence—specifically, an investigative file separate from the official case file, commonly known as a "street file," that was never disclosed to the defense. *Id.* at 775. After serving nearly 23 years, Kluppelberg was granted a Certificate of Innocence and released in 2012. *Id.* He filed a § 1983 action against the City of Chicago and individual officers, asserting *Monell* claims based on the City's official policy or practice of concealing exculpatory material contained in street files. *Id.* at 775–76.

Before *Kluppelberg* went to trial, a related § 1983 case—*Fields v. City of Chicago*, No. 10 C 1168 (N.D. Ill.)—had already been tried to a jury. *Id.* at 775. In *Fields*, the plaintiff alleged that CPD detectives from a different detective area (Area 1, as opposed to Area 3 in *Kluppelberg*) had similarly withheld a street file containing exculpatory material during his murder prosecution. *Id.* The *Fields* jury was instructed that, to find the City liable under *Monell*, it had to find by a preponderance of the evidence that "it was the policy of the City of Chicago to conceal material exculpatory and/or impeachment evidence." *Id.* at 777. The jury returned a verdict against the City on the *Monell* claim. *Id.* at 775.

Kluppelberg moved to apply collateral estoppel to bar the City from relitigating whether it had such a policy or practice. *Id.* at 775–76. The court granted the motion, conducting a detailed analysis of each element.

*Identity of issues.* The court found the issues were identical even though the two cases involved different detective areas (Area 1 in *Fields*, Area 3 in *Kluppelberg*) and partially different time frames. *Id.* at 777 n.6. The court relied on the testimony of the City's own Rule 30(b)(6) witness—the same witness designated in both cases—who had conducted an audit of investigative files across CPD detective areas and determined that "file production problems were present citywide." *Id.* The court also noted that there was "no suggestion in this case or in *Fields* that the City's policies or practices were different" across the relevant time periods. *Id.* The court concluded that the similarity between the policy or practice issue in *Fields* and the one raised in *Kluppelberg* was "sufficient for purposes of collateral estoppel when applying a general verdict." *Id.*

*Essential to the judgment.* The City argued that it was impossible to determine from a general jury verdict what specific policy the jury had found, because Fields presented multiple

types of withheld evidence at trial. *Id.* at 776–77. The court rejected this argument, holding that although Fields presented up to ten types of withheld evidence for his *individual* due process claims, the only evidence he presented on the *Monell* claim—and the only policy he argued to the jury on that claim—related to street files. *Id.* at 777. The court pointed to Fields's closing argument, in which counsel stated: "The last claim in the case I want to talk about is the city's policy claim. This is the street file claim." *Id.* The court concluded: "As such, while Fields may have proven additional constitutional violations by the individual defendants with other exculpatory evidence, for his *Monell* claim he must have proven that the City had a policy or practice concerning street files, because that is the only evidence he presented for it." *Id.* at 778.

*Full and fair opportunity and fairness.* The City did not argue that *Fields* lacked sufficiently high stakes or that it had additional procedural opportunities unavailable in *Fields*. *Id.* at 778. The City argued that collateral estoppel was unfair because of allegedly inconsistent prior rulings. *Id.* The court rejected this argument, noting that the one prior jury verdict the City cited—an earlier verdict in *Fields* itself that found no *Monell* liability—had been vacated because the trial court found it had "rendered it impossible for Fields to attempt to show that the Chicago Police Department's practice of file maintenance and disclosure affected anyone other than him." *Id.* at 778. The vacated verdict was therefore "essentially moot" for purposes of the *Parklane* inconsistency analysis. *Id.*

The court also rejected the City's argument that collateral estoppel would prejudice the individual defendants, noting that the plaintiff would still have to prove the individual defendants' knowledge and causation, and that the defendants could propose a limiting jury instruction. *Id.* at 778–79.

**B. *Cousik v. City & County of Denver*, No. 22-cv-01213-NYW-KAS, 2024 WL 4929272 (D. Colo. Dec. 2, 2024)**

In *Cousik*, thirteen plaintiffs brought § 1983 claims against the City and County of Denver based on alleged violations of their First and Fourth Amendment rights during the 2020 George Floyd protests. *Id.* at *1. Among other theories, the plaintiffs sought to hold Denver liable under *Monell* for failing to adequately train its officers on crowd management and the use of less-lethal weapons. *Id.* The court had initially granted summary judgment to Denver on the failure-to-train theory, concluding that the plaintiffs had not met their burden to demonstrate deliberate indifference. *Id.*

Before the *Cousik* case went to trial, however, a related case—*Epps v. City and County of Denver*, No. 20-cv-01878-RBJ (D. Colo.)—was tried over a 15-day jury trial. *Id.* The *Epps* jury was instructed that, to recover on a failure-to-train theory, each plaintiff had to prove: (1) an officer deprived the plaintiff of a constitutional right; (2) Denver had insufficient training or supervision relating to the alleged violations, with the plaintiffs required to "identify specific deficiencies in Denver's training or supervision"; (3) the deficient training caused the constitutional deprivation; and (4) Denver adopted its policy of deficient training with deliberate indifference. *Id.* at *4. The *Epps* jury returned a verdict against Denver on the failure-to-train theory for each plaintiff. *Id.* at *1.

Twenty-two days after the *Epps* amended final judgment was entered, the *Cousik* plaintiffs moved to preclude Denver from relitigating the failure-to-train issue. *Id.* at *1–2. The court granted the motion, treating it as a motion for reconsideration based on new evidence (the *Epps* verdict), and conducting a thorough analysis of each collateral estoppel element plus the *Parklane* fairness factors.

Although the *Epps* verdict form did not ask the jury to make specific findings about any particular failure-to-train theory, the court concluded the issue was identical. *Id.* at *4–5. The court analyzed the *Epps* plaintiffs' closing arguments—which focused specifically on failures to train on crowd management and use of less-lethal weapons—and noted that Denver "does not identify any other alternative basis upon which the jury could have reached its conclusion." *Id.* at *5. The court also found that "much of this evidence overlaps with evidence cited by Plaintiffs at summary judgment in this case." *Id.*

The court held that the *Epps* jury verdict constituted a final adjudication on the merits, citing *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 979 (10th Cir. 1995), and noting that Denver's pending appeal of *Epps* did not affect its finality for issue preclusion purposes. *Id.* at *5. The court further found that the jury's determination of the failure-to-train issue was "necessary to the jury's verdict" because the jury "explicitly found in each plaintiff's favor on their failure-to-train theory" and was instructed that it had to find both inadequate training and deliberate indifference. *Id.*

The court noted that Denver "participated in the 15-day *Epps* trial and defended itself against the *Epps* plaintiffs' constitutional claims, including their failure-to-train theory," including through cross-examination of the plaintiffs' expert and presentation of closing arguments. *Id.* at *5–6. There was "no indication that Denver lacked a fair or full opportunity to defend itself." *Id.*

The court conducted a thorough *Parklane* analysis, finding: (1) Denver had an obvious incentive to defend vigorously in *Epps*; (2) Denver had not identified any inconsistent final judgments in its favor; and (3) the *Cousik* case presented no different procedural opportunities unavailable in *Epps*. *Id.* at *6. Notably, the court addressed Denver's argument that the court's

own prior summary judgment ruling against the *Cousik* plaintiffs on the same issue was an inconsistent judgment. *Id.* The court rejected this argument, explaining that its earlier ruling was based on the plaintiffs' presentation of their case at summary judgment, "not necessarily a lack of supportive evidence," and that the order was interlocutory, not final, and subject to revision at any time under Fed. R. Civ. P. 54(b). *Id.*

The court concluded: "Generally speaking, it is not unfair to deny a litigant a second bite at the apple, and preclusion conserves resources and provides consistency in judicial decisions." *Id.* (quoting *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009)).

The court specified the precise scope of its ruling: the *Cousik* plaintiffs would not be required to prove at trial "(a) a failure to train with respect to crowd management or the use of less-lethal weapons or (b) that Denver was deliberately indifferent to this lack of training." *Id.* at *7. They would still be required to prove individual causation—that each plaintiff's constitutional rights were violated and that Denver's conduct caused the violation. *Id.*

## III. <u>All Four Elements of Collateral Estoppel Are Satisfied</u>

As the foregoing discussion of *Kluppelberg* and *Cousik* demonstrates, federal courts have applied offensive collateral estoppel to preclude municipalities from relitigating *Monell* liability issues that a jury decided against them in prior proceedings. The instant case presents a stronger basis for collateral estoppel than either of those cases. Each of the four required elements is satisfied, and the *Parklane* fairness factors uniformly favor preclusion.

### A. <u>The Issues Are Identical</u>

The *Monell* claims in this case—that the City of Rochester maintained an unconstitutional policy, custom, or practice regarding dog seizures and failed to properly train its officers regarding dog encounters—are the same claims that were tried to a jury and decided in *Dempsey*. The identity of issues here is tighter than in either *Kluppelberg* or *Cousik*.

In *Kluppelberg*, the court applied collateral estoppel even though the two cases involved different detective areas (Area 1 in *Fields*, Area 3 in *Kluppelberg*) and partially different time frames. 276 F. Supp. 3d at 777 n.6. The court relied on the City's own Rule 30(b)(6) witness—the same witness designated in both cases—who had conducted an audit of investigative files across CPD detective areas and determined that "file production problems were present citywide." *Id.* The court found the similarity sufficient "for purposes of collateral estoppel when applying a general verdict." *Id.*

In *Cousik*, the court applied collateral estoppel despite a general verdict form that did not specify which failure-to-train theory the jury adopted. 2024 WL 4929272, at *4–5. The court relied on the *Epps* plaintiffs' closing arguments—which focused on failures to train on crowd management and use of less-lethal weapons—and noted that Denver "does not identify any other alternative basis upon which the jury could have reached its conclusion." *Id.* at *5. The court also found that "much of this evidence overlaps with evidence cited by Plaintiffs at summary judgment in this case." *Id.*

Here, no such inferences are necessary. The *Dempsey* verdict sheet asked the jury two discrete questions corresponding to the two *Monell* theories—unconstitutional policy/custom/practice regarding dog seizures (Question 7) and failure to train regarding dog encounters (Question 8)—and the jury answered "Yes" to both. (Shields Decl. Ex. A.) Unlike *Kluppelberg*, where the court had to analyze closing arguments to determine the basis for a general verdict, 276 F. Supp. 3d at 777, and unlike *Cousik*, where the court had to infer the specific failure-to-train theory from the evidentiary record, 2024 WL 4929272, at *4–5, the *Dempsey* verdict form provides specific, unambiguous findings on each *Monell* theory.

The *Dempsey* jury instructions further confirm the identity of issues. The trial court's charge defined with precision the legal questions submitted for decision—and those questions are the same *Monell* issues presented in this case. On the policy/custom/practice theory, the jury was instructed to determine whether "the Rochester Police Department maintained a policy, custom, or practice permitting officers to use lethal force against household dogs during police

encounters, without first attempting non-lethal alternatives, and without any objectively reasonable basis for concluding that the dog posed an imminent threat of serious bodily harm." (Shields Decl. Ex. E at 49.) On the failure-to-train theory, the jury was instructed to determine whether the City's "failure to train Rochester Police Department officers on dog encounters amounted to deliberate indifference to constitutional rights"—including whether there was "a pattern of similar constitutional violations (i.e., unreasonable shootings of dogs) by Rochester Police Department officers" or whether "[t]he need for training on dog encounters was so obvious . . . that the City's failure to provide such training can fairly be said to represent deliberate indifference." (*Id.* at 51–52.) These are the identical *Monell* theories alleged in this case. In *Kluppelberg* and *Cousik*, the courts found the identity-of-issues requirement satisfied based on less direct evidence—closing arguments and evidentiary record inferences, respectively. *See* 276 F. Supp. 3d at 777; 2024 WL 4929272, at *4–5. Here, the trial court's formal jury charge goes further: it establishes definitively that the legal issues submitted to—and decided by—the *Dempsey* jury are the same *Monell* issues raised in *Preston*.

Moreover, the evidence supporting the *Monell* claims in *Preston* is not merely similar to or overlapping with the *Dempsey* evidence—it is the same evidence. The same expert (Crosby), the same depositions (Cuilla [the City's Rule 30(b)(6) witness], DiDomenico [the City's trainer on dog encounters]), the same training materials (DiDomenico PowerPoint, DOJ COPS videos), and the same Firearm Discharge Reports were submitted in both cases. *See supra* Section C (The Identical Monell Claim and Evidence in This Case). Indeed, the Court consolidated *Monell* discovery across all four cases by order, resulting in a unified evidentiary record. (Shields Decl. Exs. F, G.) This is an even stronger showing than*Kluppelberg*, where the court applied estoppel across different police areas and different time frames, 276 F. Supp. 3d at 777 n.6, and stronger than *Cousik*, where the court found it sufficient that "much of this evidence overlaps." 2024 WL 4929272, at *5. Here, the evidence does not merely overlap—it is the same evidence.

### B. <u>The Issues Were Actually Litigated and Essential to the Judgment</u>

The *Dempsey Monell* claims were tried over a multi-week jury trial, at which both sides presented evidence, examined and cross-examined witnesses, and argued the issues to the jury. The jury rendered a unanimous verdict finding the City liable on both *Monell* theories. A jury verdict constitutes a final adjudication on the merits for collateral estoppel purposes. *See Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 979 (10th Cir. 1995) ("The prior action was tried and judgment was entered after a jury verdict, therefore, it was fully adjudicated on the merits."); *Kluppelberg*, 276 F. Supp. 3d at 776 (same).

The jury's determinations on both *Monell* theories were essential to the judgment. The Verdict Sheet (Shields Decl. Ex. A) required the jury to make specific findings on the unconstitutional policy claim (Question 7) and the failure-to-train claim (Question 8). These were not incidental findings—they were necessary components of the jury's verdict against the City. *See Cousik*, 2024 WL 4929272, at *5 (the jury "explicitly found in each plaintiff's favor on their failure-to-train theory," and these "factual determinations were necessary to the jury's verdict"). In *Cousik*, the court found that the *Epps* jury instructions required findings of both inadequate training and deliberate indifference, and that the jury's verdict necessarily established both. *Id.* The same analysis applies here: the *Dempsey* jury was instructed on the specific elements required for each *Monell* theory, including the requirement to find deliberate indifference on the failure-to-train claim, and the jury's "Yes" answers necessarily establish each element.

Critically, the *Dempsey* jury also answered special interrogatories with respect to the underlying constitutional violation (Question 6), finding that Tesla presented as offensive or aggressive to Officer Algarin (Interrogatory 6a—*YES*), but that Algarin had sufficient time to use a nonlethal method of control (Interrogatory 6b—*YES*), had sufficient ability to use a nonlethal method of control (Interrogatory 6c—*YES*), and could have observed objective indications that a dog resided at the property (Interrogatory 6d—*YES*). (Shields Decl. Ex. A.) These specific factual findings provide even greater detail about the basis for the jury's verdict than was available in either *Kluppelberg*, where the court worked from a general verdict, 276 F. Supp. 3d

at 776–77, or *Cousik*, where the verdict form lacked issue-specific findings, 2024 WL 4929272, at *4–5.

A jury verdict retains preclusive effect even while the case is on appeal or before final judgment is entered. *See Frandsen*, 46 F.3d at 979; *Cousik*, 2024 WL 4929272, at *5 (citing 18A Wright & Miller, Federal Practice & Procedure § 4433 (3d ed.) ("[T]he preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided.")).

### C. <u>The City Had a Full and Fair Opportunity to Litigate</u>

The City of Rochester—the very same municipal defendant in both cases—had a full and fair opportunity to litigate these issues in *Dempsey*. The City was represented by counsel throughout the multi-week trial, cross-examined witnesses, presented its own defense witnesses (including calling Reno DiDomenico, the RPD's dog-encounter trainer), and argued its position before the jury. There were no procedural limitations on the City's ability to litigate the *Monell* issues.

This showing is at least as strong as those in *Kluppelberg* and *Cousik*. In *Kluppelberg*, the court found the same-party and full-and-fair-opportunity requirements satisfied where the City of Chicago fully litigated the *Fields* trial. 276 F. Supp. 3d at 776. In *Cousik*, the court found a full and fair opportunity where Denver "participated in the 15-day *Epps* trial and defended itself against the *Epps* plaintiffs' constitutional claims, including their failure-to-train theory," including through cross-examination of the plaintiffs' expert and presentation of closing arguments. 2024 WL 4929272, at *5–6. The court found there was "no indication that Denver lacked a fair or full opportunity to defend itself." *Id.* The same is true here.

## IV. <u>Application of Estoppel Is Not Unfair</u>

Finally, there is no unfairness in applying preclusion here. Under the *Parklane* factors, the court considers whether: (1) the plaintiff could easily have joined the prior action; (2) the defendant had an incentive to defend vigorously; (3) there are inconsistent prior judgments; and

(4) the defendant had different procedural opportunities in the subsequent action. *Parklane*, 439 U.S. at 330–32. Each factor favors preclusion, and the case law confirms that preclusion is appropriate in analogous circumstances.

*First*, Plaintiff could not have joined the *Dempsey* action, as the cases involve different incidents, different plaintiffs, and different individual officer defendants. The *Preston* shooting (February 14, 2021, Officer Leach) and the *Dempsey* shooting (October 19, 2018, Officer Algarin) are distinct events that happened to expose the same systemic municipal failures.

*Second*, the City had every incentive to defend vigorously in *Dempsey*, as it faced significant liability on both the individual and *Monell* claims in a multi-week jury trial. Neither *Kluppelberg* nor *Cousik* found any lack of incentive under analogous circumstances. *See Kluppelberg*, 276 F. Supp. 3d at 778 (City did not argue *Fields* lacked sufficiently high stakes); *Cousik*, 2024 WL 4929272, at *6 ("Defendant had an obvious incentive to defend itself in the *Epps* trial and did so.").

*Third*, there are no inconsistent prior judgments in the City's favor on these *Monell* issues. This distinguishes the instant case from both *Kluppelberg* and *Cousik*, where the defendants pointed to potentially inconsistent prior rulings. In *Kluppelberg*, the City of Chicago cited a prior jury verdict in *Fields* itself that had found no *Monell* liability—but the court rejected this argument because the prior verdict had been vacated after the trial court determined its own rulings had "rendered it impossible for Fields to attempt to show that the Chicago Police Department's practice of file maintenance and disclosure affected anyone other than him." 276 F. Supp. 3d at 778. In *Cousik*, Denver argued that the court's own summary judgment ruling against the plaintiffs on the same failure-to-train issue was an inconsistent judgment. 2024 WL 4929272, at *6. The court rejected this argument, explaining that its earlier ruling "was largely based on Plaintiffs' presentation of their case at summary judgment, not necessarily a lack of supportive evidence," and that the order was interlocutory, not final. *Id.* Here, the City's motion for summary judgment in *Preston* remains pending; there is no prior adverse ruling to create even the appearance of inconsistency.

*Fourth*, this case presents no different procedural opportunities that were unavailable to the City in *Dempsey*. Both cases were litigated in the Western District of New York under the same Federal Rules of Civil Procedure, and the City had access to the same discovery tools, the same evidentiary rules, and the same ability to present its defense.

In sum, if the *Kluppelberg* court could apply collateral estoppel across different police detective areas and time frames, 276 F. Supp. 3d at 777 n.6, and the *Cousik* court could apply it despite a general verdict form and its own contrary summary judgment ruling, 2024 WL 4929272, at *4–6, this Court should have no difficulty applying it where the same municipal defendant lost on the identical *Monell* issues, tried on substantially the same evidence, in a case arising from the same city, the same police department, and the same time period, with a verdict form containing specific findings on each theory. As the *Cousik* court recognized, "a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." 2024 WL 4929272, at *4 (quoting *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107 (1991)). "Generally speaking, it is not unfair to deny a litigant a second bite at the apple, and preclusion conserves resources and provides consistency in judicial decisions." *Id.* at *6 (quoting *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009)).

## V. <u>Practical Effect of Granting This Motion</u>

As the *Cousik* court specified in granting the same relief, the practical effect of applying collateral estoppel is precisely delineated. 2024 WL 4929272, at *7. If this Court grants Plaintiff's motion, the City would be precluded from relitigating (a) whether it maintained an unconstitutional policy, custom, or practice regarding the seizure of dogs during police encounters; and (b) whether it failed to adequately train its officers regarding dog encounters, including whether the City was deliberately indifferent to the need for such training. Plaintiff would still be required to prove (c) that Officer Leach's shooting of Zyria violated the Fourth Amendment; and (d) that the City's unconstitutional policy or failure to train was the moving force behind Officer Leach's unconstitutional conduct. *See id.* ("Plaintiffs will still be required to

prove (c) that each individual Plaintiff's constitutional rights were violated by Denver officers; and (d) Denver's conduct caused the violation of each individual Plaintiff's constitutional rights.").

This is the same framework the *Kluppelberg* court applied: collateral estoppel on the *Monell* policy finding, while the plaintiff remained obligated to prove individual causation and the specific defendants' knowledge and conduct. 276 F. Supp. 3d at 778–79.

## VI. **<u>Trial Presentation of the Precluded Issues</u>**

If the Court grants this motion, the *Dempsey* jury's findings on *Monell* liability become established facts for purposes of the *Preston* trial. Plaintiff respectfully requests that the Court inform the jury of those findings during jury selection and permit Plaintiff's counsel to discuss them in opening statement.

During *voir dire*, the Court should instruct prospective jurors that a prior jury in this District has already determined that: (1) the City of Rochester maintained an unconstitutional policy, custom, or practice regarding the seizure of dogs during police encounters; and (2) the City failed to adequately train its officers regarding dog encounters, and was deliberately indifferent to the need for such training. This instruction is necessary at the jury selection stage so that prospective jurors understand the nature of the case they will be asked to decide and can be meaningfully examined on any potential biases relating to the preclusion framework—including whether they can accept and apply a prior jury's findings as established facts.

Plaintiff's counsel should then be permitted to explain in opening statement that because these *Monell* issues have already been decided, the remaining questions for the jury are: (a) whether Officer Leach's shooting of Zyria violated the Fourth Amendment; and (b) if so, whether the City's unconstitutional policy or failure to train was the "moving force" behind Officer

Leach's constitutional violation. If the jury answers both questions in the affirmative, the City is liable.

This approach is consistent with the framework contemplated in *Kluppelberg*, where the court specifically noted that the defendants could "propose a limiting jury instruction" to address any potential prejudice from the prior jury's findings—necessarily presupposing that the jury would be informed of those findings. 276 F. Supp. 3d at 778–79. The *Kluppelberg* court rejected the argument that informing the jury of the prior verdict would unduly prejudice the individual defendants, reasoning that the plaintiff "will still be required to prove by a preponderance of the evidence that [the individual defendants] knew about the [unconstitutional practice] and participated in it" and that any concern could be addressed through an appropriate instruction. *Id.* at 779. In *Cousik*, the court likewise structured its ruling to delineate precisely which issues the jury would and would not need to decide, further confirming that the practical consequence of a collateral estoppel ruling is that the jury is informed of the established facts and instructed accordingly. 2024 WL 4929272, at *7.

Informing the jury of the precluded findings is not merely permissible—it is necessary for the jury to perform its function. Without knowing that the City's unconstitutional policy and training failures have been established, the jury would have no framework for evaluating the causation element—*i.e.*, whether the City's policy or failure to train was the moving force behind Officer Leach's conduct. The jury cannot assess moving-force causation in a vacuum; it must understand what the "force" is before it can determine whether that force "moved" the officer's actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (plaintiff must demonstrate a "direct causal link" between the municipal policy and the constitutional deprivation).

Plaintiff anticipates submitting a proposed jury instruction and verdict form reflecting this framework in advance of trial.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this motion and preclude Defendant City of Rochester from relitigating whether it maintained an unconstitutional policy, custom, or practice regarding the seizure of dogs during police encounters and whether it failed to adequately train its officers regarding dog encounters. The *Dempsey* jury's unanimous verdict on both *Monell* theories—reached after a multi-week trial at which the City had a full and fair opportunity to litigate these issues, and based on substantially the same evidence presented in this case—satisfies every element of offensive collateral estoppel. Federal courts have granted the identical relief under less compelling circumstances. *See Cousik v. City & County of Denver*, 2024 WL 4929272 (D. Colo. Dec. 2, 2024); *Kluppelberg v. Burge*, 276 F. Supp. 3d 773 (N.D. Ill. 2017). The City of Rochester is collaterally estopped from contesting these *Monell* issues at the upcoming trial, which is scheduled to begin on April 13, 2026. The City should be precluded from relitigating Plaintiff's *Monell* claims should be denied.

Respectfully Submitted,

Dated: February 19, 2026
New York, New York

Roth & Roth, LLP

~//s//~
Elliot Dolby Shields

# Exhibit 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALEXANDRIA BARNES,

Plaintiff,

SCHEDULING ORDER
22-CV6524 EAW-MJP

vs.

CITY OF ROCHESTER, et al.,

Defendants.

---

VICTORIA PRESTON,

Plaintiff,

SCHEDULING ORDER
22-CV6525 EAW-MJP

vs.

CITY OF ROCHESTER, et al.,

Defendants.

---

Pursuant to the order of the Hon. Elizabeth A. Wolford referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16, and a conference having been held on March 15, 2023, with counsel relative to the matter, it is

ORDERED that:

1. This case has been referred automatically to the Court's Alternative Dispute Resolution ("ADR") program. The ADR Plan and related forms and

information are available at www.nywd.uscourts.gov and the Court Clerk's Office.

a. No later than **October 19, 2023**, the parties shall confer and select a mediator, confirm the mediator's availability, ensure that the mediator does not have a conflict with any of the parties in the case, identify a date and time for the initial mediation session, and file a stipulation confirming their selection on the form provided by the Court. If the parties fail to so stipulate, the Court shall appoint an ADR neutral.

b. Any motions to opt out of the ADR process shall be filed by **November 2, 2023**.

c. The initial mediation session shall be held no later than **November 15, 2023**.

d. The referral to mediation shall terminate on **January 30, 2024**. In the event that settlement is not reached, the case will progress toward trial, as scheduled below.

e. The referral of this case to mediation will not delay or defer other dates contained in this Scheduling Order and has no effect on the progress of the case toward trial.

2. All mandatory disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure, as well as any objections to the mandatory disclosure requirements, shall be completed on or before **March 23, 2023**.

3. All motions to join other parties and to amend the pleadings shall be filed on or before **May 23, 2023**.

4. All factual discovery in this case shall be completed on or before **January 30, 2024**. All motions to compel discovery shall be filed by **December 28, 2023**. The parties have agreed that *Monell* discovery will be conducted on the same consolidated schedule ordered by the Court in *Dempsey , et al., v. City of Rochester, a municipal entity, et al.,* 19-CV-6780*;* *Gursslin v. City of Rochester, a municipal entity, et al.,* 20-CV-6508*;* *Anniskziewicz v. City of Rochester, a municipal entity, et al.,* 20-CV-6629*;* and *Cox v. City of Rochester, a municipal entity, et al.,* 20-CV-6207.

5. Plaintiffs shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **March 29, 2024**. Defendants shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by **June 5, 2024**. All parties shall complete all discovery relating to experts, including depositions, by **July 5, 2024**.

6. Dispositive motions, if any, shall be filed no later than **August 28, 2024**. Unless a consent to proceed before this Court is filed, such motions shall be made returnable before Judge Wolford.

7. A trial date status conference pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge after determination of dispositive motions. If no

dispositive motions are filed, counsel shall immediately contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

a. Nature of the Case: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

b. Motion Practice: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

c. Settlement: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

d. Trial: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

8. Requests to extend the above cut-off dates may be granted upon written application, made prior to the cutoff date, and showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

9. The Court requires that should any discovery dispute arise between the parties that a letter be sent to the Court detailing the dispute prior to any motion practice.

SO ORDERED.

DATED: March 15, 2023
Rochester, New York

MARK W. PEDERSEN
United States Magistrate Judge